UNITED STATES DISTRICT COURT
DISTRTCT OF COLUMBIA

| | | |
|---|---|---|
| **Gilberto Rodriguez CHAVERRA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | Civ. A. No. 18-0289 (JEB) |
| v. | ) | |
| | ) | |
| | ) | |
| **U.S. IMMIGRATION AND CUSTOMS** | ) | |
| **ENFORCEMENT, et al.** | ) | |

**PARTIAL MOTION TO DISMISS**

Defendants, through undersigned counsel, hereby move, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), to partially dismiss the Complaint in this action. In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is attached hereto.

Respectfully Submitted,

JESSIE K. LIU
D.C. BAR # 472845
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By:   /s/ _____
BENTON G. PETERSON, BAR #

1029849Assistant United States AttorneyU.S. Attorney's Office 555 4th Street, N.W. - Civil DivisionWashington, D.C. 20530 (202) 252-2534

UNITED STATES DISTRICT COURT
DISTRTCT OF COLUMBIA

| | |
|---|---|
| **Gilberto Rodriguez CHAVERRA,**  ) | |
| ) | |
| ) | |
| ) | Civ. A. No. 18-0289 (JEB) |
| v.                                    ) | |
| ) | |
| ) | |
| **U.S. IMMIGRATION AND CUSTOMS**   ) | |
| **ENFORCEMENT, et al.**               ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PARTIAL MOTION TO DISMISS**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended. Defendants move to dismiss Plaintiff's claims against the individual Defendant, Dr. Smith, and non FOIA claims concerning Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d to 1320d-8, the Administrative Procedures Act ("APA") and for a writ of mandamus as there are no factual or legal predicates to support these claims in the current FOIA matter.

**FACTUAL BACKGROUND**

On June l, 2017, Plaintiff, through counsel, sent a FOIA request to Defendant ("ICE") seeking "all records, including medical pertaining to" Mr. Jimenez. ECF No. 1, Complaint at    ¶ 35. On June 14, 2017, ICE acknowledged Plaintiff's FOIA request and assigned it Case

Case 1:18-cv-00289-JEB Document 9 Filed 06/04/18 Page 4 of 12

Number 2017-ICFO-32679. *Id.* at ¶ 36. On June 16, 2017, ICE provided an another acknowledgment of the June 1st FOIA request after receiving notice of Mr. Jimenez's death. *Id.* at ¶ 38. On September 11, 2017, ICE

provided Plaintiff, through his counsel, a final response to his FOIA request. *Id.* at ¶ 39. ICE determined that all responsive records would be withheld under Exemption 7(A). *Id.* at ¶ 40. ICE reserved the right to assert withholdings under 5 U.S.C. § 552(b)(5), (6), (7)(D), and (7)(F). *Id.* at ¶ 41. On September 25, 2017, Plaintiff, through counsel appealed ICE's categorical withholdingof agency records. *Id.* at ¶ 42.

On October 23, 2017, ICE denied Plaintiffs appeal and upheld the withholding of all agency records under Exemption 7(A). ICE reserved the right to apply additional withholdings after the alleged on-going investigation that warranted withholding concludes. *Id*. at ¶ 45.

On October 3, 2017, Plaintiff, through counsel, sent ICE a FOIA request seeking four categories of agency records:

> (1) Contracts and agreements governing medical and detention operations at SDC (Stewart Detention Center) since
> January 1, 2017;
> (2) Inspection records for SDC since January 1, 2015;
> (3) Significant Incident Reports and Significant Event Notifications at SDC since January 1, 2017; and
> (4) ICE Health Services Corps policy and practice materials governing the performance of IHSC's medical duties at SDC.

On October 6, 2017, ICE engaged Plaintiff and requested clarification concerning portions of the October 3, 2017, FOIA request. "After clarification, ICE acknowledged receipt of the FOIA request and then began processing the request.". *See id*. at ¶ 52. On October 16, 2017, Plaintiff, through counsel, sent a FOIA request to the Department of Homeland Security (DHS), Office of Inspector General (OIG) for "all DHS-OIG records of investigations, referrals, or contemplated

2

investigations involving (1) any incident or allegation at the [ICE] [SDC] occurring on or after January 1, 2015; (2) Any suicide attempt at the [SDC] since January 1, 2010; and (3) any allegation or incident involving CCA/CoreCivic or its personnel since January 1 2010." *Id*. at ¶ 60. On November 2, 2017, DHS-OIG acknowledged receipt of Plaintiff's FOIA request and assigned it tracking number 2018-IGFO-00007. *Id*. at ¶ 61.

On or about September 22, 2017, Plaintiff, through counsel, attempted to request Mr. Jimenez's medical records from the ICE Health Service Corps official (Defendant Stewart D. Smith, sued in his official capacity) in charge of Stewart Detention Center. Plaintiff, through counsel, was advised, that FOIA was the appropriate vehicle to request these records. *Id*. at ¶ 71.

## STANDARDS OF REVIEW

**A. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(1) gives the plaintiff the burden of establishing that the Court has jurisdiction to review his claims. See Fed. R. Civ. P. 12(b)(1); *Public Warehousing Co. KSC v. Def. Supply Ctr. Phila.*, 489 F. Supp. 2d 30, 35 (D.D.C. 2007). The plaintiff bears the burden of persuasion, and must establish jurisdiction "by a preponderance of the evidence." *Thompson v. Capitol Police Bd*., 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted); *see also Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 Fed. Appx. 4 (D.C. Cir. 2002).

To determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. *See Herbert v. Nat'l Acad. of Scis*, 974 F.2d 192, 197 (D.C. Cir. 1992). Although a court must accept as true all the factual allegations contained in the complaint

when reviewing a motion to dismiss for lack of jurisdiction, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'n. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "At issue in a factual 12(b)(1) motion is the trial court's jurisdiction - - its very power to hear the case." *Mortensen v. First Fed. Sav. & Loan Assn*, 549 F.2d 884, 891 (3rd Cir. 1977).

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote omitted)(citations omitted).

In evaluating the sufficiency of the complaint, the Court considers only "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint, and matters of which [the Court] may take judicial notice." *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## ARGUMENT

I. **Plaintiff's HIPAA Claim Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.**

Plaintiff claims that ICE violated the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d to 1320d-8. (Compl. ¶¶ 31, 33, 106). Congress enacted HIPAA, in part, to address concerns regarding the confidentiality of "individually identifiable health

4

information."[1] *See Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 155 (D.D.C. 2004). HIPAA authorizes the Secretary of the Department of Health and Human Services (HHS) to impose civil and criminal penalties for improper disclosures of individually identifiable health information. *See id*. Plaintiff's purported HIPAA claim should be dismissed because HIPAA does not provide a private right of action.

Every court to consider the issue has held that HIPAA does not provide a private right of action. *See Adams v. Eureka Fire Prot. Dist.,* No. 09-1315, 2009 WL 3352032, at *1 (8th Cir. Oct. 20, 2009) ("Courts have repeatedly held that HIPAA does not create a private right in implied-right-of-action cases."); *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) ("Every district court that has considered this issue is in agreement that the statute does not support a private right of action.") (collecting cases); *Runkle v. Gonzales*, 391 F. Supp. 2d 210, 237-38 (D.D.C. 2005) (dismissing HIPAA claim involving disclosure of federal employee's medical diagnoses by employer because HIPAA provides no private right of action); *Johnson v. Quander*, 370 F. Supp. 2d 79, 100 (D.D.C. 2005) (dismissing HIPAA claim involving disclosure of DNA information because no private right of action exists under HIPAA); *Logan*, 357 F. Supp. 2d at 155 (dismissing HIPAA claim involving testimony regarding federal employee's mental health because HIPAA provides no private right of action). Indeed, HIPAA contains no express language conferring privacy rights upon individuals and fails to identify a class of persons as intended beneficiaries of its protections. *See Acara*, 470 F.3d at 571. Rather, HIPAA focuses on regulating persons that have access to an individual's medical information and who conduct certain health care transactions, including health plans and healthcare providers. *See id*. Moreover, HIPAA expressly provides

---

[1] "Individually identifiable health information" means information "created or received by a health care provider, health plan, employer, or health care clearinghouse; and ... [r]elates to the past, present, or future physical or mental health or condition of an individual ... and ... identifies the individual...." 45 C.F.R. § 160.103.

5

thepenalties for any improper disclosure of health information, *see* 42 U.S.C. §§ 1320d-5, d-6, andlimits enforcement of HIPAA to the Secretary of HHS. *See Acara*, 470 F.3d at 571. Thisspecific delegation of enforcement to the Secretary of HHS indicates Congress intended topreclude the private enforcement of HIPAA. *See id.*; *see also Logan*, 357 F. Supp. 2d at 155 ("[T]he law specifically indicates that the Secretary of HHS shall pursue the action against analleged offender, not a private individual."). Thus, Plaintiff's purported HIPAA claim should be dismissed with prejudice because HIPAA provides no private right of action.

Further, "Covered entities" include health plans, health care providers that electronically transmit health information, and health care clearinghouses who conduct certain transactions electronically (typically associated with billing), along with their contracted "business associates." For practical purposes, this means that most healthcare practitioners—whether in a hospital, clinic, or office setting—will be subject to the strictures of the Privacy Rule. However, there are many entities that may have health information but are not subject to the HIPAA Privacy Rule, including employers, law enforcement agencies such as ICE, state agencies like child protective services, and most schools and school districts. ICE provides direct health care to aliens in its custody (detainees); ICE does not bill the alien or a health insurance plan or policy for that care. ICE pays directly for outside medical care for detainees; ICE does not do so through a health insurance plan or policy. Therefore, an alleged infringement of Plaintiff's HIPAA rights is frivolous as he has identified no "covered entity" responsible for protecting the privacy of medical records. *See* 45 CFR Part 160 and 162.

**II. Plaintiff is not Entitled to Relief under the Mandamus Act or the Administrative Procedure Act.**

Plaintiff also seeks mandamus relief under FOIA, "to release Mr. Jimenez's medical records to Plaintiff, or, in the alternative, to comply with the Privacy Rule's requirements for written denials." Prayer for Relief, ¶ 7. Plaintiff is not entitled to mandamus relief because he has an adequate remedy under FOIA. *See, e.g., In re DRC, Inc.*, No. 09-5083, 2009 WL 5125602 (D.C. Cir. Dec. 8, 2009); *Strunk v. U.S. Dep't of State*, 693 F. Supp. 2d 112 (D.D.C. 2010) ("The exclusive nature of the FOIA precludes mandamus relief.") (citations omitted).

A writ of mandamus is "an extraordinary [remedy] ... to be utilized only under exceptional circumstances." *Haneke v. Sec'y of Health, Educ. & Welfare*, 535 F.2d 1291, 1296 (D.C.Cir.1976). "The necessary prerequisites for this court to exercise its mandamus jurisdiction are that (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Swan v. Clinton*, 100 F.3d 973, 977 n. 1 (D.C. Cir. 1996) (internal quotations omitted); *see also Atl. Tele-Network, Inc. v. Inter- Am. Dev. Bank*, 251 F.Supp.2d. 126, 131 (D.D.C. 2003) (applying *Swan* test). The plaintiff bears the "heavy burden" of showing that its right to issuance of the writ is "clear and indisputable." *In re Cheney*, 334 F.3d 1096, 1102, 1107 (D.C.Cir.2003) (internal quotations omitted).

Because these prerequisites are jurisdictional in nature, the plaintiff's failure to meet any one of the them deprives the court of jurisdiction and thus is fatal to the plaintiff's claim. *Swan*, 100 F.3d at 977 n. 1 (indicating that the three prerequisites go to the court's jurisdiction. Plaintiff cannot claim that he is entitled to the records he seeks outside of the procedures set forth under FOIA, by which he may request them. *Strunk*, 693 F. Supp. 2d 113 2010 WL 931197 (D.D.C. 2010) ("The exclusive nature of the FOIA precludes mandamus relief.") (citations omitted);

7

*American Chemistry Council, Inc. v. U.S. Dept. of Health and Human Services*, 922 F.Supp.2d 56 (D.D.C. 2013).

Additionally, Plaintiff has failed to state any claim that waives the Government's sovereign immunity. Plaintiff sued Federal Defendants, and Dr. Smith in his official capacity. Courts treat official capacity suits against federal employees as suits against the United States. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Turner v. Houma Mun. Fire and Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). The United States, as sovereign, is immune from suit without its express consent. *Hebert v. United States*, 438 F.3d 483, 487–88 (5th Cir. 2006); *Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002). This immunity deprives courts of subject-matter jurisdiction over claims against the United States. *Hebert*, 438 F.3d at 487-88. Accordingly, Plaintiff's failure to state a clam which waives the Government's sovereign immunity deprives this court of subject matter jurisdiction, and Plaintiff's complaint should be dismissed with prejudice as a matter of law.

Finally, Plaintiff also attempts to demand the release of agency records pursuant to the APA, 5 U.S.C. § 701 *et seq,* based on the Defendants' alleged failure to provide medical records of a third party. Within the APA claim, the remedy he is seeking, namely release of documents, would not be available for the same reasons Plaintiff cannot sue under Mandamus, namely, there is an alternative adequate remedy or the relief sought. Because FOIA provides an adequate remedy for the relief sought, Plaintiff's APA claims should be dismissed as "barred." *Tereshchuk v. Bureau of Prisons, Dir.,* No. 14-5278, 2015 WL 4072055, at *1 (D.C. Cir. June 29, 2015) (per curiam); *see Ray v. Fed. Bureau of Prisons,* 811 F. Supp. 2d 245, 249 (D.D.C. 2011) (citing *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002)) ("As a general rule, the FOIA is the exclusive remedy for obtaining improperly withheld agency records.")).

### III. Individuals Are Not Proper Party Defendants in FOIA Litigation

Plaintiff also sues Dr. Stewart Smith, in his official capacity, apparently for his failure to provide medical records of Mr. Jimenez, without specifically naming or making specific allegations of wrongdoing. FOIA grants district courts jurisdiction to enjoin an agency from improperly withholding agency records. 5 U.S.C. § 552(a)(4)(B). The term "agency," for purposes of the statute, is defined as:

Any Executive department, military department, Government corporation, Government-controlled corporation, or other establishment in the executive branch of the government . . . or any independent regulatory agency.

5 U.S.C. § 552(f).

The term "Executive department" is further defined in Title 5 as a cabinet- level agency. 5 U.S.C. § 105. DHS is included in the list of cabinet-level agencies that fall under the definition of "Executive department." *Id*. The proper defendant, in place of Dr. Smith, in this case is DHS. Importantly, FOIA authorized civil actions only against federal agencies, and not against their individual employees. See 5 U.S.C. § 552(a)(4)(B); *Sherwood Van Lines, Inc. v. United States Department of the Navy*, 732 F. Supp. 240, 241 (D.D.C. 1990). The individually named defendant, Dr. Smith is an employee of DHS/ICE. *See* Compl. at ¶ 27. Accordingly, Plaintiff cannot state a claim against him under the FOIA, and all claims against the individually named defendant should be dismissed. Fed. R. Civ. P. 12(b)(1) & (6).

Moreover, the Court lacks subject-matter jurisdiction to enforce the FOIA against individuals. *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006); *Stone v. FBI*, 816

F. Supp. 782, 785 (D.D.C. 1993); *Whittle v. Moschella*, 756 F. Supp. 589, 596 (D.D.C. 1991); *Sherwood Van Lines v. Dep't of the Navy*, 732 F. Supp. 240, 241 (D.D.C. 1990). Consistent with these decisions, to the extent that Plaintiff is naming any individual as a defendant to his FOIA claim, Plaintiff fails to state a claim within the jurisdiction of this Court, and dismissal is proper pursuant to Rule 12(b)(1).

For the foregoing reasons, Plaintiff's non-FOIA claims, HIPAA, APA and mandamus and claims against individual defendant Dr. Smith should be dismissed.

        Respectfully Submitted,

        JESSIE K. LIU
        D.C. BAR # 472845
        United States Attorney
        for the District of Columbia

        DANIEL F. VAN HORN
        D.C. BAR # 924092
        Civil Chief

By: /s/_____
     BENTON G. PETERSON, BAR # 1029849
     Assistant United States Attorney
     U.S. Attorney's Office
     555 4th Street, N.W. - Civil Division
     Washington, D.C. 20530
     (202) 252-2534