# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gilberto Rodriguez CHAVERRA, as the Administrator of the Estate of Jeancarlo Alfonso Jimenez Joseph, <br><br> Plaintiff, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement; *et al.*, <br><br> Defendants. | Civil Action No. 1:18-cv-00289 |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, U.S. Immigration and Customs Enforcement ("ICE"); U.S. Department of Homeland Security – Office of Inspector General ("DHS-OIG"); U.S. Department of Homeland Security – Office for Civil Rights and Civil Liberties ("DHS-CRCL"); Dr. Stewart D. Smith, in his official capacity as Assistant Director for the Department of Homeland Security, U.S. Immigration and Customs Enforcement, ICE Health Services Corps ("IHSC"), by and through their undersigned counsel, hereby answer the Complaint (ECF No. 1).

## FIRST DEFENSE

Defendants have conducted adequate searches in response to the underlying requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, as amended, or otherwise are in the process of completing their searches and releases of non-exempt, responsible records or segregable portions thereof.

## SECOND DEFENSE

Defendants reserve the right to assert additional defenses as may be appropriate.

## THIRD DEFENSE

As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

## FOURTH DEFENSE

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

## FIFTH DEFENSE

Plaintiff is not entitled to attorneys' fees or costs.

## RESPONSE TO SPECFIC ALLEGATIONS

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

In response to the specifically-enumerated paragraphs, as set forth in the Complaint, Defendants admit, deny and otherwise aver as follows:

## PRELIMINARY STATEMENT[1]

1. Paragraph 1 contains Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2. The allegations contained in Paragraph 2 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants admit the allegations in Paragraph 2.

3. The allegations contained in Paragraph 3 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 3.

4. The allegations contained in Paragraph 4 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 4.

5. The allegations contained in Paragraph 5 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 5.

6. The allegations contained in Paragraph 6 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed

---

[1] Merely for ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 6.

    7.    The allegations contained in Paragraph 7 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 7.

    8.    The allegations contained in Paragraph 8 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 8.

    9.    The allegations contained in Paragraph 9 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 9.

    10.    The allegations contained in Paragraph 10 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 10.

    11.    The allegations contained in Paragraph 11 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 11.

12. The allegations contained in Paragraph 12 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants deny the allegations in Paragraph 12.

13. The allegations contained in Paragraph 13 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 13.

14. Admit that ICE, DHS-OIG, and DHS-CRCL received a FOIA request regarding Mr. Jeancarlo Alfonso Jimenez-Joseph, and respectfully refer the Court to the cited request for a complete and accurate statement of its contents. Deny that the request asked for records regarding treatment and solitary confinement.

15. Paragraph 15 contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16. Paragraph 16 contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16.

17. Paragraph 17 contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18. Paragraph 18 contains Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19. Paragraph 19 contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 19.

## JURISDICTION AND VENUE

20. Paragraph 20 consists of legal conclusions regarding jurisdiction and venue to which no response is required. To the extent that a response is required, Defendant admits that this action purports to be brought under FOIA, 5 U.S.C. § 552 (a)(4)(B), and 28 U.S.C. § 1331.

21. Paragraph 21 consists of legal conclusions regarding jurisdiction and venue to which no response is required. Defendant admits that 5 U.S.C. § 552 (a)(4)(B) governs venue in actions brought under FOIA.

## PARTIES

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 22.

23. Paragraph 23 contains Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

24. Admit.

25. Admit.

26. Admit.

27. Defendant ICE admits the allegations in this paragraph.

28. The allegations contained in Paragraph 28 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants deny the allegations.

29. The allegations contained in Paragraph 29 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants deny the allegations.

30. The allegations contained in Paragraph 30 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants deny the allegations.

31. The allegations contained in Paragraph 31 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants deny the allegations.

32. The allegations contained in Paragraph 32 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants deny the allegations.

33. The allegations contained in Paragraph 33 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants deny the allegations.

34. The allegations contained in Paragraph 34 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed necessary, Defendants deny the allegations.

## **FACTS**

35. Defendant ICE admits that it received a FOIA request from Plaintiff dated June 1, 2017, and respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents.

36. Defendant ICE admits that it acknowledged receipt of Plaintiff's FOIA request and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

37. Defendant ICE admits that it received a copy of a Public Notice regarding Mr. Jimenez, and respectfully refers the Court to the cited notice for a complete and accurate statement of its contents.

38. Defendant ICE admits that it acknowledged receipt of Plaintiff's perfected FOIA request and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

39. Defendant ICE admits that it issued a final response letter dated September 11, 2017, and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

40. Defendant ICE admits that it issued a final response letter dated September 11, 2017, and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

41. Defendant ICE admits that it issued a final response letter dated September 11, 2017, and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

42. Defendant ICE admits that it received an appeal letter from Plaintiff, dated September 25, 2017, and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

43. Defendant ICE admits that it received an appeal letter from Plaintiff, dated September 25, 2017, and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

44. Defendant ICE admits that it acknowledged receipt of Plaintiff's appeal and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

45. Defendant ICE admits that it sent Plaintiff a final response to their FOIA appeal dated October 23, 2017, and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

46. Defendant ICE admits that it sent Plaintiff a final response to their FOIA appeal dated October 23, 2017, and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

47. Defendant ICE admits that it sent Plaintiff a letter regarding DHS-OIG's pending investigation, dated November 2, 2017, and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

48. Defendant ICE admits that it received a FOIA request from Plaintiff, dated October 3, 2017, and respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents.

49. Defendant ICE admits that it acknowledged receipt of "ONLY item 1" of Plaintiff's October 3 FOIA request, and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

50. Defendant ICE admits that it sought clarification of "ONLY item 1" of Plaintiff's October 3 FOIA request and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

51. Defendant ICE admits that Plaintiff replied to the clarification with contract numbers and respectfully refers the Court to the cited response for a complete and accurate statement of its contents.

52. Defendant ICE admits that it acknowledged receipt of Plaintiff's October 3 FOIA request on October 11, 2017, and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

53. Defendant ICE admits that as of the filing date of the Complaint, ICE had not yet produced records to Plaintiff's FOIA request 2018-ICFO-00999.

54. Defendant ICE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55. Defendant ICE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56. Defendant ICE admits that it acknowledged receipt of "ONLY items 2-3" of Plaintiff's October 3 FOIA request on October 6, 2017, and respectfully refers the Court to the cited letter for a complete and accurate statement of its contents.

57. Defendant ICE admits that it has had no further contact with Plaintiff regarding their October 3 FOIA request for Items 2 and 3.

58. Defendant ICE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

59. Defendant ICE admits that as of the filing date of the Complaint, ICE had not yet produced records to Plaintiff's FOIA request 2018-ICFO-00998.

60. Defendants admit that DHS OIG received a FOIA request from Plaintiff through counsel dated October 16, 2017. Defendants admit that Plaintiff's characterization of the requested records is accurate and that Plaintiff's Exhibit N is a true and correct copy of the FOIA request.

61. Defendants admit the allegations in this paragraph.

62. Defendants admit the allegations in this paragraph. Defendants aver that OIG provided an interim response on May 25, 2018, asserting FOIA Exemption 7(A) to withhold information related to an ongoing investigation.

63. Defendants admit the allegations in this paragraph.

64. Admit.

65. Admit and respectfully refer the Court to a copy of the request for a complete and accurate statement of its contents.

66. Admit and respectfully refer the Court to a copy of the request for a complete and accurate statement of its contents.

67. Deny.

68. Defendant ICE admits the allegations in this paragraph.

69. Defendant ICE admits the allegations in this paragraph.

70. Defendant ICE admits the allegations in this paragraph.

71. Defendant ICE admits the allegations in this paragraph.

**CLAIMS FOR RELIEF**
**COUNT ONE: VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**Withholding of Agency Records by ICE**

72. Defendants incorporate by reference its responses in the foregoing paragraphs.

73. Paragraph 73 contains Plaintiff's conclusion of law to which no response is required. To the extent a response is required, Defendant admits that it received a FOIA request from Plaintiff dated June 1, 2017, and that a final response was issued in a letter dated September 11, 2017.

74. Paragraph 74 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

75. Paragraph 75 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

76. Paragraph 76 contains Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

77. Defendant ICE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77. To the extent that a response is required, Defendant ICE denies the allegations.

78. Paragraph 78 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

79. Paragraph 79 contains Plaintiff's characterization of documents available in the public domain and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

80. Paragraph 80 contains Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

81. Paragraph 81 contains Plaintiff's conclusion of law, to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

### COUNT TWO: VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Withholding of Agency Records by ICE Responsive to Plaintiff's October 3, 2017 Request for SDC Records

82. Defendants incorporate by reference its responses in the foregoing paragraphs.

83. Paragraph 83 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

84. Paragraph 84 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

85. Paragraph 85 contains Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

86. Paragraph 86 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

### COUNT THREE: VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Withholding of Agency Records by ICE Responsive to Plaintiff's October 3, 2017 Request for SDC Records

87. Defendants incorporate by reference its responses in the foregoing paragraphs.

88. Paragraph 88 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

89. Paragraph 89 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

90. Paragraph 90 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

91. Paragraph 91 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

92. Paragraph 92 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

### COUNT FOUR: VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Withholding of Agency Records by DHS-OIG

93. Defendants incorporate by reference its responses in the foregoing paragraphs.

94. This paragraph consists solely of a legal conclusion, to which no response is required.

95. This paragraph consists solely of a legal conclusion, to which no response is required. To the extent that a response is required, DHS OIG denies the allegations in this paragraph.

96. This paragraph consists solely of a legal conclusion, to which no response is required. To the extent that a response is required, DHS OIG denies the allegations in this paragraph.

97. Defendants deny the allegations in this paragraph.

**COUNT FIVE: VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**Withholding of Agency Records by DHS-CRCL**

98. Defendants incorporate by reference its responses in the foregoing paragraphs.

99. This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 99.

100. Deny.

101. This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 101.

102. This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 102.

103. This paragraph contains conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 99.

## COUNT SIX: PETITION FOR WRIT OF MANDAMUS

104. Defendants incorporate by reference its responses in the foregoing paragraphs.

105. Paragraph 105 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

106. Paragraph 106 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

107. Paragraph 107 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

108. Paragraph 108 contains Plaintiff's conclusion of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

109. Paragraph 109 contains Plaintiff's conclusions of law to which no response is required. To the extent that a response is required, Defendant ICE denies the allegations.

## COUNT SEVEN: ADMINISTRATIVE PROCEDURE ACT[2]

110. Defendants incorporate by reference its responses in the foregoing paragraphs.

111. Paragraph 111 contains Plaintiff's conclusion of law, to which no response is required. To the extent that a response is required, Defendant ICE denies the allegations.

112. Paragraph 112 contains Plaintiff's conclusion of law, to which no response is required. To the extent that a response is required, Defendant ICE denies the allegations.

113. Paragraph 113 contains Plaintiff's conclusion of law, to which no response is required. To the extent that a response is required, Defendant ICE denies the allegations.

---

[2] Plaintiff's Complaint at this point begins consecutive paragraph numbering beginning at number 44, skipping paragraphs 110-116. Defendants' responses will continue numbering paragraphs consecutively from number 110.

114. Paragraph 114 contains Plaintiff's characterization of his injury and conclusion of law, to which no response is required. To the extent that a response is required, Defendant ICE denies the allegations.

115. Paragraph 115 contains Plaintiff's conclusion of law, to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

116. Paragraph 116 contains Plaintiff's conclusion of law, to which no response is required. To the extent that a response is required, Defendant ICE denies the allegation.

**REQUEST FOR RELIEF**

The remainder of Plaintiff's Complaint consists of Plaintiff's requests for relief, to which no response is required. To the extent that a response is deemed to be required, Defendants deny that Plaintiff is entitled to the relief requested, or to any other relief.

WHEREFORE, having fully answers, Defendants respectfully pray that Plaintiff's complaint be dismissed with prejudice and judgment be entered in Defendants favor and enter such other and further relief for Defendants as is appropriate.

Respectfully Submitted,

JESSIE K. LIU
D.C. BAR # 472845
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By:  /s/
BENTON G. PETERSON, BAR # 1029849
Assistant United States Attorney

U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 252-2534