UNITED STATES DISTRICT COURT
DISTRTCT OF COLUMBIA

_____
                                                        )
Gilberto Rodriguez CHAVERRA,                )
                                                        )
            Plaintiff                                   )
                                                        )
                                                        )            Civ. A. No. 18-0289 (JEB)
            v.                                          )
                                                        )
                                                        )
U.S. IMMIGRATION AND CUSTOMS       )
ENFORCEMENT, et al.                          )
                                                        )
            Defendants                              )
_____)

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS

This Court should grant Defendants' partial motion to dismiss because Plaintiff fails to establish subject-matter jurisdiction and a plausible right to mandamus and Administrative Procedure Act ("APA")[1] relief.  Plaintiff's focus on the facts surrounding his Freedom of Information Act ("FOIA") request misses the point.  In order to withstand Defendants Partial Motion to Dismiss, Plaintiff must demonstrate that Defendants are subject to Health Insurance Portability and Accountability Act ("HIPAA") and has non-discretionary duty to provide the requested medical records of a deceased third party former detainee.  Dismissal of Plaintiff's mandamus claim is appropriate because Plaintiff cannot establish that U.S. Immigration and Customs Enforcement ("ICE") Health Service Corps ("IHSC") is a "covered entity," and thus, subject to the individual access requirements of the HIPAA Privacy Rule.  In addition, dismissal

---

[1] Defined terms used herein are intended to have the same meaning as those used in Defendants' Opening brief.

of Plaintiff's APA claim is appropriate because Plaintiff clearly has alternative scheme to obtain

relief, FOIA.

## ARGUMENT

### I.   IHSC IS NOT A COVERED ENTITY[2]

As detailed in Defendants' motion, HIPAA was enacted in order to assure an individual's right

to privacy in his or her medical records.  HIPAA provides that "[a] covered entity may not use or

disclose protected health information, except as permitted or required by" the regulations. *See*,

Title 45 C.F.R. § 164.502.  In turn, a covered entity is defined as a health plan, a health care

clearinghouse, or a health care provider, that transmits health information electronically, in certain

kinds of covered transactions. *See*, Title 45 C.F.R. § 164.104. Accordingly, a law enforcement

agency, like ICE is not a covered entity, subject to the restraints on the use or receipt of protected

medial information. *See, United States v. Elliott*, 676 F. Supp. 2d 431, 440 (D. Md. 2009) ("Law

enforcement agencies, including the office of the prosecuting attorney, are not covered entities

under [HIPAA]"), citing *United States v. Abdallah,* 2009 WL 1918401 at *6 (S.D. July 1, 2009);

*United States v. Mathis*, 377 F. Supp. 2d 640, 645 (M.D. Tenn. 2005) (recognizing that the FBI is

not a covered entity under HIPAA).

ICE is the principal investigative arm of the Department of Homeland Security (DHS). [3]  A

critical ICE mandate is the enhancement of public safety and the security of the American public

---

[2] To the extent Plaintiff has clarified that he is neither alleging a private right of action within HIPAA nor alleging a FOIA action against Dr. Smith, Defendants will not address those issues beyond what was stated in their original motion.  In addition, to the extent that we rely on matters outside the complaint, it is solely in response to new arguments in Plaintiff's Opposition.

[3] Pursuant to the Immigration and Nationality Act codified under Title 8 of the U.S. Code, the Secretary of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject to certain exceptions.  *See* 8 U.S.C.

through the enforcement of our immigration laws. CAPT Deidre Presley Declaration ¶ 3.  The Office of Enforcement and Removal Operations (ERO), within which IHSC is placed, is one of the two principal operational components in ICE, the other being the Office of Homeland Security Investigations.   ERO oversees programs and conducts operations to identify and apprehend removable aliens, to detain these individuals when necessary, and to remove illegal and removable aliens from the United States. *Id.* at ¶ 4. ERO prioritizes the apprehension, arrest, and removal of convicted criminal aliens, those who pose a threat to national security, fugitives, recent border entrants, and aliens who thwart immigration controls.   Within ERO, IHSC is responsible for providing direct health care to aliens in ICE custody ("detainees"). *Id*. at ¶ 5.  ICE detainees bear no responsibility for payment of health care services received while in ICE custody, whether provided by detention facility medical staff or by an off-site provider. *Id*. at ¶ 20.

 ICE does not contract with Medicare, Medicaid, or any other private or public insurance plan for partial or full coverage of medical services provided to ICE detainees.  Presley Decl. ¶ 21. The VA FSC disperses funds appropriated to ICE by Congress to directly pay fees charged for services rendered by off-site providers; in this way, the agency is "self-insured."   Accordingly, because ICE and its component IHSC are not covered entities, Plaintiff's use of HIPAA procedures to attempt to evade the prescriptions of FOIA are unavailing.

## II.   PLAINTIFF IS NOT ENTITLED TO MANDAMUS OR APA RELIEF.

Defendants detailed in their opening motion the reasons Plaintiff's mandamus claims cannot satisfy the standards for a writ of mandamus as to Defendant ICE. *See* ECF No. 9 at 9.  As stated in Defendants' motion, the standards for mandamus relief under the Mandamus and Venue

---

§ 1103.  ICE is the largest investigative arm of DHS and the second largest investigative agency in the Federal government.

Act of 1962, 28 U.S.C. § 1361, are well established.  Mandamus is an extraordinary remedy, applied only in exceptional circumstances.  *See Ganem v. Heckler*, 746 F.2d 844, 852 (D.C. Cir. 1984).  It requires: (1) a clear right to relief; (2) a plainly defined and nondiscretionary duty on the part of the defendant; and (3) no other adequate remedy available.  *In re Medicare Reimbursement Litig.,* 414 F.3d 7, 10 (D.C. Cir. 2005).  "The plaintiff bears the burden to show that his right to a writ of mandamus is clear and indisputable, and that the defendant owes him a clear and compelling duty."  *Wightman-Cervantes v. Mueller*, 750 F.Supp.2d 76, 81 (D.D.C. 2010) (internal citations and quotations omitted).  While a federal district court has authority to issue a writ of mandamus pursuant to 28 U.S.C. § 1361, its issuance is not required; rather, mandamus is issued at the discretion of the Court.  *Nat'l Wildlife Fed. v. United States*, 626 F.2d 917, 923 (D.C. Cir. 1980).  The Court may refrain from issuing a writ even when technical grounds for mandamus are satisfied.  *Tyree v. Fed. Bureau of Prisons*, No. 1:07-CV-0008, 2007 WL 1110919 at *5 (M.D.Pa., April 11, 2007) (*citing In re Patenaude*, 210 F.3d, 135, 141 (3d Cir. 2000)). "It is well settled that a writ of mandamus is not available to compel discretionary acts."  *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citations omitted).

Here, ICE has no clearly defined duty to produce unredacted medical records to Plaintiff, because it is not a covered entity under HIPAA.  As detailed above and in Defendant motion, IHSC is a part of law enforcement arm that is not a covered entity under HIPAA.  Moreover, it is also apparent that Plaintiff cannot satisfy the third element for mandamus because Plaintiff also claims relief under FOIA for the same records and could provide the exact relief sought under mandamus. Thus, Plaintiff has an alternative proceeding in which to seek relief.  There is no need to commence this action for mandamus.

Plaintiff seeks to compel Defendants to perform acts that are not clear, non-discretionary duties.  He asks this Court to issue a writ of mandamus requiring ICE to produce medical records created in the context of a law enforcement activity.  ECF No. 13 at 17.  As Defendant ICE is not under any obligation to provide unredacted medical records, Plaintiff has not met his burden of showing that Defendants owe him a clear and compelling duty.  *See Smith v. Casellas*, 119 F.3d 33, 34 (D.C.Cir.1997) (per curiam) ("no cause of action against the [agency] exists for challenges to its processing of a claim.").  Therefore, this Court should not issue a writ of mandamus to compel an act that is not otherwise required by law.  *Cox*, 739 F. Supp. at 30; *Wightman-Cervantes*, 750 F. Supp. 2d at 81 (D.D.C. 2010) (denying plaintiff's request for mandamus because he failed to show that he had the right to the appointment of a special prosecutor or that the FBI, defendants, or any other government official or agency owe him a duty to investigate the alleged criminal conduct.);  *See also, Tyree*, 2007 WL 1110919 at *5 (denying petitioner's writ of mandamus to require the BOP to adhere to its mail policies); *Brown v. Scibana*, No. 03-C-586-C,  2003 WL 23208947 at *2  (W.D.Wis. December 12, 2003) (denying mandamus relief where petitioner sued for enforcement of the BOP program statements and policies and noting that these statements and policies "do not create a federal cause of action . . . [but] rather, they serve as internal guidelines for the government agency.").

Moreover, while Plaintiff may not be satisfied with the response to his initial FOIA requests, he nonetheless has engaged in the FOIA process and this Court may determine the sufficiency of the ICE's final production concerning the records at issue.  *See Aguiar v. Lindsay*, Nos. 07-CV-3104 (DLI)(LB), 2010 WL 1286217 at *6  (E.D.N.Y., Mar. 31, 2010) ("Although Aguiar [petitioner] may disagree with [Disciplinary Hearing Officer] DHO Garcia's assessment of the argument, his disagreement is not a proper basis for the issuance of a writ of mandamus.").  As

a result, Plaintiff has provided no basis for granting mandamus relief.  He asks this Court to do that which mandamus does not allow it to do: order executive branch agencies to perform discretionary functions.   Accordingly, Plaintiff's requests for mandamus should be denied.

Plaintiff also invokes the APA to obtain the same relief for which he invokes the FOIA statute.   ECF No. 13 at 15.  However, the APA authorizes judicial review of "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704; *Espinoza v. Dep't of Justice*, 20 F. Supp. 3d 232, 240 (D.D.C. 2014) (*citing Elec. Privacy Info. Ctr. v. Nat'l Sec. Agency*, 795 F. Supp. 2d 85, 95 (D.D.C. 2011) ("APA claims arising out of an agency's response to a FOIA request must be dismissed when they seek relief that can be obtained through a FOIA claim itself.")).  Here, as Defendants have argued in its motion, because the gravamen of Plaintiff's complaint arises from a FOIA request, the FOIA statute is the sole statute in which his remedy lies, and therefore his APA claim should be dismissed.  *Espinoza,* 20 F.Supp.2d at 95.

As neither the APA or the Mandamus Act imposes an independent obligation on ICE to proactively release the records at issue, Plaintiff's claim under the acts are also subject to dismissal. *Al-Fayed v. CIA*, 254 F.3d 300, 305 (D.C. Cir. 2001) (noting that FOIA provides its own standards of review rendering APA standard of review under § 706 inapposite); *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002) (holding that extraordinary writ of mandamus is only available where, inter alia, "the plaintiff has a clear right to relief" and "the defendant has a clear [i.e., ministerial] duty to act").

## A.  The *Larson-Dugan* Exception Is Inapplicable.

To the extent Plaintiff maintains federal claims against Dr. Smith in this official capacity, Plaintiff has not presented any authority to contradict Defendants arguments that suits against federal employees should be treated as suits against the United States.  Plaintiff, citing *Swan v.*

*Clinton,* 100 F.3d 973, 981 (D.C. Cir. 1996), argues that his claims against Dr. Smith falls under the *Larson-Dugan* exception and that a waiver of sovereign immunity is not necessary. *See* ECF No. 13 at 21. Not so.

The Supreme Court describes the *Larson-Dugan* exception to sovereign immunity as follows:

> There may be, of course, suits for specific relief against officers of the sovereign which are not suits against the sovereign …. [W]here the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden. His actions are *ultra vires* his authority and therefore may be made the object of specific relief.

*Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949); *see also Dugan v. Rank*, 372 U.S. 609, 621-22(1963). "[T]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). A suit operates against the sovereign "if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" *Dugan*, 372 U.S. at 620 (quoting *Larson*, 337 U.S. at 704).

The *Larson-Dugan* exception to sovereign immunity does not apply here. Plaintiff has named Dr. Smith as a defendant, who serves as Assistant Director for IHSC. For relief, Plaintiff seek to compel Dr. Smith to release, unredacted, documents gathered during law enforcement action. *See* ECF No. 13 at 21. The relief from this Court triggering such a mandate would compel the government to act and ultimately possibly operate against the United States. *See G&Z v. Domenech*, 599 F. Supp. 2d 702, 708 n.11 (E.D. Va. 2009) ("Plaintiffs attempt to sidestep sovereign immunity issues by arguing that their claim stems from defendant [ATF official] 'acting beyond his statutory authority in enforcing the GCA as set forth in FAQ

F13[.]'… As plaintiffs acknowledge, their claims directly stem from defendant's enforcement of federal laws.  Defendant's actions are not *ultra vires* his authority and, therefore, may not be made the object of specific relief and are barred by sovereign immunity."); *Hire Order v. Domenech*, (12-cv-1908) 2011 U.S. Dist. LEXIS 59549, at *5-*7 (E.D. Va. May 26, 2011) (same) (citing *G&Z*, 599 F. Supp. 2d at 708).  Even if Dr. Smith acted beyond his statutory authority in denying Plaintiff the documents requested, this exception would simply waive sovereign immunity for a suit against ICE.


## CONCLUSION

WHEREFORE, for each of the independent reasons set forth above and those in Defendants' Motion for Partial Dismissal ECF No. 9, Defendants' motion for partial dismissal should be granted.


Respectfully Submitted,

JESSIE K. LIU
D.C. BAR # 472845
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092Civil Chief

By:  /s/
     BENTON G. PETERSON, BAR # 1029849
     Assistant United States Attorney
     U.S. Attorney's Office
     555 4th Street, N.W. - Civil Division
     Washington, D.C. 20530
     (202) 252-2534