# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| GILBERTO RODRIGUEZ CHAVERRA, <br><br> Plaintiff, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> Defendants. | Civil Action No. 18-289 (JEB) |

## MEMORANDUM OPINION

Jeancarlo Alfonso Jimenez Joseph died last year in the custody of U.S. Immigration and Customs Enforcement, prompting his family to probe ICE for records that might shed light on the circumstances surrounding his death. Plaintiff Gilberto Rodriguez Chaverra, the administrator of Jimenez's estate, first employed the Freedom of Information Act process. After coming up empty, he next made his request directly to the specific detention center — outside of the procedures afforded by FOIA — but fared no better. Chaverra then filed this suit against ICE, two other governmental entities, and one individual. In addition to FOIA claims, Plaintiff includes a cause of action under the Administrative Procedure Act and a Petition for Writ of Mandamus. These latter two counts are the subject of this litigation's first volley. Defendants seek to dismiss them both, leaving the FOIA counts for another day. Because the law is clear that Plaintiff's opportunity to seek redress through FOIA is an adequate remedy, the Court will grant Defendants' Motion.

1

I.      **Background**

On May 15, 2017, while detained in ICE custody at the Stewart Detention Center in Lumpkin, Georgia, Jimenez died in an apparent suicide. See ECF No. 1 (Compl.) at 2–3. According to the Complaint, Defendant had identified Jimenez as a suicide risk when he first arrived at the facility but nevertheless failed to afford him the necessary mental-health care and intervention. Id. at 2. Instead, Plaintiff says, ICE placed Jimenez in solitary confinement. Id. This unfortunate treatment spurred Jimenez's family — led by Chaverra — to seek more information about the circumstances of his death. Id.

Chaverra began his quest for information through FOIA. He filed a request with ICE seeking "all records, including medical, pertaining to" Jimenez. Id. at 8. In its final response, ICE withheld all responsive records in full under Exemption 7(A), which protects certain documents compiled for law-enforcement purposes during the pendency of proceedings. See 5 U.S.C. § 552(b)(7)(A). In the event Exemption 7(A)'s protection expires — i.e., the proceedings conclude — ICE reserved the right to assert Exemptions 6, 7(C), 7(D), 7(E), and 7(F). See Compl., Exh. D (ICE FOIA Response) at 1. Chaverra's appeal to the agency of this determination proved unsuccessful. Id., Exh. G (ICE FOIA Appeal Response) at 1.

Plaintiff next bypassed FOIA's procedures and directly contacted the ICE Health Services Corps at the Stewart Detention Center, from whom he requested the same medical records. Id. at 12. This avenue, too, ended in a roadblock: ICE informed Chaverra that it would entertain a request for Jimenez's medical records only via FOIA. Id. So Chaverra reverted once again to that process. He filed a number of additional requests seeking a broad range of documents from a variety of governmental entities. Id. at 9–12. The Court will save the

specifics of these requests for another occasion, when FOIA will take center stage. For now, it suffices to say that Plaintiff's efforts again bore no fruit, ultimately prompting this suit.

Chaverra filed a seven-count Complaint against ICE, two other offices of the Department of Homeland Security, and Dr. Stewart D. Smith, the administrator who oversees the ICE Health Services Corps. FOIA serves as the cause of action for his first five counts. There, Plaintiff challenges the agencies' withholding of various documents, including Jimenez's medical records from his time in ICE detention, and alleges that Defendants did not adequately respond to Plaintiff's subsequent FOIA requests. In Count VI, Chaverra seeks similar relief through a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361. He alleges that the Privacy Rule, 45 C.F.R. §§ 164.502(g), 164.524 — a regulation promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA) — bestows upon him a clear legal right to Jimenez's medical records. Chaverra thus asks the Court to compel Defendants to turn over these records.

Plaintiff seeks the same relief in Count VII, but this time under § 706(1) of the APA. Like his mandamus count, Chaverra contends here that ICE has a legal obligation under the Privacy Rule to turn over Jimenez's medical records and explains in his Opposition that Defendant's refusal to do so constitutes agency action contrary to law (although this precise articulation does not appear in his Complaint). See ECF No. 13 (Pl. Opp.) at 21. Chaverra also points to a 2011 ICE guidance document to support his argument: the Performance-Based National Detention Standards (PBNDS). Id. at 10–11, 21. This guidance, Plaintiff says, independently entitles him to Jimenez's medical records. He asserts that ICE treats the PBNDS, although promulgated without notice and comment, as binding on the agency. Id. at 10. By declining to provide Jimenez's medical records, therefore, Chaverra contends (also in his

Opposition) that ICE's action in "failing to follow its own sub-regulatory guidelines" is arbitrary and capricious. Id. at 21.

Defendants now move to dismiss Counts VI (mandamus) and VII (APA) pursuant to, respectively, Rule 12(b)(1) and Rule 12(b)(6). They do not challenge the FOIA claims this time around.

## II.     Legal Standard

In evaluating Defendants' Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant [P]laintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted); see also Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005). The pleading rules are "not meant to impose a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and it must thus be given every favorable inference that may be drawn from the allegations of fact. Sparrow, 216 F.3d at 1113.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The Court need not accept as true, then, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted). For a plaintiff to survive a 12(b)(6) motion, the facts alleged in the complaint "must be

enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

The standard to survive a motion to dismiss under Rule 12(b)(1) is less forgiving. Under this Rule, a plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear its claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). A court also has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13–14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharm., 402 F.3d at 1253; see also Venetian Casino Resort, LLC v. EEOC, 409 F.3d 359, 366 (D.C. Cir. 2005).

### III. Analysis

ICE presents a host of arguments as to why Chaverra cannot proceed with his final two counts. The Court need not weigh in on all these disputes, however, because both Plaintiff's APA and mandamus claims stumble on the same obstacle: FOIA provides an adequate remedy for Chaverra's grievance. This conclusion consequently bars the APA count under Rule 12(b)(6) and deprives the Court of jurisdiction to hear the mandamus count under Rule 12(b)(1). Because the APA and mandamus claims raise slightly different considerations — *e.g.*, one is jurisdictional, one is not — the Court addresses them separately.

5

A. APA Count

Although the APA was enacted to "provid[e] a broad spectrum of judicial review of agency action," Bowen v. Massachusetts, 487 U.S. 879, 903 (1988), such review is only permissible if "there is no other adequate remedy" at law. See 5 U.S.C. § 704. An adequate remedy does not mean identical relief, but only relief of the "same genre." El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Human Servs., 396 F.3d 1265, 1271 (D.C. Cir. 2005). Similarly, it need not be "as effective as an APA lawsuit against the regulating agency" to qualify as "adequate." Garcia v. Vilsack, 563 F.3d 519, 525 (D.C. Cir. 2009). Relief has been deemed adequate, for example, when the separate "statute provides an independent cause of action." Feinman v. FBI, 713 F. Supp. 2d 70, 76 (D.D.C. 2010) (quoting El Rio Santa Cruz Neighborhood Health Ctr., 396 F.3d at 1270). Relief can also be adequate "'where a statute affords an opportunity for *de novo* district-court review' of the agency action." Garcia, 563 F.3d at 522–23 (quoting El Rio Santa Cruz Neighborhood Health Ctr., 396 F.3d at 1270). That being said, "[i]n evaluating the availability and adequacy of alternative remedies, . . . the court must give the APA 'a hospitable interpretation' such that 'only upon a showing of clear and convincing evidence of a contrary legislative intent should the courts restrict access to judicial review.'" Id. at 523 (quoting El Rio Santa Cruz Neighborhood Health Ctr., 396 F.3d at 1270). This requirement is not jurisdictional. Although some courts have previously characterized it as such, the "adequate remedy bar of § 704" is more precisely an issue of "whether there is a cause of action under the APA, not whether there is federal subject matter jurisdiction." Perry Capital LLC v. Mnuchin, 864 F.3d 591, 621 (D.C. Cir. 2017).

This case falls into well-trodden territory. Chaverra's APA cause of action complains that ICE "unlawfully withheld and unreasonably delayed the legally mandated release of Mr.

Jimenez's medical records." Compl. at 16. As redress, he seeks access to these records. As this Court has previously noted, however, "There is 'little doubt that FOIA offers an adequate remedy within the meaning of section 704,' . . . when litigants seeks to 'gain access to . . . records.'" Elec. Privacy Info. Ctr. v. Internal Revenue Serv., 261 F. Supp. 3d 1, 12 (D.D.C. 2017) (quoting Citizens for Responsibility & Ethics in Wash. v. DOJ, 846 F.3d 1235, 1245–46 (D.C. Cir. 2017)). That is because FOIA expressly provides that remedy. It grants courts the power to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). In fact, the "[p]rocessing and production of documents is the entire point of FOIA." Elec. Privacy Info. Ctr., 261 F. Supp. 3d at 12. In such circumstances, therefore, when plaintiffs seek records also subject to FOIA, "[c]ourts in this circuit 'have uniformly [rejected their] APA claims.'" Cause of Action Inst. v. Eggleston, 224 F. Supp. 3d 63, 75 (D.D.C. 2016) (quoting Feinman, 713 F. Supp. 2d at 76-77).

This uniformity installs a high hurdle along Chaverra's APA path. In an attempt to clear it and proceed with his cause of action, he lodges two objections to the foregoing analysis.

First, he contends that FOIA's promised relief is not "adequate" because some of the statute's exemptions might apply. See Pl. Opp. at 15, 20. Specifically, Plaintiff says that FOIA will allow ICE to permanently withhold the names of medical providers and either temporarily or permanently withhold sensitive law-enforcement material. Chaverra thus asserts that FOIA "does not afford him timely access to Mr. Jimenez's complete, unredacted medical records." Id. at 20.

This argument faces an uphill battle from the start. It is well settled that the alternate remedy must be only of the "same genre"; it need not be identical. See Garcia, 563 F.3d at 522. The relevant "genre" here is easy to identify: the disclosure of documents withheld by

7

governmental organizations. This is what Plaintiff seeks, and this is what FOIA provides. See 5 U.S.C. § 552(a)(4)(B). Chaverra's APA count faults Defendants for refusing to disclose Jimenez's medical records. See Compl. at 16. Similarly, his first FOIA count takes issue with ICE's categorical withholding of all responsive documents to a specific FOIA request, which also sought Jimenez's medical records. Id. at 8, 12–13. In the same vein, his Complaint does not distinguish between relief requested under FOIA and that sought under the APA. Id. at 16–17. This alignment between the counts accords with a conclusion that both causes of action offer the same genre of relief, even if the actual relief may differ some in timing and completeness. See Cause of Action Inst., 224 F. Supp. 3d at 75 (dismissing plaintiff's APA claim that "asked for th[e] same relief" as its FOIA claim); Espinoza v. Dep't of Justice, 20 F. Supp. 3d 232, 239–40 (D.D.C. 2014) ("At the outset, plaintiff invokes both the FOIA and the [APA] to obtain the same relief. . . . It is axiomatic that plaintiff's remedy lies with the FOIA. His APA claim therefore is dismissed."). It may very well be true that, if successful, Chaverra's relief under the APA could be superior to the relief ultimately provided by FOIA. That he may thus prefer to procced under the APA, however, is of little moment. Remedies that are not "as effective" can nevertheless be "adequate," Garcia, 563 F.3d at 525, and the possibility that a plaintiff "might fare worse" under FOIA does not entitle her to bring a claim under the APA. See Greenpeace, Inc. v. Dep't of Homeland Sec., 311 F. Supp. 3d 110, 126 (D.D.C. 2018).

Second, Chaverra points the Court toward the agency's own action. He notes that ICE created an online portal permitting individuals discharged from its detention centers to access their medical records. See Pl. Opp. at 21–22. From this fact, he concludes that ICE does not "mandate that FOIA is the exclusive remedy for obtaining these [medical] records." Id. at 21. This argument falls wide of the mark. The question under § 704 is not whether the agency

8

intends FOIA to be the exclusive remedy, but whether FOIA itself provides an "adequate remedy" for the plaintiff's complaint. The fact that ICE may, in some other circumstances, permit the disclosure of medical records through other means has no bearing on this legal question. This objection, too, does not save Chaverra's APA claim.

There remains a lifeline. In many of the cases in which a court dismissed an APA count because FOIA gave plaintiffs an adequate remedy, those plaintiffs could point to no other express entitlement to the records. See, e.g., Feinman, 713 F. Supp. 2d at 71; Kenney v. U.S. Dep't of Justice, 603 F. Supp. 2d 184, 190 (D.D.C. 2009); People for the Am. Way Found. v. Nat'l Park Serv., 503 F. Supp. 2d 284, 308–09 (D.D.C. 2007). Not so here. Chaverra contends that HIPAA's Privacy Rule and the sub-regulatory guidance issued by ICE both give him an independent right to Jimenez's medical file. The Government vigorously disputes that the Privacy Rule applies, and Plaintiff does not flesh out the precise manner in which the guidance document entitles him to the records. The Court, however, need not opine on the merits of these contentions. For, on closer inspection, the difference in structure between this case and the others mentioned earlier does not ultimately sway the analysis.

Two courts in this district have addressed similar cases in which an agency's denial of a records request ran afoul of something other than FOIA (and possibly the APA). In both, the courts found that this difference did not alter the outcome. See Greenpeace, 311 F. Supp. 3d at 126 (holding that FOIA provided an adequate remedy for plaintiff's APA claim that agency's action in withholding documents violated both FOIA and agency's own regulations); Elec. Privacy Info. Ctr. v. Nat'l Sec. Agency, 795 F. Supp. 2d 85, 96 (D.D.C. 2011) (holding that plaintiff's attempt to draw this "distinction is not persuasive" because "plaintiff is requesting the same relief for its APA claim that it is requesting for its FOIA claims"). These courts and others

have focused the "adequate remedy" analysis, not surprisingly, on the remedy available and the nature of review, rather than the source of the right. See Garcia, 563 F.3d at 522 (focusing on whether alternative remedy "offers relief of the same genre"); id. at 525 ("The relevant question . . . [is] whether the private suit remedy provided by Congress is adequate."); El Rio Santa Cruz Neighborhood Health Ctr., 396 F.3d at 1270 ("This court, in turn, in determining whether an adequate remedy exists, has focused on whether a statute provides an independent cause of action or an alternative review procedure."); D'Alfonso v. Holder, No. 09-1971, 2011 WL 13244458, at *2 (D.D.C. Mar. 31, 2011) ("Because the plaintiff is seeking the disclosure of documents, and such relief is available under the FOIA, the plaintiff's APA claims must be dismissed . . . ."). The Court, accordingly, cannot find that Chaverra's case escapes the general rule that when a plaintiff seeks the disclosure of documents under the APA and FOIA, the former cannot proceed.

That said, if FOIA categorically and permanently barred relief to records to which a plaintiff had a clear separate entitlement, this might be a different case. But Plaintiff understandably does not argue this point, given that he also seeks the medical records through FOIA. The Court thus concludes on the record before it that the legal path on which Chaverra must travel is FOIA, and FOIA alone; the APA is closed to him for now. The Court, therefore, will dismiss Chaverra's APA claim under Rule 12(b)(6) without prejudice.

B. Mandamus Count

For much the same reason, Chaverra's mandamus count yields the same result. A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005) (*en banc*)

(citations omitted).  Relief is available only if a plaintiff "demonstrate[s] (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." Am. Hosp. Ass'n v. Burwell, 812 F.3d 183, 189 (D.C. Cir. 2016).

There has been some confusion among district courts as to whether these three requirements are jurisdictional or pertain instead to the merits inquiry. See Swan v. Clinton, 100 F.3d 973, 976 n.1 (D.C. Cir. 1996) (noting inconsistency in approach).  Although there is no dearth of cases that treat a plaintiff's failure to establish any of these prerequisites as a Rule 12(b)(6) issue, the D.C. Circuit recently made clear that "[t]hese three threshold requirements are jurisdictional," and that "unless all are met, a court must dismiss the case for lack of jurisdiction." Am. Hosp. Ass'n, 812 F.3d at 189.  The Court's analysis must therefore begin with these queries.  Only once they are met, thus establishing that the court can grant relief, should it move to the factors governing whether the court should do so. Id.  Even then, "whether mandamus relief should issue is discretionary," In re Cheney, 406 F.3d at 729, and the Court must also "find[] 'compelling . . . equitable grounds.'" In re Medicare Reimbursement Litig., 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting 13th Reg'l Corp. v. U.S. Dep't of Interior, 654 F.2d 758, 760 (D.C. Cir. 1980)) (second alteration in original).

Chaverra asserts that HIPAA's Privacy Rule serves as the basis for his legal entitlement to mandamus relief.  This aspect of the Complaint led to some early confusion in the briefing about whether he asserts an actual claim under HIPAA. See ECF No. 9 (Def. MTD) at 4–6.  Plaintiff has made clear, however, that no such HIPAA claim exists. See Pl. Opp. at 16–17.  Although the Government is now adamant that the Privacy Rule does not cover ICE's retention of medical records, the Court need not reach this issue, for Chaverra's claim falters on the third

11

requirement necessary to invoke mandamus jurisdiction: that no alternative adequate remedy exists. In a near unanimous chorus, courts in this circuit have rejected plaintiffs' attempts to use a writ of mandamus to compel agencies to turn over government records because FOIA gives them an adequate remedy. See, e.g., Greenpeace, 311 F. Supp. 3d at 126 ("Greenpeace fails to meet this requirement because, as explained in connection with its APA claim, FOIA offers an adequate remedy if the government has unlawfully withheld information."); Sanchez-Alanis v. Fed. Bureau of Prisons, 270 F. Supp. 3d 215, 217 n.1 (D.D.C. 2017) ("FOIA . . . provide[s] adequate remedies for the claims presented here."); Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs., 922 F. Supp. 2d 56, 66 (D.D.C. 2013) ("Because FOIA provides Plaintiff an adequate remedy, Count III does not, at a minimum, satisfy mandamus's third element."); ExxonMobil Corp. v. Dep't of Commerce, 828 F. Supp. 2d 97, 109 (D.D.C. 2011) ("Exxon has an adequate remedy available under FOIA."); Strunk v. U.S. Dep't of State, 693 F. Supp. 2d 112, 113 n.1 (D.D.C. 2010) (dismissing writ of mandamus because "an adequate remedy for a request of this nature exists pursuant to the FOIA").

That Chaverra may prefer to proceed under a writ of mandamus – or even that a writ of mandamus offers superior relief to FOIA – does not permit the Court to invoke this "drastic" and "extraordinary" relief. See Nat'l Sec. Counselors v. CIA, 898 F. Supp. 2d 233, 267 (D.D.C. 2012) ("Mandamus-style relief is precluded when an adequate alternative remedy exists, even where that alternative remedy is less efficient or less effective than mandamus relief would be.").

Given this holding, the Court need not reach the other jurisdictional arguments at play. This one deficiency is sufficient to doom Chaverra's request, thus depriving the Court of subject-matter jurisdiction.

## IV. Conclusion

For these reasons, the Court will grant Defendants' Partial Motion to Dismiss. Count VI of Chaverra's Complaint will be dismissed under Rule 12(b)(1), and Count VII will be dismissed under Rule 12(b)(6). A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 2, 2018