UNITED STATES DISTRICT COURT
FOR THE DISTRTCT OF COLUMBIA

|  |  |
|---|---|
| GILBERTO RODRIGUEZ CHAVERRA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>U.S. IMMIGRATION AND CUSTOMS )<br>ENFORCEMENT, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No.: 18-0289 (JEB) |

## JOINT STATUS REPORT

This Freedom of Information Act ("FOIA") matter involves five separate FOIA requests by Plaintiff to three agency components of the Department of Homeland Security. Counsel for the parties have regularly conferred regarding the status of the agencies' response to Plaintiff's FOIA requests.  The parties report the following:

U.S. Immigration and Customs Enforcement ("ICE") has now completed its supplemental search and reports that it located approximately 2800 pages of responsive records and approximately 380 audio and video files.  ICE anticipates a production of these documents to begin on September 18, 2020, with an average production rate of 550 pages per month.  ICE intends to complete its supplemental production of records February 18, 2021.

On August 7, 2020, Office for Civil Rights and Civil Liberties ("CRCL") completed its production and released 163 pages to Plaintiff.

**Plaintiff's Position**

With respect to ICE, Plaintiff contends the time for this Court to decide whether ICE's proposed February 2021 production schedule violates the Promptly Available requirement of FOIA, 5 U.S.C. § 552(a)(3)(A), is now—not another six to eight months down the road, as the Government urges. That is because any challenge to the timeliness of the Government's production once it is complete will be moot. *See, e.g.*, *Muttit v. Dep't of State*, 936 F. Supp. 2d 284 (D.D.C. 2013). This Court has the power to require ICE's production of records by a date certain. *Gov't Accountability Project v. Dep't of Health & Human Services*, 568 F. Supp. 2d 55, 64 (D.D.C. 2008) (assuming judicial control of the production schedule where the agency's production is incomplete). Plaintiff therefore intends to seek partial summary judgment that ICE has violated the FOIA's "Promptly Available" requirement as a matter of law, 5 U.S.C. § 552(a)(3)(A), and an injunction requiring the agency to complete all productions by no later than October 31, 2020. 5 U.S.C. § 552(a)(4)(B).

Plaintiff acknowledges this Court's indication during the parties' July 8, 2020, Status Conference that such motion, in the Court's view, may be premature. At the Status Conference, ICE had not yet completed its search for and production of responsive records. In his forthcoming Motion, will demonstrate why Section 552(a)(3)(A) of the FOIA forbids the continued leeway ICE seeks from this Court. Plaintiff believes any further action by the Court disallowing or delaying Plaintiffs from seeking partial summary judgment as to the agency's compliance with FOIA's Promptly Available requirement effectively cuts of his right to appellate judicial review of the Court's reasons for doing so.

Therefore, if the Court determines Plaintiff still cannot file the motion for partial summary judgment as to the timeliness of ICE's productions he indicated he intended to file in the parties' June 30, 2020, Joint Status Report, ECF No. 42, Plaintiff respectfully seeks an Order certifying for interlocutory appellate review, pursuant to 28 U.S.C. § 1292(b):

> "Whether Federal Rule of Civil Procedure, the Freedom of Information Act, 5 U.S.C. § 552, or the district court's inherent power to control proceedings permit the Court to forbid a party from filing a motion for partial summary judgment regarding the timeliness of an agency's FOIA compliance as premature, where the Court has not set a deadline for filing such motions, and where the party against whom judgment is sought has not sought an *Open America* stay."

In sum, Plaintiff should not have to wait 6-8 more months for records he requested from ICE more than three years ago. Two and a half years on this Court's docket is surely enough time for ICE to identify responsive records and "promptly" make them available to Plaintiff. Accepting Continuing to accept ICE's position that summary judgment briefing on the agency's compliance with the Act's Promptly Available requirement is "premature" means this Court will necessarily defer Plaintiff's motion until such time as it is moot, effectively ruling for ICE without creating any right to appellate review of that decision.  Plaintiff thus respectfully proposes the following briefing schedule:

| **Filing** | **Due Date** |
|---|---|
| Plaintiffs' Motion for Partial Summary Judgment | **August 14, 2020** |
| ICE's Response and/or Cross-Motion | **September 14, 2020** |
| Plaintiffs' Reply | **September 28, 2020** |

As to Defendant CRCL, Plaintiff is in possession of the agency's latest production, and has notified CRCL, through counsel, of his intent to challenge the agency's withholdings. Plaintiff proposes updating the Court regarding the status of the conferral process on September 4, 2020.

**Defendants' Position**

Defendants believe that summary judgment briefing is premature as ICE has not yet completed production of documents pertaining to its supplemental search. ICE intends to complete its supplemental production of records by February 18, 2021. Defendants propose that the parties submit a further status report on September 30, 2020.

| | |
|---|---|
| Dated: August 7, 2020 | Respectfully submitted, |
| | /s/*Andrew Free* <br> R. ANDREW FREE, D.D.C. Bar No. 59830 <br> Law Office of R. Andrew Free <br> PO Box 90568 <br> Nashville, TN 37209 <br> O: (844) 321-3221x1 <br> F: (615) 829-8959 <br> Andrew@ImmigrantCivilRights.com |
| | *Counsel for Plaintiff* |
| | MICHAEL R. SHERWIN <br> Acting United States Attorney |
| | DANIEL F. VAN HORN, D.C. Bar No. 924092 <br> Chief, Civil Division |
| By: | */s/ Kathleene Molen* <br> KATHLEENE MOLEN <br> Assistant United States Attorney <br> 555 Fourth Street, N.W. <br> Washington, D.C. 20530 <br> (202) 803-1572 <br> Kathleene.Molen@usdoj.gov |
| | *Counsel for Defendants* |