UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

GILBERTO RODRIGUEZ CHAVERRA,

*Plaintiff,*

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al.*,

*Defendants*.

---

Civil Action No. 18-0289 (JEB)

## **DEFENDANT'S STATEMENT OF FACTS**

Pursuant to Local Civil Rule 7(h), Defendant, U.S. Immigration and Customs

Enforcement ("ICE") respectfully submits this Statement of Material Facts Not in Genuine

Dispute in support of its Opposition to Plaintiff's Partial Motion for Summary Judgment, along

with the Supplemental Declaration of Fernando Pineiro ("Supp. Decl. Pineiro").

1.      On June 1, 2017, Plaintiff submitted a Freedom of Information Act ("FOIA") request to

ICE requesting the following records – *see* Supp. Decl. Pineiro ¶ 6, Ex.1:

All non-A-file agency records relating to Jeancarlo Alfonso Jimenez-Joseph, ("Jimenez")
A204-603-723, including, but not limited to:

(A)   ICE's identification, interview, placement of a detainer on, arrest, and transfer of
      Jimenez in the Wake County, North Carolina Jail beginning on or around February 5,
      2017 and continuing until on or around March 3, 2017;

(B)   All agency records relating to ICE's transfer of Jimenez to the York County, South
      Carolina Detention Facility, detention of Jimenez at the facility, and subsequent
      transfer to the Stewart Detention Center ("SDC") in Lumpkin, Georgia between March
      3, 2017 and March 7, 2017;

(C)   All Immigrant Health Services Corps records pertaining to Jimenez;

(D)   All records relating to Jimenez's detention in SDC from on or around March 7, 2017
      until his death on or around May 15, 2017;

(E)  All records created or obtained about Jimenez or his death after it occurred;

(F)  all inter-agency and external communications with any party regarding Jimenez;

(G)  All records about Jimenez created on or before March 3, 2017;

(H)  All notifications to ICE from CoreCivic (formerly known as the Corrections Corporation of America) regarding Jimenez's medical or psychiatric treatment, disciplinary and classification history, and complaints and grievances, visitations, and phone logs; and

(I)  Any other records pertaining in any way to Jimenez's identification, apprehension, detention, and death in ICE custody.

2.     On September 11, 2017, ICE provided a response to Plaintiff indicating that the information requested was being withheld in its entirety due 5 U.S.C. § 552(b)(7)(A) due to an ongoing criminal law enforcement investigation.  *See* Dkt. No. 1-9.

3.     On October 23, 2017, ICE provided Plaintiff with a final determination and upheld the application of FOIA Exemption 7(A).  *See* Dkt. No. 1-12.

4.     On October 3, 2017, Plaintiff submitted a separate FOIA request to ICE requesting the following records – *see* Supp. Decl. Pineiro ¶ 7, Ex. 2:

(1) Contracts and Agreements
All contracts and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

(2) Inspections
All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have

been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

(3) Significant Incident Reports/Significant Event Notifications
All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office

(4) IHSC Policy and Practice Materials
All written policies, practices, and standards governing the performance of IHSC's medical duties at the Stewart Detention Center.
.

5.    On October 11, 2017, ICE acknowledged receipt of Plaintiff's FOIA request; ICE informed Plaintiff that due to the increasing number of FOIA requests received by ICE, there may be delay in processing the request.  Dkt. No. 1-15.

6.    On February 8, 2018, Plaintiff filed a complaint asserting that ICE as of the date of the complaint had not released responsive records.  Dkt. No. 1

7.    In August 2018, ICE began monthly productions of responsive records; in July 2019, ICE, having made fourteen production of records to plaintiff, completed its final release of records.  Supp. Decl. Pineiro ¶ 9, Ex. 3.

8.    On October 17, 2019, the parties informed the Court that, after conferring with Plaintiff, ICE identified additional potentially responsive records.  *See* Dkt. No. 35.

9.    ICE began producing supplemental records in October 2019, and having made four supplemental production of records to plaintiff, completed its supplemental production in February 2020.  Supp. Decl. Pineiro ¶ 10, Ex. 4.

10.    On June 29, 2020, the parties informed the Court that, following additional discussions and to address Plaintiff's concerns with ICE responses to the FOIA requests, ICE was conducting another round of supplemental searches.  *See* Dkt. No. 42.

11.     On July 8, 2020, the Court ordered ICE to complete its supplemental searches by August 7, 2020.

12.     As a result of its supplemental search, ICE located approximately 3500 pages of potentially responsive records and approximately 380 audio and video files.  *See* Dkt. No. 47.

13.     On August 21, 2020, Plaintiff filed its Motion for Partial Summary Judgment.  *See* Dkt. No. 45.

14.     On September 15, 2020, with respect to this second supplemental search of records, ICE released its first production of documents and expects to complete processing by February 2021.  Supp. Decl. Pineiro ¶ 11, Ex. 5.


Dated:  October 5, 2020                    Respectfully submitted,

                                           MICHAEL R. SHERWIN
                                           Acting United States Attorney

                                           Daniel F. Van Horn
                                           Chief, Civil Division
                                           D.C. Bar #924092

                                           By:  /s/ *Kathleene Molen*
                                           KATHLEENE MOLEN
                                           Assistant United States Attorney
                                           555 4th Street, N.W.
                                           Washington, District of Columbia 20530
                                           Telephone: (202) 803-1572
                                           Kathleene.Molen@usdoj.gov

                                           *Counsel for Defendants*