UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

GILBERTO RODRIGUEZ CHAVERRA

    Plaintiff,

    v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT

    Defendant.

Civil Action No. 1:18-cv-289-JEB

---

### ICE'S SUPPLEMENTAL DECLARATION OF FERNANDO PINEIRO IN RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGEMENT

**I.   INTRODUCTION**

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Deputy Freedom of Information Act (FOIA) Officer at the United States Immigration and Customs Enforcement (ICE) FOIA Office. I have held this position since December 2013. Prior to this position, I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties (CRCL) at the United States Department of Homeland Security (DHS).

2. The ICE FOIA Office is responsible for processing and responding to all FOIA, 5 U.S.C. § 552, and Privacy Act (PA), 5 U.S.C. § 552a, requests received at ICE.

3. As the Deputy FOIA Officer my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office. I manage and supervise a staff of ICE FOIA Paralegal Specialists who report to me regarding the processing of FOIA and PA requests received by ICE. In connection with my official duties and responsibilities, I am familiar with ICE procedures for responding to requests for information made pursuant to the FOIA and the PA request.

4.     This declaration provides a chronology of ICE's responses to Plaintiff's FOIA request as of September 22, 2020.

5.     The statements contained in this supplemental declaration are based upon my personal knowledge, my review of records kept by ICE in ordinary course of its business activities, and information provided to me by other ICE employees in the course of my official duties.

## II.     PLAINTIFF'S FOIA REQUEST

6.     In an email dated June 1, 2017, attached as Ex. 1, Andrew A Free ("Plaintiff") submitted the following request to ICE:

> All non-A-file agency records relating to Jeancarlo Alfonso Jimenez-Joseph, ("Jimenez") A204-603-723, including, but not limited to:
>
> (A) ICE's identification, interview, placement of a detainer on, arrest, and transfer of Jimenez in the Wake County, North Carolina Jail beginning on or around February 5, 2017 and continuing until on or around March 3, 2017;
>
> (B) All agency records relating to ICE's transfer of Jimenez to the York County, South Carolina Detention Facility, detention of Jimenez at the facility, and subsequent transfer to the Stewart Detention Center ("SDC") in Lumpkin, Georgia between March 3, 2017 and March 7, 2017;
>
> (C) All Immigrant Health Services Corps records pertaining to Jimenez;
>
> (D) All records relating to Jimenez's detention in SDC from on or around March 7, 2017 until his death on or around May 15, 2017;
>
> (E) All records created or obtained about Jimenez or his death after it occurred;
>
> (F) all inter-agency and external communications with any party regarding Jimenez;
>
> (G) All records about Jimenez created on or before March 3, 2017;
>
> (H) All notifications to ICE from CoreCivic (formerly known as the Corrections Corporation of America) regarding Jimenez's medical or psychiatric treatment, disciplinary and classification history, and complaints and grievances, visitations, and phone logs; and

     (I)  Any other records pertaining in any way to Jimenez's identification, apprehension, detention, and death in ICE custody.

7. On October 3, 2017, in a separate FOIA request attached as Ex. 2, Plaintiff submitted the following to ICE:

Pursuant to the Freedom of Information Act, I hereby request the following agency records on behalf of my clients:

  (1) Contracts and Agreements
All contracts and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

  (2) Inspections
All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

  (3) Significant Incident Reports/Significant Event Notifications
All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office

  (4) IHSC Policy and Practice Materials
All written policies, practices, and standards governing the performance of IHSC's medical duties at the Stewart Detention Center.

8. After numerous correspondence between Plaintiff and ICE, including an administrative appeal, Plaintiff filed the Complaint in this matter on February 8, 2018.

**III. ICE FOIA'S PRODUCTIONS IN REPSONSE TO PLAINTIFF'S REQUESTS**

9. In July 2018, ICE FOIA began producing responsive records to the Plaintiff. The productions continued through July 2019. The cover letters for each of the productions are attached as Ex. 3.

10. After additional correspondence with Plaintiff, ICE conducted supplemental searches and began producing supplemental records in October 2019. The supplemental productions continued through February 2020. The cover letters for each of the supplemental productions are attached as Ex. 4.

11. After Plaintiff reviewed the supplemental records, Plaintiff re-approached ICE about additional records. As a result, ICE conducted another round of supplemental searches and located additional responsive records. Specifically, ICE located 3,533 pages of records and approximately 380 audio and/or video files. ICE re-started the productions of supplemental records in September 2020, Ex. 5, and expects to complete its productions in February 2021.

12. I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief. Signed this _5th_ day of October 2020.

Fernando Pineiro, Deputy FOIA Officer
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009