# EXHIBIT 3

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



August 06, 2018

Robert Free
Law Office of R Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: ICE FOIA Case Number 2018-ICLI-00023 – Chaverra v Immigration and Customs Enforcement (ICE) et al. 1:18-cv-00289-JEB**

Dear Mr. Free:

This is the first interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.   All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2.  All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4.  All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph, A# 204-603-723.

Litigation of 2017-ICFO-32679/2018-ICAP-00004;2018-ICFO-00998 & 2018-ICFO-00999

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual[1] unless the agency has exempted the system of records from the access provisions of the Privacy Act.[2]

ICE has processed 175 pages of responsive documents.  Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

---

[1] 5 U.S.C. § 552a(d)(1).
[2] 5 U.S.C. §§ 552a(d)(5), (j), and (k).

Page **3** of **3**

Sincerely,

*Casie Matter for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  175 page(s)

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



August 09, 2018

Robert Free
Law Office of R Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: ICE FOIA Case Number 2018-ICLI-00023 – Chaverra v Immigration and Customs Enforcement (ICE) et al. 1:18-cv-00289-JEB**

Dear Mr. Free:

This is the second interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office

4. all records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723

Litigation of 2017-ICFO-32679/2018-ICAP-00004;2018-ICFO-00998 & 2018-ICFO-00999

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual[1] unless the agency has exempted the system of records from the access provisions of the Privacy Act.[2]

ICE has processed 717 pages of responsive documents.  Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below.

**FOIA Exemption 4** protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential.  The courts have held that this subsection protects (a) confidential commercial information, the disclosure of which is likely to cause substantial harm to the competitive position of the person who submitted the information and (b) information that was voluntarily submitted to the government if it is the kind of information that the provider would not customarily make available to the public.  I have reviewed the responsive documents, the submitter's objections to release, and relevant case law, and I have determined that portions of the responsive records are exempt from disclosure under subsection (b)(4) of the FOIA and must be withheld in order to protect the submitter's proprietary interests.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

---

[1] 5 U.S.C. § 552a(d)(1).
[2] 5 U.S.C. §§ 552a(d)(5), (j), and (k).

Page **3** of **3**

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Casie Matter for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  717 page(s)

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



September 18, 2018

Robert Free
Law Office of R Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE:   ICE FOIA Case Number 2018-ICLI-00023 – Chaverra v Immigration and Customs
Enforcement (ICE) et al. 1:18-cv-00289-JEB**

Dear Mr. Free:

This is the third interim response to your client's Freedom of Information Act (FOIA) request to
U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are
seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing
detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between
January 1, 2017 and the date of the agency's response to this request. This request includes, but is
not limited to, Inter-governmental services agreements with Stewart County, Georgia and any
other state or local government entity providing ICE any services of any type at Stewart. It also
includes any modifications, addenda, riders, or performance work statement incorporated to
these agreements. These records are likely to be found in ICE's Office of Acquisition
Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be
limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor,
Stewart County, GA, the Nakamoto Group, and Creative Corrections

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the
date of the agency's response to this request. These inspections may have been conducted by ICE
Office of Detention Oversight, the American Correctional Association, or a private contractor
such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any
detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the
agency's response to this request. These records are expected to be maintained digitally in ICE's
information systems infrastructure, either at HQ, or within the Atlanta Field Office

4. all records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-

723

Litigation of 2017-ICFO-32679/2018-ICAP-00004;2018-ICFO-00998 & 2018-ICFO-00999

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual[1] unless the agency has exempted the system of records from the access provisions of the Privacy Act.[2]

ICE has processed 524 pages of responsive documents and 1 Excel spreadsheet. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below.

ICE has applied Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees. The disclosure of these communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal

---

[1] 5 U.S.C. § 552a(d)(1).
[2] 5 U.S.C. §§ 552a(d)(5), (j), and (k).

privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Casie Matter for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   524 pages and 1 Excel spreadsheet

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

October 29, 2018

Mr. R. Andrew Free
Law Office of  R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE:** **CHAVERRA v. ICE et al**, 1:18-cv-00289-JEB (D.D.C.)
     **ICE FOIA Case Number 2018-ICLI-00023**
     **Fourth Interim Release**

Dear Mr. Free:

This is the fourth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 654 pages of records were reviewed for this interim production.  The 654 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees.  The disclosure of these communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context.  The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege.  After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.  The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation.  The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.   It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information.  The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   654 pages

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



December 3, 2018

Mr. R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
    **ICE FOIA Case Number 2018-ICLI-00023**
    **Fifth Interim Release**

Dear Mr. Free:

This is the fifth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 500 pages of records were reviewed for this interim production.  The 500 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees.  The disclosure of these communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context.  The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege.  After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.  The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation.  The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.   It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information.  The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   500 pages

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12ᵗʰ St., SW
Washington, D.C. 20536



February 6, 2019

Mr. R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
**ICE FOIA Case Number 2018-ICLI-00023**
**Sixth Interim Release**

Dear Mr. Free:

This is the sixth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

Page **2** of **3**

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 555 pages of records were reviewed for this interim production.  The 487 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

ICE has applied Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees.  The disclosure of these communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context.  The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege.  After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.  The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation.  The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.   It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information.  The attorney-client privilege is not limited to the context of litigation.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  487 pages

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



February 6, 2019

Mr. R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
  **ICE FOIA Case Number 2018-ICLI-00023**
  **Seventh Interim Release**

Dear Mr. Free:

This is the seventh interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 543 pages of records were reviewed for this interim production. The 543 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

ICE has applied Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees. The disclosure of these communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

Page **3** of **3**

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   543 pages

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

March 8, 2019

Mr. R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
      **ICE FOIA Case Number 2018-ICLI-00023**
      **Eighth Interim Release**

Dear Mr. Free:

This is the eighth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 649 pages of records were reviewed for this interim production.  The 649 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

ICE has applied Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees.  The disclosure of these communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context.  The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege.  After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.  The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation.  The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.   It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information.  The attorney-client privilege is not limited to the context of litigation.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   649 pages

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



April 4, 2019

Mr. R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
      **ICE FOIA Case Number 2018-ICLI-00023**
      **Ninth Interim Release**

Dear Mr. Free:

This is the Ninth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 563 pages of records were reviewed for this interim production. The 563 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

Page **3** of **3**

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  563 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

April 4, 2019

Mr. R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
    **ICE FOIA Case Number 2018-ICLI-00023**
    **Tenth Interim Release**

Dear Mr. Free:

This is the Tenth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018. Your clients are seeking the following records pertaining to:

1. All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 660 pages of records were reviewed for this interim production. The 660 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

Page **3** of **3**

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  660 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



May 15, 2019

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
     **ICE FOIA Case Number 2018-ICLI-00023**
     **Eleventh Interim Release**

Dear Mr. Free:

This is the eleventh interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 731 pages of records were reviewed for this interim production. The 731 pages of records were derived from a search of records from the Office of Inspector General and records referred from the Department of Homeland Security. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees, and portions of the responsive documents which qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege.

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

Page **3** of **3**

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   731 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



May 31, 2019

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)
ICE FOIA Case Number 2018-ICLI-00023
Twelfth Interim Release**

Dear Mr. Free:

This is the twelfth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018. Your clients are seeking the following records pertaining to:

1. All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 525 pages of records were reviewed for this interim production.  The 525 pages of records were derived from a search of records from the Department of Homeland Security. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees, and portions of the responsive documents which qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege.

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of

Page **3** of **3**

personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  525 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

July 8, 2019

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE:** <u>CHAVERRA v. ICE et al</u>, **1:18-cv-00289-JEB (D.D.C.)**
**ICE FOIA Case Number 2018-ICLI-00023**
**Thirteenth Interim Release**

Dear Mr. Free:

This is the thirteenth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018. Your clients are seeking the following records pertaining to:

1. All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

Page **2** of **3**

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 497 pages of records were reviewed for this interim production.  The 497 pages of records were derived from a search of records from the Department of Homeland Security. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees, and portions of the responsive documents which qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege.

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of

personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   497 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



July 19, 2019

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
       **ICE FOIA Case Number 2018-ICLI-00023**
       **Final Response Letter**

Dear Mr. Free:

This is the final response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 473 pages of records were reviewed for this production.  The 473 pages of records were derived from a search of records from the Department of Homeland Security. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   473 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530