# EXHIBIT 4



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

**U.S. Immigration
and Customs
Enforcement**

October 25, 2019

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

RE: <u>**CHAVERRA v. ICE et al**</u>**, 1:18-cv-00289-JEB (D.D.C.)**
    **ICE FOIA Case Number 2018-ICLI-00023**
    **Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018. Your clients are seeking the following records pertaining to:

1. All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 528 pages of records were reviewed for this production.  The 528 pages of records were derived from a search of records from the Department of Homeland Security.  Of those 528 pages, ICE determined that only 504 pages were responsive to your request. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

Page **3** of **3**

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   504 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

December 10, 2019

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
       **ICE FOIA Case Number 2018-ICLI-00023**
       **Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 520 pages of records were reviewed for this production.  The 520 pages of records were derived from a search of records from the Department of Homeland Security.  Of those 520 pages, ICE determined that only 415 pages were responsive to your request. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Dexter E. Johnson/for*

Fernando Pineiro Jr
(A)FOIA Officer

Enclosure(s):  415 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St.. SW
Washington. D.C. 20536



**U.S. Immigration
and Customs
Enforcement**

January 22, 2020

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)
ICE FOIA Case Number 2018-ICLI-00023
Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request
to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are
seeking the following records pertaining to:

1.   All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing
detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between
January 1, 2017 and the date of the agency's response to this request. This request includes, but is
not limited to, Inter-governmental services agreements with Stewart County, Georgia and any
other state or local government entity providing ICE any services of any type at Stewart. It also
includes any modifications, addenda, riders, or performance work statement incorporated to these
agreements. These records are likely to be found in ICE's Office of Acquisition Management
and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to,
agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County,
GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the
date of the agency's response to this request. These inspections may have been conducted by ICE
Office of Detention Oversight, the American Correctional Association, or a private contractor such
as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any
detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the
agency's response to this request. These records are expected to be maintained digitally in ICE's
information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 516 pages of records were reviewed for this production. The 516 pages of records were derived from a search of records from the Department of Homeland Security. Of those 516 pages, ICE determined that only 429 pages were responsive to your request. Of those 429 pages, three (3) pages require consultation/referral with other agencies/components. Those three (3) pages will be produced at a later time. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

Page **3** of **3**

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

Fernando Pineiro Jr
(A) FOIA Officer

Enclosure(s):   426 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



March 4, 2020

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)
ICE FOIA Case Number 2018-ICLI-00023
Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 8, 2018.  Your clients are seeking the following records pertaining to:

1.    All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 811 pages of records were reviewed for this production. The 811 pages of records were derived from a search of records from the Department of Homeland Security. Of those 811 pages, ICE determined that only 255 pages were responsive to your request. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Dexter C. Johnson/for*

Fernando Pineiro Jr
(A)FOIA Officer

Enclosure(s):   255 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530