*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



September 15, 2020

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)
   ICE FOIA Case Number 2018-ICLI-00023
   Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 8, 2018.  Your clients are seeking the following records pertaining to:

1.   All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A search of the Office of Health Service Corps (IHSC) located records that were responsive to your request. For this production ICE reviewed 570 pages of potentially responsive records. Of those 570 pages, ICE determined that 109 pages were deemed non-responsive or duplicates. The remaining 461 pages were responsive to your request. ICE has applied FOIA Exemptions (b)(5), (b)(6), (b)(7)(C) and (b)(7)(e) to portions of these pages as described below.

**FOIA Exemption (5)** exempts from disclosure inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

If you have any questions about this letter, please contact Assistant United States Attorney Katy Molen.

                                            Sincerely,

                                            *Dexter E. Johnson/for*

                                            Catrina Pavlik-Keenan
                                            FOIA Officer

Enclosure(s):   461 pages

cc:
Kathleene (Katy) Molen
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 4th Street NW Washington, D.C. 20530
Kathleene.Molen@usdoj.gov