UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GILBERTO RODRIGUEZ CHAVERRA, <br><br> Plaintiff, <br><br> v. <br><br> U.S IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> Defendants. | Civil Action No. 18-289 (JEB) |

## ORDER

Plaintiff Gilberto Rodriguez Chaverra is the administrator of the estate of Jeancarlo Alfonso Jimenez, who died in 2017 in the custody of U.S. Immigration and Customs Enforcement. Via the Freedom of Information Act, Chaverra has been seeking records since then about the death and certain agency procedures. Believing that ICE's delayed production violates FOIA's requirements, he now moves for an Order from this Court requiring prompter release. The Court will deny the Motion.

As the Government points out, following its initial search, it produced between August 2018 and July 2019 over 7,000 pages to Chaverra. See ECF No. 50 (Govt. Opp.) at 5. Spurred by Plaintiff's concerns, it then conducted a supplemental search and released over 1,500 more pages between October 2019 and March 2020. Id. at 5–6. Further questions precipitated an additional search, which yielded another "approximately 3,500 pages of potentially responsive documents and approximately 380 audio and video files." Id. at 6. Of this last tranche, ICE processed 570 pages and released 461 in September, and it processed 572 pages and released 454

1

last week. See ECF No. 51 (Status Report) at 2. It "expects to complete processing by February 2021." Opp. at 4, 6.

Chaverra contends that such a pace violates 5 U.S.C. § 552(a)(3)(A), which requires that an agency "shall make the records promptly available" to the requester. See ECF No. 45-1 (Pl. Memo.) at 1. He cites no caselaw in support of his interpretation, relying exclusively on the bare language of the statute and legislative history, which expresses dismay at delays in production. Id. at 3–6. The Court understands his frustration, but he sits in a far better place than many FOIA requesters inasmuch as he has already received over 8,500 pages. As this Court has often noted, moreover, the explosion of FOIA requests and subsequent litigation has created a substantial workload for agencies, which has only been exacerbated by the Covid-19 pandemic. See, e.g., Am. Ctr. for Law and Justice v. U.S. Dep't of State, 289 F. Supp. 3d 81, 91 (D.D.C. 2018) (discussing State Department's backlog). While all requesters are eager to jump to the front of the queue, this Court and others have approved production schedules akin to what ICE proposes here. See, e.g., RNC v. U.S. Dep't of State, No. 16-486, 2016 WL 9244625, at *1 (D.D.C. Sept. 16, 2016) (Boasberg, J.) (referring to its Order that State "maintain its 500-pages-per-month pace"); Nat'l Sec. Counselors v. U.S. Dep't of Justice, 848 F.3d 467, 471–72 (D.C. Cir. 2017) (recognizing that FBI's 500-page-per-month policy "serves to promote efficient responses to a larger number of requesters"); Daily Caller News Found. v. FBI, 387 F. Supp. 3d 112, 121 (D.D.C. 2019) ("This Court finds no reason in this case to vary from the FBI's policy of processing 500 pages per month . . . .").

Nor does Plaintiff claim that he is entitled to expedited processing, which is available for requesters who demonstrate a "compelling need." 5 U.S.C. § 552(a)(6)(E). This is defined in the following manner: "(I) that a failure to obtain requested records on an expedited basis

under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or (II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." Id. § 552(a)(6)(E)(v).  Neither is the case here.

The Court, accordingly, ORDERS that Plaintiff's Motion for Partial Summary Judgment is DENIED.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  November 5, 2020