UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GILBERTO RODRIGUEZ CHAVERRA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Defendants. | Civil Action No. 18-0289 (JEB) |

### JOINT STATUS REPORT

This Freedom of Information Act ("FOIA") matter involves five separate FOIA requests by Plaintiff to three agency components of the Department of Homeland Security. Counsel for the parties have regularly conferred regarding the status of the agencies' response to Plaintiff's FOIA requests. The parties report the following:

**Defendant's position**

U.S. Immigration and Customs Enforcement ("ICE") has now completed its second supplemental search and reports that it located approximately 3500[1] pages of responsive records and approximately 380 audio and video files. As noted in the previous Joint Status Report, ICE anticipated a production of these documents to begin on September 18, 2020, with an average production rate of 550 pages per month.

On August 7, 2020, Office for Civil Rights and Civil Liberties ("CRCL") completed its production of records to Plaintiff.

---

[1] Agency counsel has rectified this number, it was previously reported as "2800."

On September 15, 2020, ICE produced its first release of documents with respect to its second supplemental search for responsive records; ICE processed 570 pages and released to plaintiff non-exempt information on 461 pages.  On October 30, 2020, ICE produced its second release of documents with respect to its second supplemental search for responsive records; ICE processed 572 and released to plaintiff non-exempt information on 454 pages.  On November 13, 2020, ICE produced its third release of documents with respect to its second supplemental search for responsive records; ICE processed 528 pages and released to plaintiff non-exempt information on 476 pages.  On December 16, 2020, ICE produced its fourth release of documents with respect to its second supplemental search for responsive records: ICE processed 577 pages and released to plaintiff non-exempt information on 510 pages.  On January 11, 2021, ICE produced its fifth release of documents with respect to its second supplemental search for responsive records: ICE processed 533 pages and released to plaintiff non-exempt information on 461 pages.

Plaintiff wishes to challenge the adequacy of ICE's search and to seek leave for limited discovery.  However ICE has not completed the production of responsive records, and as such summary judgment briefing as to the adequacy of ICE's search is premature.  ICE indicates that February should be the last of the paper records.  ICE anticipates beginning the processing of the audio/video files as soon as the paper records are complete.  ICE anticipates that it will have a better estimate for the processing and completion of the audio/video by the next joint status report.

Defendants propose to submit a further status report to update the Court on ICE's production of records on March 8, 2021.

**Plaintiff's position**

Plaintiff respectfully requests that the Court set a Case Management Conference. Plaintiff intends to seek leave to take limited discovery from ICE regarding the FOIA tasking and search process that produced the newfound agency records disclosed in its December 2020 and January 2021 productions. The content of those productions calls into doubt the good faith of the agency's efforts to search for and produce responsive records. Most notably, the December production contains a screenshot from an ICE case management demonstrating senior officials in ICE's Atlanta Field Office, and subsequently, ICE's Office of Professional Responsibility, misled Congress and the public regarding their response to Mr. Jimenez's serious mental health condition. The January 2021 production contains even more persuasive evidence of a concerted effort to withhold the facts of ICE's responsibility for Mr. Jimenez's death from his family, the public, and Congress. This production contains never-before-seen June 2017 interview notes from an ICE death investigator's on-site mortality review. In these notes, ICE medical and enforcement personnel state unequivocally that they had raised concerns with ICE leadership about the short-staffing and known gaps in care that occurred in the run-up to Mr. Jimenez's death. They further contain documentary evidence that reviewers omitted specific failures in medical records handling that were never analyzed by the mortality review, and thus, could not be corrected. None of these concerns is accurately reflected in ICE's final, publicly released Detainee Death Report, Mortality Review, or Root Cause Analysis.

Taken together, these newly released records suggest senior ICE Officials – including current Acting Director Tae Johnson, who personally approved the agency's communications to Congress about Mr. Jimenez's death – appear to be engaging in an active cover-up. Since Mr.

Jimenez's death at Stewart on May 15, 2017, a shocking seven (7) more people have died during or shortly after being imprisoned there, making Stewart the deadliest ICE detention facility in the nation. And in the wake of substantiated allegations of medical and gynecological abuse at the Irwin County Detention Center in nearby Ocilla, Georgia, ICE has now begun imprisoning women at Stewart alongside men.

To determine what went wrong with ICE's prior FOIA searches and to confirm that the agency's currently tasked approach won't permit Defendants to send Plaintiff on yet another three-year goose chase, Plaintiff intends to propound nor more than five (5) interrogatories and requests for production to ICE regarding its search.

Finally, Plaintiff notes that because ICE has not provided a date by which the agency will complete production, it is in violation of the Act's Promptly Available requirement. Plaintiff thus requests the Court set a date-certain for the release of the remaining 380 audio and video files – which ICE has not even begun to process and turn over.

Dated: February 8, 2021

Respectfully submitted,

 /s/ *Andrew Free*
R. ANDREW FREE, D.D.C. Bar #59830
Law Office of R. Andrew Free
PO Box 90568
Nashville, TN 37209
O: (844) 321-3221x1
F: (615) 829-8959
Andrew@ImmigrantCivilRights.com

*Counsel for Plaintiff*


MICHAEL R. SHERWIN
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: */s/ Kathleene Molen*
KATHLEENE MOLEN
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 803-1572
Kathleene.Molen@usdoj.gov

*Counsel for Defendants*