UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GILBERTO RODRIGUEZ CHAVERRA, | |
| Plaintiff, | |
| v. | Civil Action No. 18-0289 (JEB) |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | |
| Defendants. | |

## JOINT STATUS REPORT

Pursuant to this Court's February 15, 2023 Minute Order, Plaintiff, Gilberto Rodriguez Chaverra, the administrator of the estate of Jeancarlo Alfonso Jimenez Joseph, and Defendants, Dr. Stewart D. Smith, in his official capacity as Assistant Director for the Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE"), ICE Health Services Corps., the Department of Homeland Security Office of Inspector General ("OIG"), and the Department of Homeland Security Office for Civil Rights and Civil Liberties ("CRCL"), through their respective counsel, respectfully file this joint status report informing the Court as to the status of this case and proposing a schedule governing future proceedings.

Plaintiff filed this Freedom of Information Act ("FOIA") matter on February 8, 2018, to compel the production of documents responsive to five separate FOIA requests submitted by Plaintiff to Defendants. As of February 17, 2021, all Defendants have completed their production of records. Since then, the parties have been conferring about the outstanding issues that Plaintiff has with each of the Defendants' separate productions, in order to resolve as many of these issues between the parties as possible and outside of the Court. An update on the proposed schedules for resolving FOIA claims against each component is as follows.

## OIG

With regard to OIG's response to Plaintiff's FOIA request, the parties have agreed to a briefing schedule, which the Court adopted for OIG's anticipated summary judgment motion. *See* Feb. 15, 2023 Min. Order. In the process of conferring on briefing schedules, Plaintiff has also confirmed that Plaintiff is not contesting OIG's interim releases numbered 11-17 and OIG will review categories of withholdings, identified by Plaintiff and make re-releases if necessary.

## CRCL

**CRCL's Status on Supplemental Search, Proposed Schedule, and Response to Objections**

As CRCL reported in the parties' last joint status report, CRCL has conducted a re-review of the records gathered from its initial search and is finalizing a supplemental production of responsive and non-exempt material to send to Plaintiff. CRCL expects to send this production to Plaintiff by the time it proposes a further joint status report be due on June 20, 2023.

Separately, CRCL has completed its supplemental search as described in the parties' last joint status report. The results of this search returned a large number of complaint investigation files, which CRCL aims to now try to narrow. Specifically, this supplemental search relates to Plaintiff's request for any communications, assessments, or investigations related to Core Civic and Stewart County's compliance with their contracts to operate the Stewart Detention Facility from January 1, 2017 until the date of the search. Once CRCL is able to narrow the results of its search, it proposes to start processing these additional records at a rate of 500 pages per month with rolling releases each month. In light of this status, CRCL proposes filing a further joint status report to appraise the Court as to the status of CRCL's supplemental search by June 20, 2023.

Defendant objects to Plaintiff's proposal (below) that CRCL be directed to move for an *Open America* Stay by June 20, 2023 to complete the processing of any records gathered in its

supplemental search.  This instant matter is distinguishable from *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).  In *Open America*, the plaintiff's FOIA request was deep in the FBI's then-existing backlog and had not been processed.  *Id.*  Here, the CRCL has processed Plaintiff's FOIA requests and released records and is now performing a supplemental search in good faith.  Moreover, contrary to Plaintiff's representations, it is well established that "[c]ourts have broad discretion to determine a reasonable processing rate for a FOIA request."  *Colbert v. FBI*, No. 16-cv-1790, 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018).  And, Plaintiff cites no basis to deviate from CRCL's proposed processing rate of 500-pages per month, which Courts in this District have maintained as reasonable and consistent with the goals of FOIA to promote efficient responses to the largest number of requesters.[1]  As CRCL has just completed its supplemental search and is now trying to narrow the results of its supplemental search to complete processing more quickly, it has neither an absolute, nor accurate page count, at

---

[1]     *See, e.g., Nat'l Sec. Counselors v. Dep't of Just.*, 848 F.3d 467, 471–72 (D.C. Cir. 2017) (recognizing that FBI's 500-page-per-month policy "serves to promote efficient responses to a larger number of requesters"); Min. Order, *Project for Privacy & Surveillance Accountability, Inc. v. Office of the Dir. of Nat'l Intel.*, Civ. A. No. 21-1217 (TSC) (D.D.C. Apr. 19, 2022) (approving, over the plaintiff's objection, agency's processing rate of 100 pages per month); Min. Order, *Citizens for Resp. & Ethics in Wash. v. Dep't of Homeland Sec.*, Civ. A. No. 19-3544 (APM) (D.D.C. Feb. 1, 2022) (declining to increase the processing of 300 pages to 500 pages per month); *Chaverra v. ICE*, Civ. A. No. 18-0289 (JEB), 2020 WL 7419670, at *1 (D.D.C. Nov. 5, 2020) ("this Court and others have approved production schedules akin to what [the agency] proposes here"—i.e., roughly 500 pages per month); Min. Order, *Martinez v. Dep't of Just.*, Civ. A. No. 20-0251 (RDM) (D.D.C. June 5, 2020) (ordering 500 page per month processing rate); Min. Order, *Reps. Comm. for Freedom of the Press v. CBP*, Civ. A. No. 19-2401 (CRC) (D.D.C. Apr. 3, 2020) (ordering 500 page per month processing rate); Min. Order, *S. Utah Wilderness All. v. Dep't of Interior*, Civ. A. No. 19-2203 (TNM) (D.D.C. Nov. 25, 2019) (ordering 500 page per month processing rate); Min. Order, *Ctr. for Reproductive Rights v. Dep't of State,* Civ. A. No. 18-2217 (DLF) (D.D.C. Apr. 3, 2019) (denying plaintiff's request for a 1,000 page per month processing rate; ordering a 300 page per month processing rate); Min. Order, *Ctr. for Bio. Diversity v. Dep't of Interior*, Civ. A. No. 17-1595 (RC) (D.D.C. July 23, 2019) (ordering 500 page per month processing rate).

this time, of the total number of pages to be processed for its supplemental search. CRCL can provide this update in a further joint status report.

Good cause, moreover, exists to allow CRCL time to complete its narrowing of its supplemental search, identify its page count, and begin processing the results of its supplemental search. Since new counsel has been assigned this matter, Defendants' counsel has attempted to renew efforts to narrow the contested issues in this matter. In November 2022, the parties came to an agreement to narrow the scope of issues in this case. In December 2022, however, Plaintiff identified two records that Plaintiff believed should have been produced as a part of CRCL's search. CRCL explained that one of the records identified was not a CRCL record and the other publicly available document was not captured by CRCL's search. But a reasonable search is not determined by the fruits of the search but rather by the appropriateness of the methods used, which CRCL maintained at the time was reasonable. In response, Plaintiff stated that "CRCL's response did not establish the requisite trust necessary to our contemplated process" and abandoned all previous plans that the parties had agreed to work through to narrow the scope of issues in this case. As there were no previously agreed to pre-requisites to the parties' plan to try to narrow the issues in dispute, Defendants were confused by this response. Nonetheless, CRCL continued to evaluate its prior search conducted in 2017 by employees no longer with the agency and in an effort to avoid one more issue related to the search that the parties would necessarily have to litigate in this matter, CRCL decided to run a supplemental search. Plaintiff objects to CRCL acting unilaterally, but with Plaintiff response to efforts to narrow the issues in this case, CRCL made this decision in good faith and not in an effort to delay proceedings in this matter.

**Plaintiff's Position**

Plaintiff confirmed in writing on April 19, 2023 that he remains interested in all responsive records located by CRCL. The crux of Plaintiff's objection to CRCL's proposal is the agency's unilateral assertion of the power to decide when that production occurs. This assertion, and any court order adopting it, violates the separation of powers and plain language of FOIA in two ways.

First, Plaintiff objects to CRCL's 500 page-per-month proposal because it violates 5 USC 552(a)(7)(B)(ii). That provision requires an agency to give the requester an estimated date of production upon agreeing to make records available. CRCL has not done so.

Second, the Court lacks jurisdiction to enter such an order without a showing by CRCL of exceptional circumstances and due diligence pursuant to 552(a)(6)(C)(i). Plaintiff therefore respectfully requests that this Court order CRCL to provide an estimated date of production, and make any evidentiary showing that it is entitled to the relief it seeks no later than June 20, 2023.

FOIA requires the agency to provide an "estimated date" on which a production will be made. CRCL requests the Court "allow CRCL to complete processing of all supplemental records and then the parties can propose a briefing schedule for summary judgment." There is a provision for the relief CRCL seeks in the statute that governs is actions in this case. That provision is 5 USC 552(a)(6)(C)(i). It reads, "if the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. Because CRCL has not acknowledged this burden, much less made this showing, Congress has not afforded this Court with the authority to allow CRCL additional time to complete its review of records. Because CRCL has not counted the number of responsive pages in the 60 days since the parties' last conferral, it

cannot provide that estimated date. The agency's open-ended, 500-page-per-month assertion therefore violates is obligation under 5 USC 552(a)(7)(B)(ii).

## ICE

With regard to ICE, as previously reported, the parties had previously agreed to use a sample *Vaughn* Index in support of any anticipated motions for summary judgment and had previously agreed that Plaintiff would propose the pages to include in that sample *Vaughn* Index. Plaintiff proposed these pages on March 17, 2023, and ICE followed up with questions regarding the proposed pages on March 31, 2023, April 11, 2023, and April 12, 2023. The parties then met and conferred on April 17, 2023 regarding issues with Plaintiff's proposed pages for the *Vaughn* Index. Essentially, ICE was concerned that the pages Plaintiff proposed for the sample *Vaughn* Index were not, based on how they appeared to have been selected, a sampling of ICE's production in this matter.[2] Plaintiff maintains that the proposed pages for the *Vaughn* Index are a representative sampling of ICE's production in this matter.

Both parties then proposed solutions in an effort to try to mend the deficiencies in Plaintiff's sample *Vaughn* Index, however, during this process, Plaintiff also clarified that any sample *Vaughn* Index in this matter would only apply to ICE's summary judgment motion and that Plaintiff would reserve the right to challenge exemptions not included in the sample *Vaughn* for its affirmative summary judgment brief. As this approach would defeat the purpose of a sample *Vaughn* Index, ICE believes that the parties are no longer able to reach an agreement on the content and application of ICE's request to use a sample *Vaughn* Index in this case. Accordingly, the

---

[2]     ICE notes, for example that Plaintiff's proposed *Vaughn* Index selects pages from only four of the 24 interim releases that ICE made in this case and in one interim release, Plaintiff sought a consecutive batch of approximately 200 pages of criminal rap sheets that contained whole pages without redactions and others with redactions applied only for (b)(6) and (b)(7)(C) FOIA exemptions.

parties proposes that ICE will move by May 26, 2023 for leave from the Court to use a proposed sample *Vaughn* Index and to move for summary judgment 90 days after the Court's ruling on that motion for leave to use a sample *Vaughn* Index as follows:

| | |
|---|---|
| ICE's motion for leave to use sample *Vaughn* Index is due by | May 26, 2023 |
| Plaintiff's opposition to or counterproposal<br>for leave to use sample *Vaughn* Index due is due by | June 20, 2023 |
| ICE's reply for leave to use sample *Vaughn* Index is due by | July 11, 2023 |
| ICE's motion for summary judgment due by | (90 days after ruling) |
| Plaintiff's response and cross-motion for summary judgment due by | (60 days after) |
| ICE's reply in support of summary judgment and response to<br>cross-motion for summary judgment due by | (45 days after) |
| Plaintiff's reply in support of cross-motion for summary judgment due by | (30 days after) |

*    *    *

Proposed orders reflecting each parties' requests herein is attached.

Dated: April 19, 2023

By:_____*/s/ Andrew Fels*_____
ANDREW CHRISTIAN FELS
Detention Kills Transparency Initiative
3214 Fountain Park Boulevard
Knoxville, TN 37917
865-567-4881
fels@detentionkills.org

*Attorney for Plaintiff*

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____*/s/ Anna D. Walker*_____
       ANNA D. WALKER
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       202-252-2544
       anna.walker@usdoj.gov

*Attorneys for Defendant*