# Exhibit 1

**Walker, Anna (USADC)**

---

| | |
|---|---|
| **From:** | ICE-FOIA <ice-foia@ice.dhs.gov> |
| **Sent:** | Thursday, June 1, 2017 4:43 PM |
| **To:** | ICE-FOIA |
| **Subject:** | Form submission from: FOIA Request Form |

*This email message contains user responses to your form in two formats. The first section is presented in a layout that is easy to read where the user's response to each question is displayed on the next line. In Section 2, MS Excel Friendly Format, you can export the table rows by "copy and paste" into an MS Excel spreadsheet where you can aggregate, sort and search your user's responses.*

**Submitted on:** Thursday, June 1, 2017 - 16:43
**IP Address:** 66.171.227.29

# Section 1 - Easy-to-Read Format

## Contact Information

**Name (First, MI, Last):** Robert A Free

**Address:** PO BOX 90568

**City:** Nashville

**State:** Tennessee

**Zipcode:** 37209

**Daytime Phone Number:** 844-321-3221

**Fax Number:** 615-829-8959

**Email:** Andrew@ImmigrantCivilRights.com

## Describe the type(s) of document(s) you are requesting

**Enter company name, address, and any other information relevant to the request:**

All non-A-file agency records relating to Jeancarlo Alfonso Jimenez-Joseph, ("Jimenez") A204-603-723, including, but not limited to, (A) ICE's identification, interview, placement of a detainer on, arrest, and transfer of Jimenez in the Wake County, North Carolina Jail beginning on or around February 5, 2017 and continuing until on or around March 3, 2017; (B) all agency records relating to ICE's transfer of Jimenez to the York County, South Carolina Detention Facility, detention of Jimenez at the facility, and subsequent transfer to the Stewart Detention Center ("SDC") in Lumpkin, Georgia between March 3, 2017 and March 7, 2017; (C) all Immigrant Health Services Corps records pertaining to Jimenez; (D) all records relating to Jimenez's detention in SDC from on or around March 7, 2017 until his death on or around May 15, 2017; (E) all records created or obtained about Jimenez or his death after it occurred; (F) all inter-agency and external communications with any party regarding Jimenez; (G) all records about Jimenez created on or before

March 3, 2017; (H) all notifications to ICE from CoreCivic (formerly known as the Corrections Corporation of America) regarding Jimenez's medical or psychiatric treatment, disciplinary and classification history, and complaints and grievances, visitations, and phone logs, and (I) any other records pertaining in any way to Jimenez's identification, apprehension, detention, and death in ICE custody.

**Select a suitable description of yourself and the purpose of the request:** A. An individual seeking information for personal use and not for commercial use. If the subject matter of your request is yourself, ICE staff may contact you to verity your identity.

**Enter educational or scientific institution name:**

**Enter company/firm name:**

**Enter media company name:**

**Enter the maximum amount that you are willing to pay:** Up to $25

---

# Section 2 - MS Excel Friendly Format

*You can copy and paste the table rows below into an Excel Spreadsheet. Feel free to omit the first row if the columns exist in your spreadsheet already. Don't forget: the column headings map to the parenthetical statement at the end of each question in section 1.*

| Name (First, MI, Last): | Address: | City: | State: | Zipcode: | Daytime Phone Number: | Fax Number: | Email: | Enter cor name address any ot informa relevant reque |
|---|---|---|---|---|---|---|---|---|
| Robert A Free | PO BOX 90568 | Nashville | Tennessee | 37209 | 844-321-3221 | 615-829-8959 | Andrew@ImmigrantCivilRights.com | All non-A-agency re relating to Jeancarlo Alfonso Jimenez-Joseph, ("Jimenez A204-603 including, not limited (A) ICE's identificat interview, placemen detainer o arrest, an transfer o Jimenez i |

| Name (First, MI, Last): | Address: | City: | State: | Zipcode: | Daytime Phone Number: | Fax Number: | Email: | Enter con name address any ot informa relevant reque |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Wake Cou North Car Jail begin on or arou February 2017 and continuing on or arou March 3, (B) all age records re to ICE's tr of Jimene the York County, S Carolina Detention Facility, detention Jimenez a facility, an subseque transfer to Stewart Detention Center ("S in Lumpki Georgia between M 3, 2017 a March 7, (C) all Immigrant Health Se Corps rec pertaining Jimenez; records re to Jimene detention SDC from around M 7, 2017 ur death on around M 2017; (E) records cr |

| Name (First, MI, Last): | Address: | City: | State: | Zipcode: | Daytime Phone Number: | Fax Number: | Email: | Enter con name address any ot informa relevant reque |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | or obtaine about Jim or his dea after it occ (F) all inte agency ar external communic with any p regarding Jimenez; records al Jimenez created o before Ma 2017; (H) notificatio ICE from CoreCivic (formerly as the Correction Corporatic America) regarding Jimenez's medical o psychiatric treatment disciplinar classificat history, ar complaint grievance visitations phone log (I) any oth records pertaining any way t Jimenez's identificat apprehens detention, death in IC custody. |

# Exhibit 2

**Walker, Anna (USADC)**

**From:**      Andrew Free <randrewfree@gmail.com>
**Sent:**      Tuesday, October 3, 2017 9:41 AM
**To:**        ICE FOIA Office
**Subject:**   FOIA Request - Stewart Detention Center


Pursuant to the Freedom of Information Act, I hereby request the following agency records on behalf of my clients:

1.  Contracts and Agreements
All contracts and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. Inspections
All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office

4. IHSC Policy and Practice Materials
All written policies, practices, and standards governing the performance of IHSC's medical duties at the Stewart Detention Center.

I hereby agree to pay up to $25 for this request.

Please provide confirmation of the agency's receipt and supply the agency's response within the time allowed by law.

Best regards,

Andrew Free

Sent from my iPhone

# Exhibit 3

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



August 06, 2018

Robert Free
Law Office of R Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: ICE FOIA Case Number 2018-ICLI-00023 – Chaverra v Immigration and Customs Enforcement (ICE) et al. 1:18-cv-00289-JEB**

Dear Mr. Free:

This is the first interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018. Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2.  All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4.  All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph, A# 204-603-723.

Litigation of 2017-ICFO-32679/2018-ICAP-00004;2018-ICFO-00998 & 2018-ICFO-00999

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual[1] unless the agency has exempted the system of records from the access provisions of the Privacy Act.[2]

ICE has processed 175 pages of responsive documents.  Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

---

[1] 5 U.S.C. § 552a(d)(1).
[2] 5 U.S.C. §§ 552a(d)(5), (j), and (k).

Sincerely,

*Casie Matter for*

Catrina M. Pavlik-Keenan
FOIA Officer


Enclosure(s):  175 page(s)



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

August 09, 2018

Robert Free
Law Office of R Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: ICE FOIA Case Number 2018-ICLI-00023 – Chaverra v Immigration and Customs Enforcement (ICE) et al. 1:18-cv-00289-JEB**

Dear Mr. Free:

This is the second interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office

Page **2** of **3**

4. all records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723

Litigation of 2017-ICFO-32679/2018-ICAP-00004;2018-ICFO-00998 & 2018-ICFO-00999

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual[1] unless the agency has exempted the system of records from the access provisions of the Privacy Act.[2]

ICE has processed 717 pages of responsive documents.  Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below.

**FOIA Exemption 4** protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential.  The courts have held that this subsection protects (a) confidential commercial information, the disclosure of which is likely to cause substantial harm to the competitive position of the person who submitted the information and (b) information that was voluntarily submitted to the government if it is the kind of information that the provider would not customarily make available to the public.  I have reviewed the responsive documents, the submitter's objections to release, and relevant case law, and I have determined that portions of the responsive records are exempt from disclosure under subsection (b)(4) of the FOIA and must be withheld in order to protect the submitter's proprietary interests.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

---

[1] 5 U.S.C. § 552a(d)(1).
[2] 5 U.S.C. §§ 552a(d)(5), (j), and (k).

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Casie Matter for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  717 page(s)

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

September 18, 2018

Robert Free
Law Office of R Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE:    ICE FOIA Case Number 2018-ICLI-00023 – Chaverra v Immigration and Customs
Enforcement (ICE) et al. 1:18-cv-00289-JEB**

Dear Mr. Free:

This is the third interim response to your client's Freedom of Information Act (FOIA) request to
U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are
seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing
detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between
January 1, 2017 and the date of the agency's response to this request. This request includes, but is
not limited to, Inter-governmental services agreements with Stewart County, Georgia and any
other state or local government entity providing ICE any services of any type at Stewart. It also
includes any modifications, addenda, riders, or performance work statement incorporated to
these agreements. These records are likely to be found in ICE's Office of Acquisition
Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be
limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor,
Stewart County, GA, the Nakamoto Group, and Creative Corrections

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the
date of the agency's response to this request. These inspections may have been conducted by ICE
Office of Detention Oversight, the American Correctional Association, or a private contractor
such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any
detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the
agency's response to this request. These records are expected to be maintained digitally in ICE's
information systems infrastructure, either at HQ, or within the Atlanta Field Office

4. all records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-

Page **2** of **3**

723

Litigation of 2017-ICFO-32679/2018-ICAP-00004;2018-ICFO-00998 & 2018-ICFO-00999

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual[1] unless the agency has exempted the system of records from the access provisions of the Privacy Act.[2]

ICE has processed 524 pages of responsive documents and 1 Excel spreadsheet. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below.

ICE has applied Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees. The disclosure of these communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal

---

[1] 5 U.S.C. § 552a(d)(1).
[2] 5 U.S.C. §§ 552a(d)(5), (j), and (k).

privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Casie Matter for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   524 pages and 1 Excel spreadsheet

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

October 29, 2018

Mr. R. Andrew Free
Law Office of  R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
      **ICE FOIA Case Number 2018-ICLI-00023**
      **Fourth Interim Release**

Dear Mr. Free:

This is the fourth interim response to your client's Freedom of Information Act (FOIA) request
to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are
seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing
detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between
January 1, 2017 and the date of the agency's response to this request. This request includes, but is
not limited to, Inter-governmental services agreements with Stewart County, Georgia and any
other state or local government entity providing ICE any services of any type at Stewart. It also
includes any modifications, addenda, riders, or performance work statement incorporated to
these agreements. These records are likely to be found in ICE's Office of Acquisition
Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be
limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor,
Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the
date of the agency's response to this request. These inspections may have been conducted by ICE
Office of Detention Oversight, the American Correctional Association, or a private contractor
such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any
detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the
agency's response to this request. These records are expected to be maintained digitally in ICE's
information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 654 pages of records were reviewed for this interim production. The 654 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees. The disclosure of these communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  654 pages

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



December 3, 2018

Mr. R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
      **ICE FOIA Case Number 2018-ICLI-00023**
      **Fifth Interim Release**

Dear Mr. Free:

This is the fifth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018. Your clients are seeking the following records pertaining to:

1. All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 500 pages of records were reviewed for this interim production. The 500 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees. The disclosure of these communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  500 pages

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



February 6, 2019

Mr. R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)
ICE FOIA Case Number 2018-ICLI-00023
Sixth Interim Release**

Dear Mr. Free:

This is the sixth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 555 pages of records were reviewed for this interim production. The 487 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

ICE has applied Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees. The disclosure of these communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  487 pages

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

February 6, 2019

Mr. R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)
      ICE FOIA Case Number 2018-ICLI-00023
      Seventh Interim Release**

Dear Mr. Free:

This is the seventh interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 543 pages of records were reviewed for this interim production. The 543 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

ICE has applied Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees. The disclosure of these communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  543 pages

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

March 8, 2019

Mr. R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
      **ICE FOIA Case Number 2018-ICLI-00023**
      **Eighth Interim Release**

Dear Mr. Free:

This is the eighth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 649 pages of records were reviewed for this interim production. The 649 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

ICE has applied Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees. The disclosure of these communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Benton G. Peterson at (202) 252-2534.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   649 pages

cc: Benton G. Peterson
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

April 4, 2019

Mr. R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
      **ICE FOIA Case Number 2018-ICLI-00023**
      **Ninth Interim Release**

Dear Mr. Free:

This is the Ninth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018. Your clients are seeking the following records pertaining to:

1. All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 563 pages of records were reviewed for this interim production. The 563 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

Page **3** of **3**

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  563 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

April 4, 2019

Mr. R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
      **ICE FOIA Case Number 2018-ICLI-00023**
      **Tenth Interim Release**

Dear Mr. Free:

This is the Tenth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018. Your clients are seeking the following records pertaining to:

1. All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 660 pages of records were reviewed for this interim production. The 660 pages of records were derived from a search of records from the Office of Enforcement and Removal Operations. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

Page **3** of **3**

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  660 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

May 15, 2019

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
      **ICE FOIA Case Number 2018-ICLI-00023**
      **Eleventh Interim Release**

Dear Mr. Free:

This is the eleventh interim response to your client's Freedom of Information Act (FOIA) request
to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are
seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing
detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between
January 1, 2017 and the date of the agency's response to this request. This request includes, but is
not limited to, Inter-governmental services agreements with Stewart County, Georgia and any
other state or local government entity providing ICE any services of any type at Stewart. It also
includes any modifications, addenda, riders, or performance work statement incorporated to
these agreements. These records are likely to be found in ICE's Office of Acquisition
Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be
limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor,
Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the
date of the agency's response to this request. These inspections may have been conducted by ICE
Office of Detention Oversight, the American Correctional Association, or a private contractor
such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any
detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the
agency's response to this request. These records are expected to be maintained digitally in ICE's
information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 731 pages of records were reviewed for this interim production. The 731 pages of records were derived from a search of records from the Office of Inspector General and records referred from the Department of Homeland Security. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees, and portions of the responsive documents which qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege.

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   731 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



May 31, 2019

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
      **ICE FOIA Case Number 2018-ICLI-00023**
      **Twelfth Interim Release**

Dear Mr. Free:

This is the twelfth interim response to your client's Freedom of Information Act (FOIA) request
to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are
seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing
detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between
January 1, 2017 and the date of the agency's response to this request. This request includes, but is
not limited to, Inter-governmental services agreements with Stewart County, Georgia and any
other state or local government entity providing ICE any services of any type at Stewart. It also
includes any modifications, addenda, riders, or performance work statement incorporated to
these agreements. These records are likely to be found in ICE's Office of Acquisition
Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be
limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor,
Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the
date of the agency's response to this request. These inspections may have been conducted by ICE
Office of Detention Oversight, the American Correctional Association, or a private contractor
such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any
detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the
agency's response to this request. These records are expected to be maintained digitally in ICE's
information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 525 pages of records were reviewed for this interim production. The 525 pages of records were derived from a search of records from the Department of Homeland Security. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees, and portions of the responsive documents which qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege.

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of

personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  525 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



July 8, 2019

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
  **ICE FOIA Case Number 2018-ICLI-00023**
  **Thirteenth Interim Release**

Dear Mr. Free:

This is the thirteenth interim response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018. Your clients are seeking the following records pertaining to:

1. All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 497 pages of records were reviewed for this interim production. The 497 pages of records were derived from a search of records from the Department of Homeland Security. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees, and portions of the responsive documents which qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege.

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of

personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  497 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

July 19, 2019

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)
ICE FOIA Case Number 2018-ICLI-00023
Final Response Letter**

Dear Mr. Free:

This is the final response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018.  Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 473 pages of records were reviewed for this production. The 473 pages of records were derived from a search of records from the Department of Homeland Security. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

Page **3** of **3**

If you have any questions about this letter, please contact Assistant United States Attorney Derek
S. Hammond at (202) 252-2511.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  473 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

# Exhibit 4



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

**U.S. Immigration
and Customs
Enforcement**

October 25, 2019

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

RE: <u>**CHAVERRA v. ICE et al**</u>, **1:18-cv-00289-JEB (D.D.C.)**
     **ICE FOIA Case Number 2018-ICLI-00023**
     **Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018. Your clients are seeking the following records pertaining to:

1. All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 528 pages of records were reviewed for this production. The 528 pages of records were derived from a search of records from the Department of Homeland Security. Of those 528 pages, ICE determined that only 504 pages were responsive to your request. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

Page **3** of **3**

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   504 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



December 10, 2019

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
      **ICE FOIA Case Number 2018-ICLI-00023**
      **Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018. Your clients are seeking the following records pertaining to:

1. All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 520 pages of records were reviewed for this production. The 520 pages of records were derived from a search of records from the Department of Homeland Security. Of those 520 pages, ICE determined that only 415 pages were responsive to your request. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

Page **3** of **3**

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Dexter E. Johnson/for*

Fernando Pineiro Jr
(A)FOIA Officer

Enclosure(s):  415 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12ᵗʰ St., SW
Washington, D.C. 20536

**U.S. Immigration
and Customs
Enforcement**

January 22, 2020

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

### RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)
### ICE FOIA Case Number 2018-ICLI-00023
### Supplemental Response Letter

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 08, 2018. Your clients are seeking the following records pertaining to:

1.   All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 516 pages of records were reviewed for this production. The 516 pages of records were derived from a search of records from the Department of Homeland Security. Of those 516 pages, ICE determined that only 429 pages were responsive to your request. Of those 429 pages, three (3) pages require consultation/referral with other agencies/components. Those three (3) pages will be produced at a later time. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

Page **3** of **3**

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

Fernando Pineiro Jr
(A) FOIA Officer

Enclosure(s):  426 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

March 4, 2020

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
**ICE FOIA Case Number 2018-ICLI-00023**
**Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 8, 2018. Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A total of 811 pages of records were reviewed for this production. The 811 pages of records were derived from a search of records from the Department of Homeland Security. Of those 811 pages, ICE determined that only 255 pages were responsive to your request. Portions of documents will be withheld pursuant to Exemptions of the FOIA as described below:

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

Page **3** of **3**

If you have any questions about this letter, please contact Assistant United States Attorney Derek S. Hammond at (202) 252-2511.

Sincerely,

*Dexter C. Johnson/for*

Fernando Pineiro Jr
(A) FOIA Officer

Enclosure(s):  255 pages

cc: Derek S. Hammond
Assistant United States Attorney
United States Attorney's Office
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

# Exhibit 5



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

September 15, 2020

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)
      ICE FOIA Case Number 2018-ICLI-00023
      **Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 8, 2018. Your clients are seeking the following records pertaining to:

1.    All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A search of the Office of Health Service Corps (IHSC) located records that were responsive to your request.  For this production ICE reviewed 570 pages of potentially responsive records.  Of those 570 pages, ICE determined that 109 pages were deemed non-responsive or duplicates. The remaining 461 pages were responsive to your request. ICE has applied FOIA Exemptions (b)(5), (b)(6), (b)(7)(C) and (b)(7)(e) to portions of these pages as described below.

**FOIA Exemption (5)** exempts from disclosure inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

Page **3** of **3**

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

If you have any questions about this letter, please contact Assistant United States Attorney Katy Molen.

Sincerely,

*Dexter E. Johnson/for*

Catrina Pavlik-Keenan
FOIA Officer

Enclosure(s):  461 pages

cc:
Kathleene (Katy) Molen
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 4th Street NW Washington, D.C. 20530
Kathleene.Molen@usdoj.gov



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

October 30, 2020

Mr. R. Andrew Free
Law Office of R Andrew Free
R Andrew Free
2004 8TH AVE S
NASHVILLE, TN US 37204

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
**ICE FOIA Case Number 2018-ICLI-00023**
**Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 8, 2018.  Your clients are seeking the following records pertaining to:

1.    All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A search of the Office of Health Service Corps (IHSC) located records that were responsive to your request.  For this production ICE reviewed 572 pages of potentially responsive records.  Of those 572 pages, ICE determined that 15 pages were deemed non-responsive and 103 were deemed duplicates. The remaining 454 pages were responsive to your request. ICE has applied FOIA Exemptions (b)(5), (b)(6), (b)(7)(C) and (b)(7)(e) to portions of these pages as described below.

**FOIA Exemption (5)** exempts from disclosure inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

Page **3** of **3**

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

If you have any questions about this letter, please contact Assistant United States Attorney Katy Molen.

Sincerely,

Catrina Pavlik-Keenan
FOIA Officer

Enclosure(s):  454 pages

cc:
Kathleene (Katy) Molen
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 4th Street NW Washington, D.C. 20530
Kathleene.Molen@usdoj.gov

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



November 13, 2020

Mr. R. Andrew Free
Law Office of R Andrew Free
2004 8th Ave S
Nashville, TN 37204

**RE:** <u>CHAVERRA v. ICE et al</u>, **1:18-cv-00289-JEB (D.D.C.)**
**ICE FOIA Case Number 2018-ICLI-00023**
**Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 8, 2018.  Your clients are seeking the following records pertaining to:

1.    All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A search of the Office of Health Service Corps (IHSC) located records that were responsive to your request. For this production ICE reviewed 528 pages of potentially responsive records. Of those 528 pages, ICE determined that 39 pages were deemed duplicative and, 13 pages will be released in full. The remaining 476 pages will be withheld in part pursuant to FOIA Exemptions (b)(4), (b)(5), (b)(6), (b)(7)(c) and (b)(7)(e) as described below.

**FOIA Exemption 4** protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential. The courts have held that this subsection protects (a) confidential commercial information, the disclosure of which is likely to cause substantial harm to the competitive position of the person who submitted the information and (b) information that was voluntarily submitted to the government if it is the kind of information that the provider would not customarily make available to the public. I have reviewed the responsive documents and have determined that portions of the responsive records are exempt from disclosure under subsection (b)(4) of the FOIA and must be withheld in order to protect the submitter's proprietary interests.

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

Page **3** of **3**

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

If you have any questions about this letter, please contact Assistant United States Attorney Katy Molen.

Sincerely,

FERNANDO PINEIRO JR
Digitally signed by FERNANDO PINEIRO JR
Date: 2020.11.19 15:25:16 -05'00'

Fernando Pineiro Jr.
(A)FOIA Officer

Enclosure(s): 489 pages

cc:
Kathleene (Katy) Molen
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 4th Street NW Washington, D.C. 20530
Kathleene.Molen@usdoj.gov



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

December 16, 2020

Mr. R. Andrew Free
1390 Newton Avenue, SE
Atlanta, GA 30316

**RE:** <u>CHAVERRA v. ICE et al</u>, **1:18-cv-00289-JEB (D.D.C.)**
        **ICE FOIA Case Number 2018-ICLI-00023**
        **Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 8, 2018. Your clients are seeking the following records pertaining to:

1.  All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A search of the Office of Health Service Corps (IHSC) located records that were responsive to your request.  For this production ICE reviewed 577 pages of potentially responsive records.  Of those 577 pages, ICE determined that 5 pages were non-responsive, 57 pages were deemed duplicative and, 82 pages will be released in full. The remaining 428 pages will be withheld in part pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(c) and (b)(7)(e) as described below.

Please note that 5 pages require consults with outside agencies.

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals,

whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

If you have any questions about this letter, please contact Assistant United States Attorney Katy Molen.

Sincerely,

ROLANDO
VELASCO JR

Digitally signed by
ROLANDO VELASCO JR
Date: 2020.12.15 14:51:59
-05'00'

Senior Paralegal, ICE FOIA for

Fernando Pineiro Jr.
(A)FOIA Officer

Enclosure(s): 510 pages

cc:
Kathleene (Katy) Molen
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 4th Street NW Washington, D.C. 20530
Kathleene.Molen@usdoj.gov



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

January 11, 2021

Mr. R. Andrew Free
1390 Newton Avenue, SE
Atlanta, GA 30316

**RE: <u>CHAVERRA v. ICE et al</u>, 1:18-cv-00289-JEB (D.D.C.)**
      **ICE FOIA Case Number 2018-ICLI-00023**
      **Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 8, 2018. Your clients are seeking the following records pertaining to:

1.   All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

4. All records, including medical, pertaining to Jeancarlo Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A search of the Office of Health Service Corps (IHSC) located records that were responsive to your request.  For this production ICE reviewed 533 pages of potentially responsive records.  Of those 533 pages, ICE determined that 1 page was non-responsive, 71 pages were deemed duplicative and, 68 pages will be released in full. The remaining 393 pages will be withheld in part pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(c) and (b)(7)(e) as described below.

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the

investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

If you have any questions about this letter, please contact Assistant United States Attorney Katy Molen.

Sincerely,

ROLANDO VELASCO JR

Digitally signed by
ROLANDO VELASCO JR
Date: 2021.01.15
13:43:30 -05'00'

Senior Paralegal, ICE FOIA for

Fernando Pineiro Jr.
(A)FOIA Officer

Enclosure(s):  461 pages

cc:
Kathleene (Katy) Molen
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 4th Street NW Washington, D.C. 20530
Kathleene.Molen@usdoj.gov



*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536

February 17, 2021

Mr. R. Andrew Free
1390 Newton Avenue, SE
Atlanta, GA 30316

**RE:** <u>CHAVERRA v. ICE et al</u>**, 1:18-cv-00289-JEB (D.D.C.)**
　　　**ICE FOIA Case Number 2018-ICLI-00023**
　　　**Supplemental Response Letter**

Dear Mr. Free:

This is a supplemental response letter to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated February 8, 2018. Your clients are seeking the following records pertaining to:

1.　All contracts (DRO-IGSA-06-0003; HSCEDM-09-F-IG051) and agreements governing detention and medical operations at the Stewart Detention Center in Lumpkin, Georgia between January 1, 2017 and the date of the agency's response to this request. This request includes, but is not limited to, Inter-governmental services agreements with Stewart County, Georgia and any other state or local government entity providing ICE any services of any type at Stewart. It also includes any modifications, addenda, riders, or performance work statement incorporated to these agreements. These records are likely to be found in ICE's Office of Acquisition Management and/or ICE's Office of Detention Oversight. They are likely to include, but not be limited to, agreements with contractors Maxim Health Services, CoreCivic/CCA, TransCor, Stewart County, GA, the Nakamoto Group, and Creative Corrections.

2. All records of inspections at the Stewart Detention Facility between January 1, 2015 and the date of the agency's response to this request. These inspections may have been conducted by ICE Office of Detention Oversight, the American Correctional Association, or a private contractor such as the Nakamoto Group.

3. Significant Incident Reports/Significant Event Notifications All SIRs and SENs regarding any detainee or incident at the Stewart Detention Center from January 1, 2017 through the date of the agency's response to this request. These records are expected to be maintained digitally in ICE's information systems infrastructure, either at HQ, or within the Atlanta Field Office.

Page **2** of **3**

4. All records, including medical, pertaining to Jean Carlos Alfonso Jimenez-Joseph A#204-603-723, and litigation of 2017-ICFO-32679/2018-ICAP-00004; 2018-ICFO-00998 & 2018-ICFO-00999.

ICE has considered your request under both the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Information about an individual that is maintained in a Privacy Act system of records may be accessed by that individual unless the agency has exempted the system of records from the access provisions of the Privacy Act.

A search of the Office of Health Service Corps (IHSC) located records that were responsive to your request. For this production ICE reviewed 753 pages of potentially responsive records. Of those 753 pages, ICE determined that 2 pages were non-responsive, 345 pages were deemed duplicative and, 90 pages will be released in full. The remaining 316 pages will be withheld in part pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(c) and (b)(7)(e) as described below.

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the

investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency case numbers contained within the document.

Lastly, based on your inquiry regarding missing *Bates* pages, ICE FOIA reviewed its prior production releases to you. ICE FOIA has revised all prior productions from October 2019 through January 2021 by adding the missing *Bates* pages. They will be included with this February 2021 release.

If you have any questions about this letter, please contact Assistant United States Attorney Katy Molen.

Sincerely,

ROLANDO VELASCO JR

Digitally signed by ROLANDO VELASCO JR
Date: 2021.02.17 09:55:17 -05'00'

Senior Paralegal, ICE FOIA for

Fernando Pineiro Jr.
(A)FOIA Officer

Enclosure(s):   406 pages

cc:
Kathleene (Katy) Molen
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 4th Street NW Washington, D.C. 20530
Kathleene.Molen@usdoj.gov

# Exhibit 6

**Walker, Anna (USADC)**

| | |
|---|---|
| **From:** | Walker, Anna (USADC) |
| **Sent:** | Tuesday, April 18, 2023 5:24 PM |
| **To:** | Andrew Fels |
| **Subject:** | RE: [EXTERNAL] Re: Today's Vaughn Index discussion and JSR for April 18, 2023 |

Hi Andrew,

Thank you for your email and for your call. I understand that you will be emailing me edits to the JSR as proposed.

In response to your email, however, the object of the sample *Vaughn* Index was to come to a representative sampling. I appreciate you explaining the fact that Plaintiff's selection of pages for the sample Vaughn Index was not a representative sampling, but focused on the pages with which Plaintiff has the biggest objection. Recall that in response to Plaintiff's May 2022, Defendant asked Plaintiff to identify these "problem" pages sooner so that the parties could try to resolve any issues with them before briefing and before wasting all this time to launder Plaintiff's "problem" pages through a "sample" *Vaughn* Index. Plaintiff's selection of pages for the draft *Vaughn* Index was the first time Plaintiff provided any specific insight into the pages and exemptions with which Plaintiff was most concerned. As you acknowledge that the *Vaughn* Index Plaintiff selected was not a representative sampling, you can understand ICE's concerns.

Your new proposed methodology for pulling together a sample *Vaughn* Index and qualification that it would not apply to Plaintiff's affirmative summary judgment motion is the first time Plaintiff has raised this proposal and is not something that I am able to respond to before the Joint Status Report is due. For this reason, I have proposed in the JSR that the parties move in 60 days for leave to file a sample *Vaughn* Index, whether that be on consent or opposed.

Best,
Anna

Anna D. Walker
Assistant United States Attorney
Civil Division
United States Attorney's Office for the District of Columbia
601 D Street, NW
Washington, DC 20530
Phone: (202) 252-2544
anna.walker@usdoj.gov

---

**From:** Andrew Fels <fels@detentionkills.org>
**Sent:** Tuesday, April 18, 2023 4:03 PM
**To:** Walker, Anna (USADC) <AWalker4@usa.doj.gov>
**Subject:** Re: [EXTERNAL] Re: Today's Vaughn Index discussion and JSR for April 18, 2023

Hello Anna,

How fortunate that CRCL's search turned up eighteen new complaint investigations. In response to your email, please do send them to me. Thank you.

Thank you very much for clarifying ICE's concerns about the representativeness of the sample Plaintiff provided. To address one of your questions, after we agreed to let Plaintiff select the sample *Vaughn* index, I reviewed the releases

and picked those sample pages best addressing the systemic redaction problems we raised back in May 2022. You are correct; because this case continues to yield surprising new revelations, we cannot agree to leave the remaining redactions unchallenged. I assume that you are declining my prior offer of allowing you to personally select and add pages to the *Vaughn* index remedying any perceived shortcomings of the current sample. Thus I have just scanned the records in an attempt to find new suggested pages that would remedy your concerns. Unfortunately, I cannot; aside from exemption (5) in the 17th release, (b)(6), (b)(7)(C) and 7(E)  seem to comprise the vast majority of the exemptions employed. What exemptions are not being fairly represented?

Without that clarification, I can think of only one approach to remedy ICE's concerns. Specifically, I would like to propose that ICE's *Vaughn* index justify redactions on the last 10 pages of each interim production. We'd need to agree on exactly what that meant where the releases lack Bates numbered pdfs. But I believe if we take the final 10 pages of each individual PDF supplied by ICE in furnishing its responses (excluding pdfs that are simply cover letter), it'll amount to 200-240 pages. Because this release will encompass all of ICE's productions, it will be a perfectly representative and randomized sampling of the agency's approaches to redactions,  Please see the attached excel spreadsheet providing the Bates numbers for the new proposed sample.This proposal would be aimed at facilitating ICE's preparation of its *Vaughn* index for the purpose of carrying its burden on the agency's motion for summary judgment as to withholdings. Our agreement to using this sampling method is not intended to and does not constitute a waiver of the right to raise individual or systemic challenges to withholdings in Plaintiff's affirmative motion for summary judgment, which would just then need to be responded to specifically by ICE in its opposition brief. If you are willing to agree to this methodology, I will be happy to provide the Bates numbers Plaintiff will challenge on the last 10 pages of each production. If we proceed in this fashion, I am further willing to stipulate to giving the government 60 days from today--June 20, 2023, after accounting for holidays and weekends--to create its *Vaughn* index and make any re-releases it deems necessary. If the government is again unwilling to agree to accept this sampling approach, we need to meet and confer again to nail down how ICE intends to meet its burden. In that case, Plaintiff would seek a status hearing from the Court within 30 days, to keep the case moving.

Thank you for the draft.


On Tue, Apr 18, 2023 at 2:37 PM Walker, Anna (USADC) <Anna.Walker@usdoj.gov> wrote:

Hi Andrew,


Thank you for agreeing to move our meet and confer a half hour earlier yesterday to accommodate Ryan's schedule and mine, given that I was unexpectedly unavailable yesterday afternoon, and am somewhat unavailable again this afternoon to care for my sick son.


As I mentioned on the phone yesterday, the pages that Plaintiff has identified for a proposed sample *Vaughn* index, on their face, did not appear to be a representative sample of all records ICE has produced in this matter, given that the records come only from four out of ICE's 24 interim releases, and include a large number of consecutively selected pages, as opposed to portions of records from each interim release at various intervals. In my April 11, 2023, email, for example, I noted that of the pages selected from the 15th interim release, the first batch of 200 pages contain Mr. Jimenez's criminal rap sheets, taken from FBI, various States, ICE, etc. The only redactions applied seem to cite to FOIA Exemptions (b)(6) and (b)(7)(C) for third party names and 7(E) for several other withholdings.  The second batch of 100 pages contains agency emails with housing report attachments, segregation attachments, and detainee death report attachments. The only withholdings that appear on these pages are made pursuant to Exemptions (b)(6) and (b)(7)(C) for third party names.

Based on this initial review of Plaintiff's proposed pages for the sample *Vaughn* index, ICE had a couple questions come to mind, which we conferred about yesterday.  First, because of how the pages for the sample *Vaughn* appeared to be selected, ICE thought that perhaps these are pages that Plaintiff was most concerned with having resolved, in which case, ICE wanted to know if the parties could stipulate to the remaining pages being uncontested.  Second, if Plaintiff did not wish to stipulate to the remaining pages being uncontested, then would it be possible to reduce the number of pages included in the sample *Vaughn* index from the 15th Interim release because a sample size of approximately 500-600 pages does not need half to be essentially the same document with the same redaction applied to the same protected material.  As a result of our conversation yesterday, it is my understanding that Plaintiff does not wish to stipulate to the remaining pages as being uncontested and does not want to remove any of the pages it proposes for the sample *Vaughn* index, at this time.

ICE will take a look at the pages and if there is a missing exemption from the pages proposed, ICE can raise it with Plaintiff to determine whether it is necessary to brief that exemption, or whether the parties' can agree not to contest that exemption. I'm thinking about, for example, Exemption (b)(4) material from submitters.  Before ICE creates the sample *Vaughn* Index it will also go through the pages and make any re-releases if necessary.  To keep things moving, I've prosed in the attached JSR that ICE moves, no later than approximately 60 days (accounting for weekends and the Juneteenth federal holiday) for leave from the Court to use a sample *Vaughn* Index.

Please let me know if Plaintiff is agreeable to the JSR attached or if Plaintiff has any edits/changes to make. Once this is ready, I'm happy to file later tonight.

Best,

Anna


Anna D. Walker

Assistant United States Attorney

Civil Division

United States Attorney's Office for the District of Columbia

601 D Street, NW

Washington, DC 20530

Phone:  (202) 252-2544

anna.walker@usdoj.gov

**From:** Andrew Fels <fels@detentionkills.org>
**Sent:** Monday, April 17, 2023 5:47 PM
**To:** Walker, Anna (USADC) <AWalker4@usa.doj.gov>; Ryan.Stubbs@ice.dhs.gov
**Subject:** [EXTERNAL] Re: Today's Vaughn Index discussion

Hello Anna and Ryan,

Thank you for speaking with me this morning. It was a stroke of luck to catch you both after Ryan's schedule shifted to prevent his attending our scheduled noon phone call.

The following passages from the JSR and our correspondence may help clarify some of our discussion. From the JSR: "The parties have agreed to the means of gathering the content for that sample Vaughn Index and need additional time to identify that content so that ICE can then seek leave from the Court to use the sample Vaughn Index to support its motion for summary judgment . . . "  The JSR also explains that we will update the court about our index progress tomorrow. Our emails explain the means of gathering referred to by the JSR: on February 13, you wrote  "The parties discussed ICE's interest in ensuring that the *Vaughn* index would roughly cover between 500-650 pages of material and would include a representative sample of all the Exemptions ICE applied throughout its production. Plaintiff will let ICE know whether Plaintiff will consent to such relief, and if so, whether Plaintiff would like to select the pages containing the withholdings that it would like ICE to justify. Otherwise, ICE is happy to propose ways of gathering the pages for a sample Vaughn Index." I accepted by email that same day: "We will be more than happy to select the 500-650 pages for a sample Vaughn index. I believe we also discussed that any challenge to an ICE redaction justification would also apply to all similar redactions so as to prevent the need for duplicative challenges." The following day, you responded: "Thank you for confirming that OIG's briefing schedule works for Plaintiff and for letting us know that Plaintiff agrees to select a 500-650 page sample Vaughn Index to use for summary judgment briefing."

Accordingly, Plaintiff has selected the sample pages. Today the objection seemed to be that Plaintiff's pages were not suitably "representative" of the entire record. If you could, I would appreciate a bit more detail on the sample's deficiency. In our conversation today, no one pointed to a critical redaction missing from the sample pages. If there is a missing critical redaction, one occurring repeatedly throughout the records but not represented in the sample pages, please tell me which it is and I will be happy to add a few more pages to the sample. And while the sample pages may have more of one redaction instead of another, this seems typical of all FOIA responses, which rely more heavily on certain redactions according to the nature of the records.

However, Ryan agreed today that some of the redactions were indeed incorrect. Identifying these erroneous redactions might shift some of priorities.

Anna, I appreciate your offer to write the draft JSR and look forward to working with you on it.

Thanks,

--

Andrew Fels,

Attorney, Detention Kills Transparency Initiative | Al Otro Lado

(he/him/el)

865-567-4881

fels@detentionkills.org

andrew@alotrolado.org

www.alotrolado.org

CONFIDENTIALITY NOTICE: This communication with its contents contains confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

AVISO DE CONFIDENCIALIDAD: Este mensaje está destinado únicamente al destinatario designado y contiene información confidencial o legalmente privilegiada. Está prohibida la difusión, distribución o copia de este mensaje y cualquier archivo adjunto a cualquiera que no sea el destinatario previsto. Si ha recibido este mensaje por error, por favor notifique inmediatamente al remitente y destruya este mensaje y todos los archivos adjuntos.

--
Andrew Fels,
Attorney, Detention Kills Transparency Initiative | Al Otro Lado
(he/him/el)
865-567-4881
fels@detentionkills.org
andrew@alotrolado.org
www.alotrolado.org

CONFIDENTIALITY NOTICE: This communication with its contents contains confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

AVISO DE CONFIDENCIALIDAD: Este mensaje está destinado únicamente al destinatario designado y contiene información confidencial o legalmente privilegiada. Está prohibida la difusión, distribución o copia de este mensaje y cualquier archivo adjuntado a cualquiera que no sea el destinatario previsto. Si ha recibido este mensaje por error, por favor notifique inmediatamente al remitente y destruya este mensaje y todos los archivos adjuntados.