# Exhibit 3



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

May 25, 2018

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

SUBJECT:    OIG Freedom of Information Act Request No. 2018-IGFO-
00007
Interim Response

Dear Mr. Free:

This is an interim response to your Freedom of Information Act (FOIA)
request to the Department of Homeland Security (DHS) Office of
Inspector General (OIG), dated October 16, 2017, seeking specified
records related to incidents or allegations at ICE Stewart Detention
Center and records related to the detention and death of Jeancarlo
Jimenez Joseph.  Your request was received in this office on October 17,
2017.

This is an interim response because we are continuing to search the
DHS-OIG Office of Investigations for records responsive to items 1, 2,
and 3 of your request.  Once responsive records are processed, we will
provide you with the releasable portions.

The DHS-OIG investigation in the Jeancarlo Jimenez Joseph matter is
ongoing at this time and has not been concluded.  DHS-OIG, therefore,
invokes Exemption 7(A) of the FOIA, 5 U.S.C. § 552 (b)(7)(A) for these
records.  Exemption 7(A) authorizes the withholding of "records or
information compiled for law enforcement purposes . . . to the extent that
production of such law enforcement records or information . . . could
reasonably be expected to interfere with enforcement proceedings."

Although other exemptions may be applicable to these records, DHS-OIG
is not in a position to assert other exemptions at this time since this
matter is still pending.

**Appeal**

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.[1]  If you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response.  Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify the OIG's response.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

Because this matter is in litigation, please contact Assistant United States Attorney Benton Peterson at Benton.Peterson@usdoj.gov if you have any questions.

> Sincerely,
>
> *Drew Lavine*
>
> Drew Lavine
> OIG Office of Counsel

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  5 U.S.C. 552(c) (2006 & Supp. IV 2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

July 2, 2018

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:      OIG Freedom of Information Act Request No. 2018-IGFO-00007
              Second Interim Response

Dear Mr. Free:

This is the second interim response to your Freedom of Information Act (FOIA)
request to the Department of Homeland Security (DHS) Office of Inspector
General (OIG), dated October 16, 2017, seeking specified records related to
incidents or allegations at Stewart Detention Center and records related to the
detention and death of Jeancarlo Jimenez Joseph.  Your request was received
in this office on October 17, 2017.

OIG identified several investigations that are responsive to the criteria provided
in your request.  You asked that DHS-OIG produce Reports of Investigations
(ROIs) prepared in association with responsive investigations.  The criteria you
provided yielded the three closed, substantiated investigations; four closed,
unsubstantiated investigations; and, four ongoing investigations.  DHS-OIG is
asserting FOIA Exemption 7(A) to withhold all material related to the ongoing
investigations.  This production includes the ROIs prepared in association with
the closed investigations that are responsive to your request.

We reviewed the responsive records under the FOIA to determine whether they
may be disclosed to you.  Based on that review, this office is providing the
following:

    44    page(s) are released in full (RIF);
    148   page(s) are released in part (RIP);
    210   page(s) were referred to another entity.

The exemptions cited for withholding records or portions of records are marked
below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐552(b)(7)(F) | ☐ Other: |
|---|---|---|---|

OIG redacted from the enclosed documents, names and identifying information of third parties to protect the identities of these individuals.  Absent a Privacy Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in violation of the Privacy Act.  Information is also protected from disclosure pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6)(emphasis added).  DHS-OIG is invoking Exemption 6 to protect the names of third parties and any information that could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  DHS-OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

### Referral

Additionally, 210 pages have been referred to Immigration and Customs Enforcement (ICE), a DHS component.  ICE will process the records under the FOIA and respond to you directly.  If you wish to contact ICE, please write to ICE-FOIA@ice.dhs.gov.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.[1]  If

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  5 U.S.C. 552(c) (2006 & Supp. IV 2010).  This response is limited to those records that are subject to the requirements of the



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response.  Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify the OIG's response.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

**Assistance and Dispute Resolution Services**

Should you need assistance with your request, you may contact DHS-OIG's FOIA Public Liaison.  You may also seek dispute resolution services from our FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  Using OGIS services does not affect your right to pursue litigation.  You may contact OGIS in any of the following ways:

---

FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
E-mail: ogis@nara.gov
Web: https://ogis.archives.gov
Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States
Attorney Benton Peterson at Benton.Peterson@usdoj.gov if you have any
questions.

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel

4



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

September 20, 2018

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:     OIG Freedom of Information Act Request No. 2018-IGFO-00007
             Third Interim Response

Dear Mr. Free:

This is the third interim response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS) Office of Inspector General (OIG), dated October 16, 2017, seeking specified records related to incidents or allegations at Stewart Detention Center and records related to the detention and death of Jeancarlo Jimenez Joseph.  Your request was received in this office on October 17, 2017.

We previously sent you two interim responses, containing investigative records responsive to your request.  You asked that OIG produce a list of un-investigated complaints that are responsive to your request; you stated that you will review this response to decide whether you are interested in receiving the full complaint record for any individual complaints.  This response contains the list of responsive complaints that was created in accordance with OIG policy.

We reviewed the responsive records under the FOIA to determine whether they may be disclosed to you.  Based on that review, this office is providing the following:

_____15_____ page(s) are released in full (RIF).

## Appeal

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.[1]  If

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  5 U.S.C. 552(c) (2006 & Supp. IV 2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response.  Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify the OIG's response.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

**Assistance and Dispute Resolution Services**

Should you need assistance with your request, you may contact DHS-OIG's FOIA Public Liaison.  You may also seek dispute resolution services from our FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  Using OGIS services does not affect your right to pursue litigation.  You may contact OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

College Park, MD 20740-6001
E-mail: ogis@nara.gov
Web: https://ogis.archives.gov
Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States Attorney Benton Peterson at Benton.Peterson@usdoj.gov if you have any questions.

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel

3



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

March 7, 2019

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:     OIG Freedom of Information Act Request No. 2018-IGFO-00007
             Fourth Interim Response

Dear Mr. Free:

This is the fourth interim response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS) Office of Inspector General (OIG), dated October 16, 2017, seeking specified records related to incidents or allegations at Stewart Detention Center and records related to the detention and death of Jeancarlo Jimenez Joseph.  Your request was received in this office on October 17, 2017.

We previously sent you three interim responses.  You requested a representative sample of the remaining complaints responsive to your request. This response contains four representative complaints per the criteria you identified.

We reviewed the responsive records under the FOIA to determine whether they may be disclosed to you.  Based on that review, this office is providing the following:

___8___ page(s) are released in full (RIF);
___47___ page(s) are released in part (RIP);
___0___ page(s) are withheld in full (WIF);
___6___ page(s) were referred to another entity.

The exemptions cited for withholding records or portions of records are marked below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

OIG redacted from the enclosed documents, names and identifying information of third parties to protect the identities of these individuals. Absent a Privacy Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in violation of the Privacy Act. Information is also protected from disclosure pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6)(emphasis added). DHS-OIG is invoking Exemption 6 to protect the names of third parties and any information that could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). DHS-OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

### Referral

Additionally, 6 pages have been referred to Immigration and Customs Enforcement (ICE), a DHS component. ICE will process the records under the FOIA and respond to you directly.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.[1] If you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response. Please address any appeal to:

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. 5 U.S.C. 552(c) (2006 & Supp. IV 2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify the OIG's response.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

**Assistance and Dispute Resolution Services**

Should you need assistance with your request, you may contact DHS-OIG's FOIA Public Liaison.  You may also seek dispute resolution services from our FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  Using OGIS services does not affect your right to pursue litigation.  You may contact OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS
> College Park, MD 20740-6001
> E-mail: ogis@nara.gov
> Web: https://ogis.archives.gov



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any questions.

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel

**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

May 13, 2019

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:     OIG Freedom of Information Act Request No. 2018-IGFO-00007
             Fifth Interim Response

Dear Mr. Free:

This is the fifth interim response to your Freedom of Information Act (FOIA)
request to the Department of Homeland Security (DHS) Office of Inspector
General (OIG), dated October 16, 2017, seeking specified records related to
incidents or allegations at Stewart Detention Center and records related to the
detention and death of Jeancarlo Jimenez Joseph.  Your request was received
in this office on October 17, 2017.

We previously sent you four interim responses.  This response contains OIG
complaints that are responsive to your request.

We reviewed the responsive records under the FOIA to determine whether they
may be disclosed to you.  Based on that review, this office is providing the
following:

____82____ page(s) are released in full (RIF);
____140___ page(s) are released in part (RIP);
____0_____ page(s) are withheld in full (WIF);
____0_____ page(s) were referred to another entity.

The exemptions cited for withholding records or portions of records are marked
below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

OIG redacted from the enclosed documents, names and identifying information
of third parties to protect the identities of these individuals.  Absent a Privacy



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in violation of the Privacy Act.  Information is also protected from disclosure pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6)(emphasis added).  DHS-OIG is invoking Exemption 6 to protect the names of third parties and any information that could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  DHS-OIG is invoking Exemption 7(C) to protect  the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.[1]  If you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response.  Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify the OIG's

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  5 U.S.C. 552(c) (2006 & Supp. IV 2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

response.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

### Assistance and Dispute Resolution Services

Should you need assistance with your request, you may contact DHS-OIG's FOIA Public Liaison.  You may also seek dispute resolution services from our FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  Using OGIS services does not affect your right to pursue litigation.  You may contact OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS
> College Park, MD 20740-6001
> E-mail: ogis@nara.gov
> Web: https://ogis.archives.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any questions.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

June 10, 2019

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:    OIG Freedom of Information Act Request No. 2018-IGFO-00007
            Sixth Interim Response

Dear Mr. Free:

This is the sixth interim response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS) Office of Inspector General (OIG), dated October 16, 2017, seeking specified records related to incidents or allegations at Stewart Detention Center and records related to the detention and death of Jeancarlo Jimenez Joseph.  Your request was received in this office on October 17, 2017.

We previously sent you five interim responses.  This response contains OIG complaints that are responsive to your request.

We reviewed the responsive records under the FOIA to determine whether they may be disclosed to you.  Based on that review, this office is providing the following:

_____87_____ page(s) are released in full (RIF);
_____162_____ page(s) are released in part (RIP);
_____0_____ page(s) are withheld in full (WIF);
_____0_____ page(s) were referred to another entity.

The exemptions cited for withholding records or portions of records are marked below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

OIG redacted from the enclosed documents, names and identifying information of third parties to protect the identities of these individuals.  Absent a Privacy



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in violation of the Privacy Act.  Information is also protected from disclosure pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6)(emphasis added).  DHS-OIG is invoking Exemption 6 to protect the names of third parties and any information that could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  DHS-OIG is invoking Exemption 7(C) to protect  the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.[1]  If you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response.  Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify the OIG's

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  5 U.S.C. 552(c) (2006 & Supp. IV 2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

response. Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

### Assistance and Dispute Resolution Services

Should you need assistance with your request, you may contact DHS-OIG's FOIA Public Liaison. You may also seek dispute resolution services from our FOIA Public Liaison. You may contact DHS-OIG's FOIA Public Liaison in any of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC 20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS
> College Park, MD 20740-6001
> E-mail: ogis@nara.gov
> Web: https://ogis.archives.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any questions.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel

**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

July 10, 2019

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:    OIG Freedom of Information Act Request No. 2018-IGFO-00007
            Seventh Interim Response

Dear Mr. Free:

This is the seventh interim response to your Freedom of Information Act (FOIA)
request to the Department of Homeland Security (DHS) Office of Inspector
General (OIG), dated October 16, 2017, seeking specified records related to
incidents or allegations at Stewart Detention Center and records related to the
detention and death of Jeancarlo Jimenez Joseph.  Your request was received
in this office on October 17, 2017.

We previously sent you six interim responses.  This response contains OIG
complaints that are responsive to your request.

We reviewed the responsive records under the FOIA to determine whether they
may be disclosed to you.  Based on that review, this office is providing the
following:

    103     page(s) are released in full (RIF);
    131     page(s) are released in part (RIP);
    0     page(s) are withheld in full (WIF);
    0     page(s) were referred to another entity.

The exemptions cited for withholding records or portions of records are marked
below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

OIG redacted from the enclosed documents, names and identifying information
of third parties to protect the identities of these individuals.  Absent a Privacy



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in violation of the Privacy Act.  Information is also protected from disclosure pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6)(emphasis added).  DHS-OIG is invoking Exemption 6 to protect the names of third parties and any information that could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  DHS-OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.[1]  If you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response.  Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify the OIG's

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  5 U.S.C. 552(c) (2006 & Supp. IV 2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

response.  Additional information on submitting an appeal is set forth in the
DHS regulations at 6 C.F.R. § 5.8.

### Assistance and Dispute Resolution Services

Should you need assistance with your request, you may contact DHS-OIG's
FOIA Public Liaison.  You may also seek dispute resolution services from our
FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any
of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government
Information Services (OGIS) to offer mediation services to resolve disputes
between FOIA requesters and federal agencies as a non-exclusive alternative to
litigation.  If you are requesting access to your own records (which is
considered a Privacy Act request), you should know that OGIS does not have
the authority to handle requests made under the Privacy Act of 1974.  Using
OGIS services does not affect your right to pursue litigation.  You may contact
OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS
> College Park, MD 20740-6001
> E-mail: ogis@nara.gov
> Web: https://ogis.archives.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States
Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any
questions.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel

**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

August 7, 2019

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:     OIG Freedom of Information Act Request No. 2018-IGFO-00007
             Eighth Interim Response

Dear Mr. Free:

This is the eighth interim response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS) Office of Inspector General (OIG), dated October 16, 2017, seeking specified records related to incidents or allegations at Stewart Detention Center and records related to the detention and death of Jeancarlo Jimenez Joseph.  Your request was received in this office on October 17, 2017.

We previously sent you seven interim responses.  This response contains OIG complaints that are responsive to your request.

We reviewed the responsive records under the FOIA to determine whether they may be disclosed to you.  Based on that review, this office is providing the following:

_____90____ page(s) are released in full (RIF);
_____149___ page(s) are released in part (RIP);
_____0_____ page(s) are withheld in full (WIF);
_____0_____ page(s) were referred to another entity.

The exemptions cited for withholding records or portions of records are marked below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act,<br>5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

OIG redacted from the enclosed documents, names and identifying information of third parties to protect the identities of these individuals.  Absent a Privacy

**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in violation of the Privacy Act. Information is also protected from disclosure pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6)(emphasis added). DHS-OIG is invoking Exemption 6 to protect the names of third parties and any information that could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). DHS-OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.[1] If you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response. Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC 20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal." Your appeal letter must also clearly identify the OIG's

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. 5 U.S.C. 552(c) (2006 & Supp. IV 2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

response. Additional information on submitting an appeal is set forth in the
DHS regulations at 6 C.F.R. § 5.8.

### Assistance and Dispute Resolution Services

Should you need assistance with your request, you may contact DHS-OIG's
FOIA Public Liaison. You may also seek dispute resolution services from our
FOIA Public Liaison. You may contact DHS-OIG's FOIA Public Liaison in any
of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government
Information Services (OGIS) to offer mediation services to resolve disputes
between FOIA requesters and federal agencies as a non-exclusive alternative to
litigation. If you are requesting access to your own records (which is
considered a Privacy Act request), you should know that OGIS does not have
the authority to handle requests made under the Privacy Act of 1974. Using
OGIS services does not affect your right to pursue litigation. You may contact
OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS
> College Park, MD 20740-6001
> E-mail: ogis@nara.gov
> Web: https://ogis.archives.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States
Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any
questions.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

August 26, 2019

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:     OIG Freedom of Information Act Request No. 2018-IGFO-00007
             Ninth Interim Response

Dear Mr. Free:

This is the ninth interim response to your Freedom of Information Act (FOIA)
request to the Department of Homeland Security (DHS) Office of Inspector
General (OIG), dated October 16, 2017, seeking specified records related to
incidents or allegations at Stewart Detention Center and records related to the
detention and death of Jeancarlo Jimenez Joseph.  Your request was received
in this office on October 17, 2017.

We previously sent you eight interim responses.  This response contains the
OIG final report and investigative file, and Georgia Bureau of Investigation
(GBI) investigative file (contained within the OIG investigative file), pertaining to
Mr. Jiminez Joseph.  Per a consult, GBI approved the release of the GBI case
file.

Please note that these records are not responsive to your initial FOIA request.
The temporal scope of your initial request terminates on November 2, 2017, the
date of OIG's search.  These records were created after the search date.  We are
providing these records to you as a courtesy.

We reviewed the responsive records under the FOIA to determine whether they
may be disclosed to you.  Based on that review, this office is providing the
following:

    __48___  page(s) are released in full (RIF);
    __337___  page(s) are released in part (RIP);
    __0___  page(s) are withheld in full (WIF);
    __261___  page(s) were referred to another entity.

The exemptions cited for withholding records or portions of records are marked
below.

| Freedom of Information Act, 5 U.S.C. § 552 | Privacy Act, 5 U.S.C. § 552a |
|---|---|

  


**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
|---|---|---|---|
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

OIG redacted from the enclosed documents, names and identifying information
of third parties to protect the identities of these individuals. Absent a Privacy
Act waiver, the release of such information concerning the third parties named
in these records would result in an unwarranted invasion of personal privacy in
violation of the Privacy Act. Information is also protected from disclosure
pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files*
the disclosure of which would constitute a clearly unwarranted invasion of
personal privacy." 5 U.S.C. § 552(b)(6)(emphasis added). DHS-OIG is invoking
Exemption 6 to protect the names of third parties and any information that
could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information
compiled for law enforcement purposes . . . [if disclosure] could reasonably be
expected to cause an unwarranted invasion of personal privacy." 5 U.S.C. §
552(b)(7)(C). DHS-OIG is invoking Exemption 7(C) to protect the identities of
third parties, and any information contained in these investigative records that
could reasonably be expected to identify those individuals.

### Referral

Additionally, we referred 261 pages of responsive records to Immigration and
Customs and Enforcement (ICE), a DHS component. ICE will review the
responsive records and respond to your directly.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and
appeals are not ordinarily acted on in such situations, I am required by statute



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

and regulation to inform you of your right to file an administrative appeal.[1]  If you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response.  Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify the OIG's response.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

### Assistance and Dispute Resolution Services

Should you need assistance with your request, you may contact DHS-OIG's FOIA Public Liaison.  You may also seek dispute resolution services from our FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  Using

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  5 U.S.C. 552(c) (2006 & Supp. IV 2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS
> College Park, MD 20740-6001
> E-mail: ogis@nara.gov
> Web: https://ogis.archives.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any questions.

> Sincerely,
>
> *Drew Lavine*
>
>
> Drew Lavine
> OIG Office of Counsel



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

September 19, 2019

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:      OIG Freedom of Information Act Request No. 2018-IGFO-00007
              Tenth Interim Response

Dear Mr. Free:

This is the tenth interim response to your Freedom of Information Act (FOIA)
request to the Department of Homeland Security (DHS) Office of Inspector
General (OIG), dated October 16, 2017, seeking specified records related to
incidents or allegations at Stewart Detention Center and records related to the
detention and death of Jeancarlo Jimenez Joseph. Your request was received
in this office on October 17, 2017.

We previously sent you nine interim responses. This response contains OIG
emails pertaining to Mr. Jiminez Joseph. Please note that the temporal "cut-
off" for this email search is November 2, 2017, the date of OIG's search for
records responsive to your FOIA request.

We reviewed the responsive records under the FOIA to determine whether they
may be disclosed to you. Based on that review, this office is providing the
following:

_____6_____ page(s) are released in full (RIF);
_____132_____ page(s) are released in part (RIP);
_____11_____ page(s) are withheld in full (WIF);
_____1_____ page(s) were referred to another entity.

The exemptions cited for withholding records or portions of records are marked
below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☒ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

OIG redacted from the enclosed documents, names and identifying information of third parties to protect the identities of these individuals. Absent a Privacy Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in violation of the Privacy Act. Information is also protected from disclosure pursuant to Exemptions 5, 6 and 7(C) of the FOIA further discussed below.

### Exemption 5, 5 U.S.C. § 552(b)(5)

Exemption 5 of the FOIA protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). DHS-OIG is invoking the deliberative process privilege of Exemption 5 to protect drafts of investigative documents that were attached to responsive emails.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6)(emphasis added). DHS-OIG is invoking Exemption 6 to protect the names of third parties and any information that could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). DHS-OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

### Referral

Additionally, we referred 1 page of responsive records to Immigration and Customs and Enforcement (ICE), a DHS component. ICE will review the responsive records and respond to your directly.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

and regulation to inform you of your right to file an administrative appeal.[1]  If you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response.  Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify the OIG's response.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

### Assistance and Dispute Resolution Services

Should you need assistance with your request, you may contact DHS-OIG's FOIA Public Liaison.  You may also seek dispute resolution services from our FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  Using

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  5 U.S.C. 552(c) (2006 & Supp. IV 2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

OGIS services does not affect your right to pursue litigation.  You may contact OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS
> College Park, MD 20740-6001
> E-mail: ogis@nara.gov
> Web: https://ogis.archives.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any questions.

> Sincerely,
>
> *Drew Lavine*
>
> Drew Lavine
> OIG Office of Counsel



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

October 9, 2019

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:     OIG Freedom of Information Act Request No. 2018-IGFO-00007
             Eleventh Interim Response

Dear Mr. Free:

This is the eleventh interim response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS) Office of Inspector General (OIG), dated October 16, 2017, seeking specified records related to incidents or allegations at Stewart Detention Center and records related to the detention and death of Jeancarlo Jimenez Joseph.  Your request was received in this office on October 17, 2017.

We previously sent you ten interim responses.  This response contains OIG complaints that are responsive to your request.

We reviewed the responsive records under the FOIA to determine whether they may be disclosed to you.  Based on that review, this office is providing the following:

_____95_____ page(s) are released in full (RIF);
_____153_____ page(s) are released in part (RIP).

The exemptions cited for withholding records or portions of records are marked below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

OIG redacted from the enclosed documents, names and identifying information of third parties to protect the identities of these individuals.  Absent a Privacy Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

violation of the Privacy Act.  Information is also protected from disclosure pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

## Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6)(emphasis added).  DHS-OIG is invoking Exemption 6 to protect the names of third parties and any information that could reasonably be expected to identify such individuals.

## Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  DHS-OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

## Appeal

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.[1]  If you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response.  Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify the OIG's response.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  5 U.S.C. 552(c) (2006 & Supp. IV 2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

**Assistance and Dispute Resolution Services**

Should you need assistance with your request, you may contact DHS-OIG's
FOIA Public Liaison.  You may also seek dispute resolution services from our
FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any
of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government
Information Services (OGIS) to offer mediation services to resolve disputes
between FOIA requesters and federal agencies as a non-exclusive alternative to
litigation.  If you are requesting access to your own records (which is
considered a Privacy Act request), you should know that OGIS does not have
the authority to handle requests made under the Privacy Act of 1974.  Using
OGIS services does not affect your right to pursue litigation.  You may contact
OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS
> College Park, MD 20740-6001
> E-mail: ogis@nara.gov
> Web: https://ogis.archives.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States
Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any
questions.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

November 13, 2019

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:      OIG Freedom of Information Act Request No. 2018-IGFO-00007
              Twelfth Interim Response

Dear Mr. Free:

This is the twelfth interim response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS) Office of Inspector General (OIG), dated October 16, 2017, seeking specified records related to incidents or allegations at Stewart Detention Center and records related to the detention and death of Jeancarlo Jimenez Joseph. Your request was received in this office on October 17, 2017.

We previously sent you eleven interim responses. This response contains OIG complaints that are responsive to your request.

We reviewed the responsive records under the FOIA to determine whether they may be disclosed to you. Based on that review, this office is providing the following:

_____93_____ page(s) are released in full (RIF);
_____154_____ page(s) are released in part (RIP).

The exemptions cited for withholding records or portions of records are marked below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

OIG redacted from the enclosed documents, names and identifying information of third parties to protect the identities of these individuals. Absent a Privacy Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

violation of the Privacy Act.  Information is also protected from disclosure
pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files*
the disclosure of which would constitute a clearly unwarranted invasion of
personal privacy."  5 U.S.C. § 552(b)(6)(emphasis added).  DHS-OIG is invoking
Exemption 6 to protect the names of third parties and any information that
could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information
compiled for law enforcement purposes . . . [if disclosure] could reasonably be
expected to cause an unwarranted invasion of personal privacy."  5 U.S.C. §
552(b)(7)(C).  DHS-OIG is invoking Exemption 7(C) to protect the identities of
third parties, and any information contained in these investigative records that
could reasonably be expected to identify those individuals.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and
appeals are not ordinarily acted on in such situations, I am required by statute
and regulation to inform you of your right to file an administrative appeal.[1]  If
you choose to file an administrative appeal it must be in writing and received
within 90 days after the date of this response.  Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of
Information Act Appeal."  Your appeal letter must also clearly identify the OIG's
response.  Additional information on submitting an appeal is set forth in the
DHS regulations at 6 C.F.R. § 5.8.

---

[1] For your information, Congress excluded three discrete categories of law enforcement and
national security records from the requirements of the FOIA.  5 U.S.C. 552(c) (2006 & Supp. IV
2010).  This response is limited to those records that are subject to the requirements of the
FOIA.  This is a standard notification that is given to all our requesters and should not be
taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

**Assistance and Dispute Resolution Services**

Should you need assistance with your request, you may contact DHS-OIG's
FOIA Public Liaison.  You may also seek dispute resolution services from our
FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any
of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government
Information Services (OGIS) to offer mediation services to resolve disputes
between FOIA requesters and federal agencies as a non-exclusive alternative to
litigation.  If you are requesting access to your own records (which is
considered a Privacy Act request), you should know that OGIS does not have
the authority to handle requests made under the Privacy Act of 1974.  Using
OGIS services does not affect your right to pursue litigation.  You may contact
OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS
> College Park, MD 20740-6001
> E-mail: ogis@nara.gov
> Web: https://ogis.archives.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States
Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any
questions.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

December 16, 2019

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:      OIG Freedom of Information Act Request No. 2018-IGFO-00007
             Thirteenth Interim Response

Dear Mr. Free:

This is the thirteenth interim response to your Freedom of Information Act
(FOIA) request to the Department of Homeland Security (DHS) Office of
Inspector General (OIG), dated October 16, 2017, seeking specified records
related to incidents or allegations at Stewart Detention Center and records
related to the detention and death of Jeancarlo Jimenez Joseph.  Your request
was received in this office on October 17, 2017.

We previously sent you twelve interim responses.  This response contains OIG
complaints that are responsive to your request.

We reviewed the responsive records under the FOIA to determine whether they
may be disclosed to you.  Based on that review, this office is providing the
following:

____90____ page(s) are released in full (RIF);
____162____ page(s) are released in part (RIP).

The exemptions cited for withholding records or portions of records are marked
below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

OIG redacted from the enclosed documents, names and identifying information
of third parties to protect the identities of these individuals.  Absent a Privacy
Act waiver, the release of such information concerning the third parties named
in these records would result in an unwarranted invasion of personal privacy in



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

violation of the Privacy Act. Information is also protected from disclosure pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6)(emphasis added). DHS-OIG is invoking Exemption 6 to protect the names of third parties and any information that could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). DHS-OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.[1] If you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response. Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC 20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal." Your appeal letter must also clearly identify the OIG's response. Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. 5 U.S.C. 552(c) (2006 & Supp. IV 2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

**Assistance and Dispute Resolution Services**

Should you need assistance with your request, you may contact DHS-OIG's FOIA Public Liaison.  You may also seek dispute resolution services from our FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  Using OGIS services does not affect your right to pursue litigation.  You may contact OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS
> College Park, MD 20740-6001
> E-mail: ogis@nara.gov
> Web: https://ogis.archives.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any questions.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel

**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

January 13, 2020

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:     OIG Freedom of Information Act Request No. 2018-IGFO-00007
             Fourteenth Interim Response

Dear Mr. Free:

This is the fourteenth interim response to your Freedom of Information Act
(FOIA) request to the Department of Homeland Security (DHS) Office of
Inspector General (OIG), dated October 16, 2017, seeking specified records
related to incidents or allegations at Stewart Detention Center and records
related to the detention and death of Jeancarlo Jimenez Joseph. Your request
was received in this office on October 17, 2017.

We previously sent you thirteen interim responses. This response contains
OIG complaints that are responsive to your request.

We reviewed the responsive records under the FOIA to determine whether they
may be disclosed to you. Based on that review, this office is providing the
following:

____94____ page(s) are released in full (RIF);
____212____ page(s) are released in part (RIP).

The exemptions cited for withholding records or portions of records are marked
below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

OIG redacted from the enclosed documents, names and identifying information
of third parties to protect the identities of these individuals. Absent a Privacy
Act waiver, the release of such information concerning the third parties named
in these records would result in an unwarranted invasion of personal privacy in



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

violation of the Privacy Act. Information is also protected from disclosure pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6)(emphasis added). DHS-OIG is invoking Exemption 6 to protect the names of third parties and any information that could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). DHS-OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.[1] If you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response. Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC 20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal." Your appeal letter must also clearly identify the OIG's response. Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. 5 U.S.C. 552(c) (2006 & Supp. IV 2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

### Assistance and Dispute Resolution Services

Should you need assistance with your request, you may contact DHS-OIG's FOIA Public Liaison.  You may also seek dispute resolution services from our FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  Using OGIS services does not affect your right to pursue litigation.  You may contact OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS
> College Park, MD 20740-6001
> E-mail: ogis@nara.gov
> Web: https://ogis.archives.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any questions.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

February 10, 2020

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:     OIG Freedom of Information Act Request No. 2018-IGFO-00007
            Fifteenth Interim Response

Dear Mr. Free:

This is the fifteenth interim response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS) Office of Inspector General (OIG), dated October 16, 2017, seeking specified records related to incidents or allegations at Stewart Detention Center and records related to the detention and death of Jeancarlo Jimenez Joseph.  Your request was received in this office on October 17, 2017.

We previously sent you fourteen interim responses.  This response contains OIG complaints that are responsive to your request.

We reviewed the responsive records under the FOIA to determine whether they may be disclosed to you.  Based on that review, this office is providing the following:

_____126_____ page(s) are released in full (RIF);
_____231_____ page(s) are released in part (RIP).

The exemptions cited for withholding records or portions of records are marked below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

OIG redacted from the enclosed documents, names and identifying information of third parties to protect the identities of these individuals.  Absent a Privacy Act waiver, the release of such information concerning the third parties named in these records would result in an unwarranted invasion of personal privacy in



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

violation of the Privacy Act.  Information is also protected from disclosure pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6)(emphasis added).  DHS-OIG is invoking Exemption 6 to protect the names of third parties and any information that could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  DHS-OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.[1]  If you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response.  Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify the OIG's response.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  5 U.S.C. 552(c) (2006 & Supp. IV 2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

**Assistance and Dispute Resolution Services**

Should you need assistance with your request, you may contact DHS-OIG's
FOIA Public Liaison.  You may also seek dispute resolution services from our
FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any
of the following ways:

>           FOIA Public Liaison
>           DHS-OIG Counsel
>           STOP 0305
>           245 Murray Lane, SW
>           Washington, DC  20528-0305
>           Phone: 202-254-4001
>           Fax: 202-254-4398
>           E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government
Information Services (OGIS) to offer mediation services to resolve disputes
between FOIA requesters and federal agencies as a non-exclusive alternative to
litigation.  If you are requesting access to your own records (which is
considered a Privacy Act request), you should know that OGIS does not have
the authority to handle requests made under the Privacy Act of 1974.  Using
OGIS services does not affect your right to pursue litigation.  You may contact
OGIS in any of the following ways:

>           Office of Government Information Services
>           National Archives and Records Administration
>           8601 Adelphi Road - OGIS
>           College Park, MD 20740-6001
>           E-mail: ogis@nara.gov
>           Web: https://ogis.archives.gov
>           Telephone: 202-741-5770
>           Fax: 202-741-5769
>           Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States
Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any
questions.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

March 16, 2020

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:    OIG Freedom of Information Act Request No. 2018-IGFO-00007
            Sixteenth Interim Response

Dear Mr. Free:

This is the sixteenth interim response to your Freedom of Information Act
(FOIA) request to the Department of Homeland Security (DHS) Office of
Inspector General (OIG), dated October 16, 2017, seeking specified records
related to incidents or allegations at Stewart Detention Center and records
related to the detention and death of Jeancarlo Jimenez Joseph. Your request
was received in this office on October 17, 2017.

We previously sent you fifteen interim responses. This response contains OIG
complaints that are responsive to your request.

We reviewed the responsive records under the FOIA to determine whether they
may be disclosed to you. Based on that review, this office is providing the
following:

_____139_____ page(s) are released in full (RIF);
_____226_____ page(s) are released in part (RIP).

The exemptions cited for withholding records or portions of records are marked
below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

OIG redacted from the enclosed documents, names and identifying information
of third parties to protect the identities of these individuals. Absent a Privacy
Act waiver, the release of such information concerning the third parties named
in these records would result in an unwarranted invasion of personal privacy in



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

violation of the Privacy Act.  Information is also protected from disclosure
pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files*
the disclosure of which would constitute a clearly unwarranted invasion of
personal privacy."  5 U.S.C. § 552(b)(6)(emphasis added).  DHS-OIG is invoking
Exemption 6 to protect the names of third parties and any information that
could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information
compiled for law enforcement purposes . . . [if disclosure] could reasonably be
expected to cause an unwarranted invasion of personal privacy."  5 U.S.C. §
552(b)(7)(C).  DHS-OIG is invoking Exemption 7(C) to protect the identities of
third parties, and any information contained in these investigative records that
could reasonably be expected to identify those individuals.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and
appeals are not ordinarily acted on in such situations, I am required by statute
and regulation to inform you of your right to file an administrative appeal.[1]  If
you choose to file an administrative appeal it must be in writing and received
within 90 days after the date of this response.  Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of
Information Act Appeal."  Your appeal letter must also clearly identify the OIG's
response.  Additional information on submitting an appeal is set forth in the
DHS regulations at 6 C.F.R. § 5.8.

---

[1] For your information, Congress excluded three discrete categories of law enforcement and
national security records from the requirements of the FOIA.  5 U.S.C. 552(c) (2006 & Supp. IV
2010).  This response is limited to those records that are subject to the requirements of the
FOIA.  This is a standard notification that is given to all our requesters and should not be
taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

**Assistance and Dispute Resolution Services**

Should you need assistance with your request, you may contact DHS-OIG's
FOIA Public Liaison.  You may also seek dispute resolution services from our
FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any
of the following ways:

>   FOIA Public Liaison
>   DHS-OIG Counsel
>   STOP 0305
>   245 Murray Lane, SW
>   Washington, DC  20528-0305
>   Phone: 202-254-4001
>   Fax: 202-254-4398
>   E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government
Information Services (OGIS) to offer mediation services to resolve disputes
between FOIA requesters and federal agencies as a non-exclusive alternative to
litigation.  If you are requesting access to your own records (which is
considered a Privacy Act request), you should know that OGIS does not have
the authority to handle requests made under the Privacy Act of 1974.  Using
OGIS services does not affect your right to pursue litigation.  You may contact
OGIS in any of the following ways:

>   Office of Government Information Services
>   National Archives and Records Administration
>   8601 Adelphi Road - OGIS
>   College Park, MD 20740-6001
>   E-mail: ogis@nara.gov
>   Web: https://ogis.archives.gov
>   Telephone: 202-741-5770
>   Fax: 202-741-5769
>   Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States
Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any
questions.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

April 7, 2020

R. Andrew Free
P.O. Box 90568
Nashville, TN 37209

Subject:     OIG Freedom of Information Act Request No. 2018-IGFO-00007
             Final Response

Dear Mr. Free:

This is the final response to your Freedom of Information Act (FOIA) request to
the Department of Homeland Security (DHS) Office of Inspector General (OIG),
dated October 16, 2017, seeking specified records related to incidents or
allegations at Stewart Detention Center and records related to the detention
and death of Jeancarlo Jimenez Joseph.  Your request was received in this
office on October 17, 2017.

We previously sent you sixteen interim responses.  This response contains OIG
complaints that are responsive to your request.

We reviewed the responsive records under the FOIA to determine whether they
may be disclosed to you.  Based on that review, this office is providing the
following:

_____130_____ page(s) are released in full (RIF);
_____207_____ page(s) are released in part (RIP).

The exemptions cited for withholding records or portions of records are marked
below.

| Freedom of Information Act, 5 U.S.C. § 552 | | | Privacy Act, 5 U.S.C. § 552a |
|---|---|---|---|
| ☐ 552(b)(1) | ☐ 552(b)(5) | ☒ 552(b)(7)(C) | ☐ 552a(j)(2) |
| ☐ 552(b)(2) | ☒ 552(b)(6) | ☐ 552(b)(7)(D) | ☐ 552a(k)(2) |
| ☐ 552(b)(3) | ☐ 552(b)(7)(A) | ☐ 552(b)(7)(E) | ☐ 552a(k)(5) |
| ☐ 552(b)(4) | ☐ 552(b)(7)(B) | ☐ 552(b)(7)(F) | ☐ Other: |

OIG redacted from the enclosed documents, names and identifying information
of third parties to protect the identities of these individuals.  Absent a Privacy
Act waiver, the release of such information concerning the third parties named
in these records would result in an unwarranted invasion of personal privacy in



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

violation of the Privacy Act.  Information is also protected from disclosure pursuant to Exemptions 6 and 7(C) of the FOIA further discussed below.

### Exemption 6, 5 U.S.C. § 552(b)(6)

Exemption 6 allows withholding of "personnel and medical files and *similar files* the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6)(emphasis added).  DHS-OIG is invoking Exemption 6 to protect the names of third parties and any information that could reasonably be expected to identify such individuals.

### Exemption 7(C), 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) protects from public disclosure "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to cause an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  DHS-OIG is invoking Exemption 7(C) to protect the identities of third parties, and any information contained in these investigative records that could reasonably be expected to identify those individuals.

### Appeal

Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal.[1]  If you choose to file an administrative appeal it must be in writing and received within 90 days after the date of this response.  Please address any appeal to:

> FOIA/PA Appeals Unit
> DHS-OIG Office of Counsel
> Stop 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify the OIG's response.  Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.8.

---

[1] For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  5 U.S.C. 552(c) (2006 & Supp. IV 2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

**Assistance and Dispute Resolution Services**

Should you need assistance with your request, you may contact DHS-OIG's
FOIA Public Liaison.  You may also seek dispute resolution services from our
FOIA Public Liaison.  You may contact DHS-OIG's FOIA Public Liaison in any
of the following ways:

> FOIA Public Liaison
> DHS-OIG Counsel
> STOP 0305
> 245 Murray Lane, SW
> Washington, DC  20528-0305
> Phone: 202-254-4001
> Fax: 202-254-4398
> E-mail: foia.oig@oig.dhs.gov

Additionally, the 2007 FOIA amendments created the Office of Government
Information Services (OGIS) to offer mediation services to resolve disputes
between FOIA requesters and federal agencies as a non-exclusive alternative to
litigation.  If you are requesting access to your own records (which is
considered a Privacy Act request), you should know that OGIS does not have
the authority to handle requests made under the Privacy Act of 1974.  Using
OGIS services does not affect your right to pursue litigation.  You may contact
OGIS in any of the following ways:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road - OGIS
> College Park, MD 20740-6001
> E-mail: ogis@nara.gov
> Web: https://ogis.archives.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

Because this matter is in litigation, please contact Assistant United States
Attorney Derek Hammond at Derek.Hammond@usdoj.gov if you have any
questions.



**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

Sincerely,

*Drew Lavine*

Drew Lavine
OIG Office of Counsel