# Exhibit 5

*Gilberto Chaverra v. U.S. Immigration and Customs Enforcement, et al.*
Case No. 18-CV-00289-JEB

Department of Homeland Security, Office of Inspector General *Vaughn* Index

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GILBERTO RODRIGUEZ CHAVERRA, <br><br> Plaintiff, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> Defendants. | Civil Action No. 18-0289 (JEB) |

**DHS OIG Summary *Vaughn* Index**

This *Vaughn* index describes DHS OIG's records provide in interims 1 through 10, subject to the FOIA exemptions described more fully below, released by DHS OIG in FOIA case no. 2018-IGFO-00007. This *Vaughn* index is being provided in response to Plaintiff's challenges to DHS OIG withholdings and provides the basis under which information has been withheld. Plaintiff is not contesting OIG's interim releases numbered 11-17 and therefore those pages have not been addressed below.

Information in response to Plaintiff's challenges were withheld in part on the basis of three Freedom of Information Act ("FOIA") exemptions, 5 U.S.C. §552, at (b)(5), (b)(6) and (b)(7)(C).

A. Exemption (b)(5) protects "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. 522(b)(5). The Supreme Court has made it clear that the coverage of Exemption (b)(5) is quite broad, encompassing both statutory privileges and those commonly recognized by case law, which include deliberative process privilege, attorney work-product privilege, and attorney-client privilege. DHS OIG has applied (b)(5) for DHS OIG's draft investigative material, specifically, Memorandum of Activities drafted during DHS OIG's investigation, as part of its Report of Investigation.

B. Exemptions (b)(6) and (b)(7)(C) protect personal private interests. Exemption (b)(6) protects information about individuals in "personnel and medical files and similar files," while exemption 7(C) protects information compiled for law enforcement purposes. As a law enforcement agency, DHS OIG uses (b)(6) and (b)(7)(C) in concert to redact information compiled for law enforcement purposes, which disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. Such information within the productions includes the name of subjects, complainants and witnesses, personally identifying information (PII), personal phone numbers, addresses, and lower-level DHS OIG investigative and law enforcement personnel PII.

**EXEMPTION SUMMARIES AND EXPLANATIONS**

| Bates Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemptions(s) Applied |
|---|---|---|---|
| 2-6, 9-14, 16, 18-19, 21-28, 30-32, 34-36, 38-40, 42-52, 54-59, 61-62, 64-71, 73-74, 76, 78-84, 86-98, 100-101, 104, 106-116, 121-23, 131, 134-135, 137, 139, 141, 143, 145, 147-151, 153, 155-157, 159-163, 165, 166-171, 173, 175-181, 183-186, 188-189, 191-192, 1219-29, 1231, 1233-4, 1235-6, 1246-7, 1249, 1251-2, 1256-7, 1260-2, 1265, 1267- | Partial | Redactions: These pages are from DHS OIG's Report of Investigations related to allegations of excessive force, smuggling contraband, harassment and stalking, assault, negligence and civil rights violations. The information specifically withheld from these pages contain the names and other identifying information of DHS OIG's subjects, witnesses, complainants, and third parties mentioned or involved in the DHS OIG investigation, including medical professionals and lower-level government employees involved throughout the course of the investigation. Other identifying information includes, but is not limited to alien numbers, email addresses, and identifying physical characteristics of witnesses, complainants and third parties, who have been identified in such positions. This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>Reason: Exemption (b)(6) protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy" and whether the public interest in disclosure outweighs the individual privacy concerns. Exemption (b)(7)(C) is limited to information compiled for law enforcement purposes and protects personal information when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Additionally, under the FOIA's foreseeable-harm requirement, an | Freedom of Information Act 5 U.S.C. § 552 (b)(6) and (b)(7)(C) |

| | | | |
|---|---|---|---|
| 74, 1276-79, 1280-84, 1287-1291, 1294-1300, 1303-4, 1312-15, 1316-1517, 1524-26, 1531-2, 1535-37, 1541-42, 1546-47, 1549-64, 1565-70, 1571-83, 1585-1602-51, 1652-1660, 1661-1685, 1689-1700, 1702-1707, 1709-1735, 1738-39, 1745-48, 1750 | | agency may further withhold information, if the agency reasonably foresees that disclosure of the exempted information would harm the interest being protected.<br><br>(b)(6) and (b)(7)(C) are similar in that both protect individual privacy interests and require a balancing test weighing an individual's privacy interests against the public's interest in the disclosure of the information requested. The information contained within these pages was compiled for law enforcement purposes and Exemptions (b)(6) and (b)(7)(C) were used to protect the names of DHS OIG subjects, witnesses, complainants, and other third-parties, including medical professionals and lower-level government employees involved in the course of the investigations. Under (b)(6), DHS OIG determined that the disclosure of names and other identifying information of such third-party individuals would clearly constitute an unwarranted invasion of these individuals' personal privacy interests in: (1) not being associated unwarrantedly with alleged criminal, civil and administrative misconduct and (2) being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion.<br><br>Moreover, none of the individuals named in these records have consented to the disclosure of their names or other identifiable information.<br><br>Further, DHS OIG compiled the names of these individuals for law enforcement purposes, which under the FOIA (b)(7)(C) provides protection of these individuals' privacy interest in their other identifying information. DHS OIG's witnesses and complainants often provide sensitive information, which may subject them to retaliation, harassment and/or embarrassment if their identity is revealed. Sharing of other identifying information potentially places the complainant and/or witness in jeopardy of retaliation and has a chilling effect on candid conversations with law enforcement personnel, which would hinder DHS OIG's ability to conduct future investigations, as OIG investigative personnel rely on truthful information provided by witnesses and complainants. | |

| Bates Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemptions(s) Applied |
|---|---|---|---|
| | | The release of these individuals' identifying information would cause "a clearly unwarranted invasion of personal privacy" and the non-disclosure of this identifying information outweighs any public interest in how the government is performing its statutory duties. The disclosure of this information would provide little to no understanding of how the Department carries out its mission.<br><br>The information redacted here includes the names of third-party detainees, lower-level employees and/or witnesses. The releasing of these names would not inform the public about the agency's operations and activities. The agency's operation is investigating criminal, civil, and administrative misconduct of DHS employees, which the agency has completed and provided the results of to the public.<br><br>The disclosure of these individuals' names would provide little to no understanding of how the Department carries out its mission, as DHS OIG has disclosed employee titles and positions and the facts surrounding the allegations and OIG's investigation.<br><br>Additionally, under Inspector General Act of 1978, DHS OIG has a statutory obligation to protect a complainant's or witness's identity, which factored into DHS OIG's asserting Exemption 6 and Exemption 7(C) to protect the substantial privacy interest of DHS employees and third parties named in these records. | |
| 2-6, 9, 16, 18, 21, 24, 26-28, 30, 32, 34, 36, 38, 42, 54, 64, 73, 76, 78, 80-82, 84, 86-88, 90, 93, 96, 98, 101, 104, 106-116, 119, | Partial | Redactions: These pages contain witness interview documents, specifically Memorandum of Activities, pages from DHS OIG's Report of Investigation that consist of the names of DHS OIG lower-level investigative and law enforcement personnel, their direct telephone numbers, email addresses, and signatures, which could reasonably be expected to identify law enforcement personnel. This | |

| | | | |
|---|---|---|---|
| 126, 128-129, 131, 134, 137, 139, 141, 143, 145, 147, 153, 155, 157, 159, 162, 165, 168-169, 173, 175, 180-181, 183, 185-186, 188-189, 191-192, 208-209, 211-216, 222-223, 225, 229, 230, 232-233, 236-245, 250-252, 254-259, 262, 1217, 1219, 1231, 1233-4, 1246, 1249, 1251, 1256, 1260, 1262, 1265, 1267, 1268-9, 1276-79, 1301-9, 1312, 1315, 1565-67, 1570, 1652, 1660, 1667-68, 1702, 1745-46 | | information is considered Personally Identifiable Information ("PII") of federal employees and was withheld under FOIA exemptions (b)(6) and (b)(7)(C). Reason: Exemption (b)(6) protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy" and whether the public interest in disclosure outweighs the individual privacy concerns. Exemption (b)(7)(C) is limited to information compiled for law enforcement purposes and protects personal information when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Under (b)(6) and (b)(7)(C), DHS OIG protects the names of lower-level DHS-OIG employees and any other information that could reasonably be expected to identify those individuals. The nature of DHS OIG's work is often sensitive and contentious, which may subject DHS OIG's investigative personnel and law enforcement officers to harassment, if their identity or PII is disclosed. Further, the disclosure of the names and contact information of these individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting OIG Investigative personnel and law enforcement officers to both harassment and annoyance in conducting their official duties and in their private lives by people who are antagonistic to the agency's mission, its investigation, or the subjects or entities subject to that investigation; (2) potentially placing them in danger simply based on their role as law enforcement for the Department of Homeland Security ("DHS"). DHS work is often contentious and of high media interest and public interest, which also brings an elevated level of risk for identified law enforcement personnel; and (3) possibly minimizing their ability to effectively conduct future investigations in instances where their identify as law enforcement requires anonymity. Thus, the foreseeable harm to disclosing this information is significant. Further, the disclosure of this PII serves no public interest and would not assist the public in | Freedom of Information Act 5 U.S.C. § 552 (b)(6) and (b)(7)(C) |

| | | understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. Moreover, none of the individuals named in these records have consented to the disclosure of their personally identifiable information. | |
|---|---|---|---|
| **Bates Page Number(s)** | **Withholding Full/Partial** | **Description of Records and Redactions, and Reasons for Redactions** | **Exemptions(s) Applied** |
| 1686, 1688, 1701, 1708, 1736-37, 1740-1744 | Full | Redactions: These pages contain draft investigative material. The records are specifically Memorandum of Activity ("MOAs"), which are enclosures to DHS OIG's Report of Investigations.<br><br>Reason: Exemption (b)(5) allows for the withholding of information that is deliberative, draft and pre-decisional, attorney work product, and protected attorney-client privilege. The information contained within these pages fall within the deliberative process privilege. Prior to finalization, DHS OIG's MOAs, are reviewed for edits and comments by the "reviewing official." As these records had not been reviewed and finalized, they are both pre-decisional and deliberative, as they remain in draft form.<br><br>When considering the foreseeable harm in the release of investigative draft material, it was determined that the release of the material would result in a chilling effect on interactions and communications between agency employees, specifically the investigating agent and supervising agent. If employees are aware that their internal communications, pre-decisional thoughts and drafts may be released to the public, it will reduce the exchange of ideas, hampering the agency's ability to efficiently and effectively formulate law enforcement techniques, strategies and investigative reports. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemptions(s) Applied |
|---|---|---|---|
| 208, 210, 215, 217, 219, 223-224, 226-231, 236-237, 239, 244, 246, 247, 251-255, 257-260, 262-265, 267-269, 272, 276-277, 279, 281, 283, 285, 287, 290, 292, 294-296, 298-300, 302-304, 306-311, 313-314, 316, 318, 320, 322, 324, 326, 328, 329, 332-333, 335, 337, 339-340, 342, 344-345, 347, 349, 351-353, 355, 357-360, 363, 365, 367, 369, 371, 373, 375, 377-381, 383-385, 387-388, 390-392, 394-396, 398-399, 401, 403, 405-406, 408-9, 411-13, 415, 417, 419, 421, 423-4, 426, 428, 430-2, 434, 436-8, 440, 442, 444-5, 447, 449, 451, 453, 455-7, 459, 461, 463-5, 467- | Partial | Redactions: These pages contain witness complaints submitted to DHS OIG. DHS OIG redacted the names of complainants, the subject of the allegations in the complaint, third parties identified in the complaint and any identifying information of these individuals (e.g. Alien numbers and email addresses).

Reason: Exemption (b)(6) protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy" and whether the public interest in disclosure outweighs the individual privacy concerns. Exemption (b)(7)(C) is limited to information compiled for law enforcement purposes and protects personal information when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Additionally, under the FOIA's foreseeable-harm requirement, an agency may further withhold information, if the agency reasonably foresees that disclosure of the exempted information would harm the interest being protected.

(b)(6) and (b)(7)(C) are similar in that both protect individual privacy interests and require a balancing test weighing an individual's privacy interests against the public's interest in the disclosure of the information requested. The information contained within these pages was compiled for law enforcement purposes and Exemptions (b)(6) and (b)(7)(C) were used to protect the names of DHS OIG witnesses, complainants, and other third-parties, such as the victim and other detainees mentioned or involved with the law enforcement investigation. Under (b)(6), DHS OIG determined that the disclosure of names of third-party individuals, specifically DHS OIG's witnesses or third parties in an investigation, would clearly constitute an unwarranted invasion of these individuals' personal privacy interests in: (1) not being associated unwarrantedly with alleged criminal, civil, or administrative activity and (2) being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion. Moreover, none of the individuals named in these | Freedom of Information Act 5 U.S.C. § 552 (b)(6) and (b)(7)(C) |

| | | | |
|---|---|---|---|
| 8, 470-1, 473-5, 477-9, 481-3, 485-494, 496-8, 500-2, 504, 507-8, 510, 512, 514-6, 518-9, 521-522, 524, 526, 528, 530, 532, 534, 535-8, 540-1, 543-4, 546-7, 549-50, 552-3, 555-7, 559-60, 562-3, 565-66, 568, 570, 572-4, 576-7, 579-80, 582, 584, 586-9, 591, 593, 595-6, 598-9, 601, 603, 605, 607-8, 610-11, 613, 618-20, 622-24, 626-7, 629-30, 632, 634, 636, 638, 640, 642, 644, 646, 648, 650, 652, 654-5, 657-9, 661-2, 664-5, 667-8, 670-5, 677-8, 680-1, 683-4, 685-8, 690, 692, 694-5, 697, 699, 701-2, 704-5, 707-8 , 710-12, 714-5, 717-21, 723-729, 731-2, 735, 737, 739-40, 742, 744, 746, 748-50, 752, 754, 756, 758, 760-1, 763-4, 766-7, 769-772, 774, 776-78, 780, | | records have consented to the disclosure of their personally identifiable information.<br><br>Further, DHS OIG compiled the names of these individuals for law enforcement purposes, which under the FOIA (b)(7)(C) provides protection of these individuals' privacy interest in their PII. DHS OIG's witnesses and complainants often provide sensitive information, which may subject them to retaliation, harassment and/or embarrassment if their identity is revealed. Sharing of PII further potentially places the complainant and/or witness in jeopardy of retaliation and has a chilling effect on candid conversations with law enforcement personnel, which would hinder DHS OIG's ability to conduct future investigations, as OIG investigative personnel rely on truthful information provided by witnesses and complainants.<br><br>The release of these individuals' PII and/or identifying information would cause "a clearly unwarranted invasion of personal privacy" and the non-disclosure of this PII outweighs any public interest in how the government is performing its statutory duties. The disclosure of this information would provide little to no understanding of how the Department carries out its mission. | |

| | | | |
|---|---|---|---|
| 782, 784-5, 787-88, 790, 792-3, 795, 797, 799-800, 802-3, 805, 807, 809-10, 812, 814, 816, 818, 820, 822, 824-5, 827, 829, 831-2, 834, 836, 838-41, 843, 845-6, 848-50, 852-53, 855, 857, 859-61, 863, 865, 867-68, 870-1, 873, 875, 877-78, 880, 882, 884, 886, 888, 890, 892-94, 896, 898-900, 902, 904, 906-7, 909-10, 912-13, 915-16, 918-20, 922, 924, 929-34, 936-7, 939-40, 942, 944-46, 948-49, 951-53, 955-56, 958, 961, 963, 965-66, 968-69, 971, 973-76, 979, 981, 983-85, 987-89, 991, 993, 995, 997, 999-1000, 1002-03, 1005, 1007, 1009-10, 1014-16, 1018-19, 1021-22, 1024-28, 1030-31, 1033-34, 1036-37, 1039, 1041, 1043, 1045, 1047-49, 1051-2, 1054, 1056, | | | |

| | | | |
|---|---|---|---|
| 1058-1061, 1063-64, 1066-67, 1069-70, 1072-74, 1076-77, 1079, 1081, 1083-84, 1086-7, 1089, 1092-94, 1096-98, 1100, 1102-04, 1106, 1108, 1110, 1112, 1114-15, 1117-18, 1120-23, 1126, 1128, 1130, 1132, 1134, 1135, 1137, 1139, 1141-2, 1144-5, 1147, 1149, 1151-3, 1155-7, 1159-61, 1163-5, 1167-9, 1171-2, 1174-5, 1177, 1179, 1181-2, 1184-5, 1187-8, 1190-1, 1193, 1195, 1197, 1199, 1201, 1203, 1205, 1207, 1209, 1211, 1213-5 | | | |