UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GILBERTO RODRIGUEZ CHAVERRA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT, *et al.*,<br><br>Defendants. | Civil Action No. 18-0289 (JEB) |

**<u>DEFENDANT'S STATUS REPORT</u>**

Pursuant to this Court's April 20, 2023 and June 21, 2023 Minute Orders, Defendant, the Department of Homeland Security Office for Civil Rights and Civil Liberties ("CRCL"), through counsel, has attempted to file a joint status report with Plaintiff, Gilberto Rodriguez Chaverra, the administrator of the estate of Jeancarlo Alfonso Jimenez Joseph.[1]  After indicating, however, that

---

[1]     At the time of filing this Status Report, undersigned counsel does not believe further efforts to meet and confer with Plaintiff to file a joint status report will be productive.  *See* Ex. 1.  What is essentially supposed to be an uncontroversial status report to update the Court as to the status of CRCL's supplemental search and production, has resulted in belabored efforts by undersigned counsel to attempt to confer with Plaintiff's counsel on what is the underlying objection  or relief that Plaintiff is proposing at this juncture.

CRCL understands that Plaintiff is frustrated with CRCL's decision to conduct a supplemental search and production to gather additional records responsive to Plaintiff's request. But as CRCL represented in the parties' last joint status report, CRCL undertook this search after Plaintiff abandoned efforts to narrow the scope of issues in this case, including conferring on the scope of a supplemental search that might resolve through negotiation Plaintiff's objections over the sufficiency of CRCL's response.  *See* ECF No. 77.

Nor, moreover, is an *Open America* Stay appropriate because this is not a case where, as in *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), the Court interpreted Section (a)(6)(C) of the FOIA as a mechanism by which the Court could stay litigation arising from a FOIA request, to which a federal agency had yet to turn due to exceptional circumstances—namely the agency receiving more FOIA requests than Congress ever contemplated.  *See id.* at 619.  As CRCL stated in the parties' last joint status report, "in *Open America*, the plaintiff's FOIA request was deep in the FBI's then-existing backlog and had not

Plaintiff could not agree to join the following representations informing the Court as to the status regarding CRCL's supplemental search and production, and after repeated requests that Plaintiff provide any substantive edits to this joint status report before 5:00pm today, with still no receipt of any edits at the time of this filing, CRCL submits, separately, this update to the Court regarding its supplemental search and production as follows.[2]

Plaintiff filed this Freedom of Information Act ("FOIA") matter on February 8, 2018, to compel the production of documents responsive to five separate FOIA requests submitted by Plaintiff to Defendants.  *See* Compl., ECF No. 1.  As of February 17, 2021, all Defendants completed their production of records.  Since then, the parties have been conferring about the outstanding issues that Plaintiff has with each of the Defendants' separate productions, in order to resolve as many of these issues between the parties as possible and outside of the Court.

As a result of these discussions and as reported in the parties' prior joint status report, CRCL conducted a re-review of the records gathered from its initial search for records responsive to items 1 in Plaintiff's two FOIA requests, submitted to CRCL on October 16, 2017.  *See* Compl., ECF No. 1 ¶¶ 64-66.  The records that CRCL gathered from this initial search comprised ICE records, therefore CRCL referred all records to ICE for review and processing.  After re-reviewing these records, however, CRCL determined that it could release CRCL records, which CRCL had

been processed."   ECF No. 77 (citing *Open America*, 547 F.2d at 605).  CRCL reiterates that "[h]ere, on the other hand, CRCL has processed Plaintiff's FOIA requests and released records and is now performing a supplemental search in good faith."  *Id.*

Nor, is there any question that this Court has jurisdiction over this matter, which includes "broad discretion to determine a reasonable processing rate for a FOIA request."  *Colbert v. FBI*, No. 16-cv-1790, 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018).

[2]   Plaintiff has filed suit against three other Defendants who do not join in CRCL's status report, but who may be referenced herein: the U.S. Immigration and Custom Enforcement ("ICE"), the Assistant Director for ICE Health Services Corps, and the Department of Homeland Security's Office of Inspector General ("OIG").

gathered from its initial search that are responsive to Plaintiff's request.   Therefore, CRCL produced those CRCL records to Plaintiff on April 26, 2023, which comprised approximately 21 pages.

In addition, on April 28, 2023, CRCL made another supplemental production of 78 pages of documents, which comprised of expert assessments and reports relating to Stewart Detention Center in response to item 2 of Plaintiff's first FOIA request to CRCL.   More recently, CRCL has performed another search to identify all complaints responsive to item 2 of Plaintiff's first FOIA request to CRCL.   *See id.* ¶ 65.   This resulted in a spreadsheet comprising 94 complaints responsive to item 2 of Plaintiff's first FOIA request.   Based on this spreadsheet, CRCL has now pulled all complaint files for complaints appearing on this new spreadsheet.   The total number of pages gathered from these complaints sums to approximately 5,000 pages.   CRCL will now begin processing these records at a rate of 500-pages per month starting this month with rolling productions made at the end of each month.   Although processing these pages will likely take CRCL ten months, because many records in CRCL's files originate with other components and agencies, CRCL estimates that total processing time will be longer to account for the fact that many records CRCL processes will need to be referred to other agencies or components for processing.   Accordingly, CRCL is willing to confer with Plaintiff to narrow the results of this supplemental search, should Plaintiff wish.

CRCL requests that, in light of CRCL's current status regarding its supplemental search and production, the Court allow CRCL to file a further status report (separately), by September 18, 2023, appraising the Court as to the status of its supplemental search and production.   A proposed order consistent with this request is attached.

\*       \*       \*

Dated: June 22, 2023                    Respectfully submitted,

                                        MATTHEW M. GRAVES, D.C. Bar #481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division

                                        By:          /s/ *Anna D. Walker*
                                             ANNA D. WALKER
                                             Assistant United States Attorney
                                             601 D Street, NW
                                             Washington, DC 20530
                                             202-252-2544
                                             anna.walker@usdoj.gov

                                        *Attorneys for Defendant*