UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GILBERTO RODRIGUEZ CHAVERRA,

        Plaintiff,

     v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al.*,

        Defendants.

Civil Action No. 18-0289 (JEB)

**JOINT STATUS REPORT**

Pursuant to this Court's June 23, 2023 Minute Order, Defendant, the Department of Homeland Security Office for Civil Rights and Civil Liberties ("CRCL"), and Plaintiff Gilberto Rodriguez Chaverra, the administrator of the estate of Jeancarlo Alfonso Jimenez Joseph, through their respective counsel, submit this joint status report.[1]

Plaintiff filed this Freedom of Information Act ("FOIA") matter on February 8, 2018, to compel the production of documents responsive to five separate FOIA requests submitted by Plaintiff to Defendants. *See* Compl., ECF No. 1. As of February 17, 2021, all Defendants completed their production of records. Afterwards, the parties conferred about the outstanding issues that Plaintiff has with each of the Defendants' separate productions, in order to resolve as many of these issues between the parties as possible and outside of the Court.

As a result of these discussions and as reported in the parties' prior joint status report, CRCL conducted a re-review of the records gathered from its initial search for records responsive

---

[1] Plaintiff has filed suit against three other Defendants who do not join in CRCL's status report, but who may be referenced herein: the U.S. Immigration and Custom Enforcement ("ICE"), the Assistant Director for ICE Health Services Corps, and the Department of Homeland Security's Office of Inspector General ("OIG").

to items 1 in Plaintiff's two FOIA requests, submitted to CRCL on October 16, 2017. *See* Compl., ECF No. 1 ¶¶ 64-66. The records that CRCL gathered from this initial search comprised ICE records, therefore CRCL referred all records to ICE for review and processing. After re-reviewing these records, however, CRCL determined that it could release CRCL records, which CRCL had gathered from its initial search that are responsive to Plaintiff's request. Therefore, CRCL produced those CRCL records to Plaintiff on April 26, 2023, which comprised approximately 21 pages.

In addition, on April 28, 2023, CRCL made another supplemental production of 78 pages of documents, which comprised expert assessments and reports relating to Stewart Detention Center in response to item 2 of Plaintiff's first FOIA request to CRCL. More recently, CRCL has performed another search to identify all complaints responsive to item 2 of Plaintiff's first FOIA request to CRCL. *See id.* ¶ 65. This resulted in CRCL identifying 93 complaints potentially responsive to item 2 of Plaintiff's first FOIA request.[2] As CRCL reported in its last Status Report, CRCL has now pulled all complaint files for the 93 potentially responsive complaints. The total number of pages gathered from these complaints sums to approximately 5,000 pages. CRCL is now processing these records at a rate of 500-pages per month with rolling productions made at the end of each month.

---

[2]  In its last Status Report, filed on June 22, 2023, CRCL represented that it identified 94 complaints, and compiled them onto a spreadsheet. To clarify, on April 26, 2023, CRCL produced a spreadsheet to Plaintiff that included 76 complaints that CRCL had identified in May 2020 as potentially responsive to item 2 of Plaintiff's FOIA request. More recently, CRCL ran another search for complaints responsive to item 2 of Plaintiff's first FOIA request, which identified an additional 18 complaints. One of these 18, complaints, however, was deemed non-responsive. Thereafter, CRCL then created a spreadsheet of the additional 17 potentially responsive complaint and produced it to Plaintiff. Altogether, the two spreadsheets identify information related to 93 complaints that are potentially responsive to item 2 of Plaintiff's first FOIA request (76+17=93).

CRCL conferred with Plaintiff, through counsel to attempt to narrow the results of this supplemental search by asking Plaintiff to review the spreadsheets identifying the 93 potentially responsive complaints and eliminate any complaints that Plaintiff did not want CRCL to process. On June 29, 2023, Plaintiff confirmed that Plaintiff does not want to narrow the results of CRCL's supplemental search for records potentially responsive to item 2 of Plaintiff's first FOIA request and wants CRCL to process all 93 complaints in full.

On July 23, 2023, CRCL made its fourth interim response to Plaintiff's first FOIA request, for which CRCL processed 605 pages, withheld two pages in full and partially withheld 92 pages pursuant to FOIA exemptions.  Further, CRCL  referred 296 pages to ICE and 13 pages to DHS's OIG.  88 pages were found to be duplicates and 114 pages deemed non-responsive.  On September 8, 2023, CRCL made its fifth interim response to Plaintiff's first FOIA request, for which CRCL processed 531 pages, withheld two pages in full and partially withheld 69 pages pursuant to FOIA exemptions.  Further, CRCL referred 147 pages to ICE  and 13 pages to DHS OIG.  71 pages were found duplicates and 229 pages were found non-responsive.  CRCL has less than 4,000 pages of potentially responsive pages remaining to process.

The parties request that, in light of CRCL's current status regarding its supplemental search and production, the Court allow the parties to file a further status report, by January 18, 2024, appraising the Court as to the status of CRCL's supplemental search and production.  A proposed order consistent with this request is attached.

\*     \*     \*

Dated: September 18, 2023		Respectfully submitted,

                MATTHEW M. GRAVES, D.C. Bar #481052
                United States Attorney

                BRIAN P. HUDAK
                Chief, Civil Division

By:       /s/ *Anna D. Walker*
                ANNA D. WALKER
                Assistant United States Attorney
                601 D Street, NW
                Washington, DC 20530
                202-252-2544
                anna.walker@usdoj.gov

*Attorneys for Defendant*